UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LAETHEM EQUIPMENT COMPANY, a Michigan
Corporation, LAETHEM FARM SERVICE CO., a
Michigan corporation, MICHAEL T. LAETHEM, and
MARK E. LAETHEM,

                    Plaintiffs,           Case No. 1:05CV10113

vs.                                    Hon. David M. Lawson,
                                             U.S. District Judge

DEERE & CO., a Delaware corporation,

                                         Magistrate Judge Komives

                    Defendant.

---

## DEERE'S MOTION TO BAR THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS THOMAS J. SCHWARTZENBERGER

NOW COMES Deere & Company, by its attorneys, Varnum, Riddering, Schmidt & HowlettLLP, moving to bar the testimony of Plaintiffs' expert Witness Thomas J. Schwartzenberger at the trial of this action for the reasons set forth in the memorandum of law submitted in connection with this motion. Further, Deere & Company requests that the Court hold a pre-trial hearing on this motion pursuant to Federal Rule of Evidence 104.

The undersigned certifies pursuant to Local Rule 7.1 of the United States District Court for the Eastern District of Michigan that the concurrence of opposing counsel to the relief sought in this motion has been requested, and opposing counsel has not agreed to the relief sought herein. (Ex. 5).

Varnum, Riddering, Schmidt & Howlett LLP
Attorneys for Defendant Deere

Dated: March 30, 2006      By: _____

John W. Allen (P10120)
Richard D. Fries (P32396)
BUSINESS ADDRESS:
     251 North Rose Street, 4th Floor
     Kalamazoo, MI 49007-3823
     Phone:  (269) 382-2300
     Fax:  (269) 382-2382
     E-mail:  jwallen@varnumlaw.com
     E-mail:  rdfries@varnumlaw.com

1233172_1.DOC

| | |
|---|---|
| Deere's Motion to Bar the Testimony | Laethem Equipment Company, et al. |
| of Plaintiffs' Expert Witness | vs. |
| Thomas J. Schwartzenberger | Deere & Co. |
| | Case No. 1:05CV10113 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LAETHEM EQUIPMENT COMPANY, a Michigan
Corporation, LAETHEM FARM SERVICE CO., a
Michigan corporation, MICHAEL T. LAETHEM, and
MARK E. LAETHEM,

                    Plaintiffs,                    Case No. 1:05CV10113

vs.                                                Hon. David M. Lawson,
                                                   U.S. District Judge

DEERE & CO., a Delaware corporation,

                                                   Magistrate Judge Paul J. Komives
                    Defendant.

_____

**MEMORANDUM BRIEF IN SUPPORT OF DEERE'S MOTION
TO BAR THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS
THOMAS J. SCHWARTZENBERGER**


**(ORAL ARGUMENT REQUESTED)**

## STATEMENT OF THE ISSUE PRESENTED

Whether the testimony of Plaintiffs' proposed expert witness, Thomas J. Schwartzenberger, meets the reliability threshold for expert evidence where the proposed expert, disregarding standards in the field of valuation, merely adopted the opinions of Plaintiff without verification or validation.

Memorandum Brief in Support of Deere's                    Laethem Equipment Company, et al.
Motion to Bar the Testimony                                                              vs.
of Plaintiffs' Expert Witness                                                   Deere & Co.
Thomas J. Schwartzenberger                               Case No. 1:05CV1011

ii

# TABLE OF CONTROLLING AUTHORITIES

*Daubert v. Merrel Dow Pharmaceuticals*, 509 U.S. 579 (1993)............................5, 6, 7, 14, 17, 18

*Equal Opportunity Employment Commission v. Ethan Allen, Inc.*,
    259 F.Supp.2d 625 (N.D. Ohio 2003) ...............................................................7, 14, 17, 19

*Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244 (6th Cir. 2001)....................................................7

Federal Rule of Civil Procedure 26 ...............................................................................................14

Federal Rule of Evidence 702 ...........................................................................5, 7, 14, 17, 19, 20

Federal Rule of Evidence 703 ..........................................................................................5, 6, 20

1233157_2.DOC

Memorandum Brief in Support of Deere's
Motion to Bar the Testimony
of Plaintiffs' Expert Witness
Thomas J. Schwartzenberger

Laethem Equipment Company, et al.
vs.
Deere & Co.
Case No. 1:05CV1011

iii

## INTRODUCTION

This case, alleging wrongful termination of Deere Dealership Agreements concerning the Plaintiff corporations, is but another chapter in Plaintiffs' serial litigation of an intra-family dispute, including earlier litigation in which Defendant has not been a party and which Plaintiffs settled for $1.5 million and other consideration. Plaintiffs were damaged, if at all, by themselves and by others, and now attempt to recover their alleged losses from Defendant, whose conduct was proper and authorized by law and by contracts between the parties.

To establish approximately $12 million in economic loss stemming from the alleged misconduct of Deere, Plaintiffs have given notice of their intent to rely on the testimony of Thomas J. Schwartzenberger. Mr. Schwartzenberger reported that Michael and Mark Laethem have incurred economic earnings loss of approximately $5,585,000 and Plaintiffs have incurred a loss of approximately $6,420,000 as a result of loss in value of the net assets of LEC and LFSC.

Mr. Schwartzenberger determined Michael and Mark Laethem's potential wage loss without considering the fact that their wages had severely decreased the previous two years. Rather than account for these decreases or otherwise acknowledging actual recent wage information, Mr. Schwartzenberger applied a 4% annual wage increase to their 1991 wages. This method disregards the Laethems' actual wage information and the reasonableness of applying a 4% annual increase to wages for the type of work performed by Michael and Mark.

Mr. Schwartzenberger performed economic loss analysis based upon information received from Plaintiffs without regard to the accuracy of that information or to the industry standards for business valuation. Schwartzenberger expert report, Ex. 1 (009640-95).[1] *See also,*

---

[1] Unless otherwise stated, the serial numbers provided refer to "Deere re Laethem" documents.
1233157_2.DOC

Memorandum Brief in Support of Deere's
Motion to Bar the Testimony
of Plaintiffs' Expert Witness
Thomas J. Schwartzenberger

Laethem Equipment Company, et al.
vs.
Deere & Co.
Case No. 1:05CV10113

4

Schwartzenberger expert rebuttal report, Ex. 2 (024850-72). As Mr. Schwartzenberger describes in his report, **the value of the assets was determined by Michael Laethem**, with Mr. Schwartzenberger only examining the details of **some** of the adjustments made by Michael and only testing **some** of the calculations performed by Michael. Ex. 1 (009644). Mr. Schwartzenberger merely adopts the amounts provided by Plaintiff Michael Laethem without obtaining the underlying documentation. This is not a verifiable valuation method.

As discussed below, Mr. Schwartzenberger's testimony, based on unsupported conjecture, fails to pass even the most fundamental tests of reliability. Mr. Schwartzenberger's testimony should therefore be barred.

<u>**LAW AND ARGUMENT**</u>

**A.     The *Daubert* Standard.**

The admissibility of expert opinion testimony is governed by several rules of evidence, including Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, **if** (1) the testimony is **based upon sufficient facts or data**, (2) the testimony is **the product of reliable principles and methods**, and (3) the **witness has applied the principles and methods reliably to the facts of the case**.

Fed. R. Evid. 702 (emphasis added). Working in concert with Fed. R. Evid. 702 is Fed. R. Evid. 703, which states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of **a type reasonably relied upon by experts in the particular field** in forming opinions of inferences upon the subject, the facts or data need not

1233157_2.DOC

| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
|---|---|
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

5

be admissible in evidence in order for the opinion or inference to
be admitted....

Fed. R. Evid. 703 (emphasis added).

Under the Federal Rules of Evidence, the "trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrel Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993). The *Daubert* Court identified several factors to consider when evaluating the validity of expert testimony, notably: the testability of the expert's hypotheses (whether they can be or have been tested), whether the expert's methodology has been subjected to peer review, the rate of error associated with the methodology, and whether the methodology is generally accepted within the scientific community. *Id.* at 593-94. In *Kumho Tire*, the Court extended this "gatekeeping" function to non-scientific expert testimony based on "technical" and "other specialized" knowledge as well. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999).

The court should consider the *Daubert* factors – testability, peer review, error rate, and general acceptance within the field - where they are reasonable measures of the reliability of the expert testimony at issue. *Id.* at 152. The test of reliability is a flexible one, though, and the court may also consider other factors relevant to the facts of the case, including:

- Whether the expert's proposed testimony concerns matters that naturally and directly stem from independent research he conducted outside of the litigation, or whether his opinions have been formed expressly for the purpose of testifying;

- Whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion;

1233157_2.DOC

| | |
|---|---|
| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

- Whether the expert has adequately accounted for obvious alternative explanations;

- Whether the expert is being as careful as he would be in his regular professional work outside his paid litigation consulting; and

- Whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give.

Advisory Committee Note to Fed. R. Evid. 702 (2000 Amendments); see *Equal Opportunity Employment Commission v. Ethan Allen, Inc.*, 259 F.Supp.2d 625, 633-34 (N.D. Ohio 2003).

In addition, the expert's testimony must assist the trier of fact, meaning that there must be a "fit" between the facts of the case and the testimony being offered. Advisory Committee Note to Fed. R. Evid. 702 (2000 Amendments); *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001). In short, "the testimony must be the product of reliable principles and methods that are reliably applied to the facts of the case." Advisory Committee Note to Fed. R. Evid. 702 (2000 Amendments); *See Nelson*, 243 F.3d at 251.

**B.    Mr. Schwartzenberger's opinion as to the value of the economic losses allegedly suffered by Plaintiffs fails to pass the *Daubert* standard.**

Plaintiffs allege two categories of damages: 1) loss in economic earnings by Michael and Mark Laethem, and 2) loss in value of the net assets of LEC and LFSC. Ex. 1 (009641). As to the first damages category, Mr. Schwartzenberger arrived at a wage loss determination without current evidence of Michael and Mark Laethem's wages, extrapolating instead from their 1991 wages using a generic rate without analysis regarding the appropriateness of applying that rate to Michael and Mark's type of employment. Regarding the second category of damages, Mr.

| | |
|---|---|
| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

Schwartzenberger determined the loss in value of the net assets of LEC and LFSC without performing any underlying valuation of the assets.

###### 1.   Mr. Schwartzenberger did not employ a reliable method for determining Michael and Mark Laethem's potential wage loss.

Mr. Schwartzenberger determined Michael and Mark Laethem's potential wage loss without considering any current evidence of their wages. Michael and Mark Laethem worked for LEC and LFSC until early 2003, yet Mr. Schwartzenberger determined their wage loss based solely on the income they received in 1991. "To project the earnings of Michael and Mark from 2003 through age of retirement **I have projected their combined 1991 earnings** to 2003 and then through their assumed age of retirement **using a compound annual increase of 4%**." Ex. 1 (009642) (Emphasis added).

Though he had current wage information available, Mr. Schwartzenberger did not use it. Ex. 2 (024852). Instead, he extrapolated 1991 wages using a generic annual growth rate. He did not perform any research to determine whether an annual growth rate of 4% accurately reflected the type of employment Mark and Michael Laethem had with LEC and LFSC. According to Mr. Schwartzenberger's analysis, as the chart prepared by him reveals, Mark and Michael Laethem received approximately $400,000 combined income in 2000. Ex. 2 (024864). Their income decreased drastically in 2001 ($250,000-$300,000) and even farther in 2002 ($50,000-$100,000). *Id.* Yet, despite severe reductions in income in the two years immediately prior to 2003, Mr. Schwartzenberger assumed their combined income would rebound from $50,000-$100,000 in 2002 to more than $400,000 in 2003. *Id.*

Rather than examine the actual earnings of Mark and Michael Laethem immediately prior to the alleged misconduct of Deere, Mr. Schwartzenberger applied a generic 4% annual increase

| | |
|---|---|
| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

to salaries received in 1991, ignoring the actual wages of the brothers immediately prior to their termination by Kathryn and whether 4% was appropriate for the field in which the Laethems worked.

> **2.    Mr. Schwartzenberger failed to follow peer-reviewed standards for valuation of a closely held corporation, or to properly determine the facts.**

Peer-reviewed standards exist for the valuation of a closely-held corporation, but Mr. Schwartzenberger did not use them. The National Association of Certified Valuation Analysts (NACVA) requires valuation professionals to "obtain sufficient relevant data to afford a reasonable basis for conclusions, recommendations or positions . . ." NACVA Professional Standards, Rule 1.2(f) (eff. May 31, 2002). NACVA rules also require the analysis of historical financial statements in valuing a business. *Id.* at Rule 3.7. Furthermore, "documentation must be retained for all information relied upon in the valuation process." *Id.* at Rule 3.11.

IRS Revenue Ruling 59-60 outlines the general approach, method, and factors to consider in valuing a closely held corporation. Again, the IRS Ruling acknowledges that a "sound valuation will be based upon all the relevant facts." IRS Revenue Ruling 59-60, § 3. Among the factors to consider in arriving at a business valuation are the financial condition and earning capacity of the business. *Id.* at § 4. For example, balance sheets should be obtained for the two or more years preceding the valuation; detailed profit-loss statements should be obtained for a representative period immediately prior to the valuation, preferably five or more years. *Id.*

Mr. Schwartzenberger described the asset-based valuation approach he employed as: "identifying all of the assets and liabilities, tangible and intangible, of the company and adjusting their book value to their current or market value." Ex. 1 (009643). To perform this analysis, he

1233157_2.DOC

| | |
|---|---|
| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

9

explained that he would have to "determine the value of each of the assets offset by the value of the liabilities at the time the assets were misappropriated . . . [and then] an adjustment needs to be made for consideration of assets recovered due to the efforts of Mark and Michael [Laethem] offset by liabilities assumed." *Id.*

Mr. Schwartzenberger did not make any independent attempt to uncover the values of the assets, the liabilities, the recovered assets, or the assumed liabilities as required by professional standards. Instead, he blindly applied the **facts provided by Plaintiff Michael Laethem**. Mr. Schwartzenberger's entire "analysis" is merely a recitation of Plaintiff Michael Laethem's own unfounded assertions. Mr. Schwartzenberger's report states:

- "The loss of value of the assets of LEC and LFSC **was determined by Michael [Laethem]**." Ex 1 (009644) (Emphasis added). Plaintiff himself determined the loss of value of the assets, not the proposed expert.

- "The base line for the determination of the loss of value of the assets of LEC and LFSC were the balance sheets of LEC and LFSC as of January 3, 2003, a date closest to the termination of Michael and Mark for which a balance sheet could be obtained." Ex. 1 (009644). Mr. Schwartzenberger did not consider, or even apparently attempt to obtain for consideration, the two or more years of balance sheets that should have been considered according to the IRS standard. Instead, he relied entirely upon a single balance sheet at one specific point in time.

- "**Michael [Laethem]**, on a line by line basis, **computed** the fair market value of the assets of LEC and LFSC, offsetting those values by the adjusted value of the liabilities at the same point in time." Ex. 1 (009644) (Emphasis added). Once

1233157_2.DOC

Memorandum Brief in Support of Deere's
Motion to Bar the Testimony
of Plaintiffs' Expert Witness
Thomas J. Schwartzenberger

Laethem Equipment Company, et al.
vs.
Deere & Co.
Case No. 1:05CV10113

10

again, Plaintiff Michael Laethem himself computed the fair market values of the assets and liabilities. Mr. Schwartzenberger's report included no documentation to support these values. Instead of providing any documents that could be relied upon in determining the fair market values of the various assets and liabilities of LEC and LFSC, Mr. Schwartzenberger attached what appear to be manually-generated lists of alleged assets and corresponding values for the assets. The lists do not have identifying information to indicate who prepared them, under what circumstances they were prepared, or when they were prepared. Rather than perform any independent analysis or investigation, Mr. Schwartzenberger relied upon "fair market values" provided by Plaintiff for unsubstantiated lists of assets and liabilities also provided by Plaintiff. This neither follows any acceptable valuation method nor fits the actual facts to the appropriate analysis.

- **"Michael [Laethem] then included a value** for customer data of LEC and LFSC which had been accumulated over many years **which was not on the books** of LEC or LFSC, but which was lost as a result of Deere's actions." Ex. 1 (009644) (Emphasis added). Yet again, Plaintiff Michael Laethem is himself, without any supporting documentation whatsoever, assigning a value to an asset. This "method" is especially egregious here where the alleged asset is an intangible. Assigning a value to an undocumented asset akin to goodwill without so much as a word regarding the basis for that value is not reflective of acceptable professional valuation standards.

---

1233157_2.DOC

| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

11

- "In addition, **Michael subtracted an amount** that was due to the Francis Laethem Trust **which was not on the books** and records of LEC or LFSC." Ex. 1 (009644) (Emphasis added).  Once again, Mr. Schwartzenberger blindly adopted a value determined by Plaintiff Michael Laethem without any documentation. Instead of requiring some documentary proof of this entirely undocumented liability, Mr. Schwartzenberger simply accepted Michael Laethem's assertion of its existence and value.

- "We were provided with the details of **many** of the adjustments made by Michael [Laethem], reviewed this information and tested **certain** of the calculations and they **appear reasonable**." Ex. 1 (009644) (Emphasis added).  This sentence in Mr. Schwartzenberger's report highlights the fundamental flaws in his report.  Mr. Schwartzenberger was not given the "details" of all the information relied upon by Plaintiff Michael Laethem in determining the value of the assets lost.  He admittedly did not even gather – or attempt to gather – the facts necessary to provide a basis for the conclusions he (through Michael Laethem) reached.  He did not verify that the calculations performed by Plaintiff Michael Laethem were all correct.  Instead, he examined **some** of Michael's calculations to determine that they were "reasonable."  He did not perform the analysis himself as would be expected of a professional, he did not even confirm (much less document) the bases for his valuations and underlying assumptions, and he did not perform the necessary analysis and calculations himself.  Instead, he acted as an uninformed rubber stamp for Plaintiff's own undocumented determination of damages.

1233157_2.DOC

| Memorandum Brief in Support of Deere's Motion to Bar the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger | Laethem Equipment Company, et al. vs. Deere & Co. Case No. 1:05CV10113 |

12

- "Once the net asset values were determined, **Michael then subtracted** the value of **various** assets that he and Mark have been able to recover subsequent to the appointment by Deere of J&D as the replacement to LEC and LFSC." Ex. 1 (009644) (Emphasis added). Michael Laethem continues to be the author of the valuation analysis. Mr. Schwartzenberger does not even appear to have been fully informed as to what the "various assets" were that Michael and Mark were able to recover. Again, rather than investigate the issue, Mr. Schwartzenberger accepts Michael Laethem's assertions.

- "**He [Michael Laethem] then added** back the **current value of liabilities** still owing by LEC and LFSC." Ex. 1 (009644) (Emphasis added). Finally, Plaintiff Michael Laethem's damages analysis, as narrated by Mr. Schwartzenberger, is complete. In his final calculation, Michael Laethem determined the current value of liabilities allegedly owing by LEC and LFSC, and included them in his valuation.

Mr. Schwartzenberger's entire loss of value of the assets analysis, outlined above, is actually a narrative of Plaintiff's own analysis, completely void of any independent thought or supporting documentation. The "expert" adds nothing more than simple arithmetic, which can properly be performed by the jury. When confronted with the fact that the values asserted in his report did not have documented independent support, Mr. Schwartzenberger explained that the values "were based upon **reasonable estimates** of values, on a line item by line item basis, **by the owners of LEC and LFSC,** the people who were involved in the day to day operation of the businesses." Ex. 2. (024859). He admits that the values he adopted for the assets are determined

1233157_2.DOC

Memorandum Brief in Support of Deere's
Motion to Bar the Testimony
of Plaintiffs' Expert Witness
Thomas J. Schwartzenberger

Laethem Equipment Company, et al.
vs.
Deere & Co.
Case No. 1:05CV10113

13

solely by Plaintiffs Mark and Michael Laethem and have no independent basis. He does not give any indication of what he bases his "reasonableness" assertion upon. He does not indicate he did any market comparison to validate Plaintiff's purported "fair market" valuation of the assets.

Mr. Schwartzenberger's reports do not comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), which require an expert report to contain "a complete statement of all opinions" of the expert, and to be "prepared and signed by the witness." Mr. Schwartzenberger's reports are actually the opinions of Michael Laethem, who did not sign the reports and is not properly endorsed as an expert witness. Mr. Schwartzenberger's reports do not conform with the applicable NACVA standards of professionals in the field of valuation. Mr. Schwartzenberger's reports fail to meet the reliability standard of *Daubert* and progeny. They do not follow a recognizable method and they do not establish any validated facts that could be "fit" to the proffered testimony. Thus, his opinions should be excluded.

> **3.** **Mr. Schwartzenberger's testimony confirms that his opinions are merely repetitions of Michael Laethem's opinions, that he failed to validate or verify Michael Laethem's opinions, that his opinions fail to conform with applicable standards for business valuation, and that his opinions were formed expressly for the purpose of litigation.**

Under Fed. R. Evid. 702, the trial court has an obligation to ensure that any expert testimony admitted at trial is reliable. Mr. Schwartzenberger's opinions are unreliable, constituting unjustifiable extrapolation from an accepted premise to an unfounded conclusion, and an absolute failure to account for obvious alternative explanations, in conflict with the standards set forth in *Daubert* and its progeny. Advisory Committee Note to Fed. R. Evid. 702 (2000 Amendments); *see Ethan Allen,* 259 F.Supp.2d at 633-34. In *Lippe v. Bairnco Corp.*, 288 B.R. 678, 697-98 (S.D.N.Y. 2003), plaintiff's proposed valuation expert was deemed unreliable

1233157_2.DOC

| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
|---|---|
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

for relying upon information provided by plaintiff's counsel without performing independent analysis to verify that information. Mr. Schwartzenberger similarly relied uncritically upon information provided by Plaintiff Michael Laethem without any attempt to determine whether that information was valid, and without attempting to determine if the information conformed with the fundamental accounting principles used by Mr. Schwartzenberger in his non-litigation engagements.

In his October 2004 deposition, Mr. Schwartzenberger repeatedly deferred to Michael Laethem as the source of underlying valuation information and resulting opinions, relying entirely upon Michael rather than forming his own independent opinions. Ex. 3, Deposition of Thomas J. Schwartzenberger dated October 8, 2004, p.109:22-110:15 (LEC-DE 08667)[2]; p.115:14-22 (08669); p.117:13-21 (08669); p.123:8-124:1 (08671); p.127:14-128:1 (08672); p.128:11-15 (08672); p.129:9-20 (08672); p.131:5-8 (08673); p. 132:20-23 (08673); p.145:1-8 (08676); p.150:8-22 (08677); p.152:10-20 (08678); p.154:4-16 (08678); p.159:21-25 (08680); p.163:2-21 (08681); p.166:13-16 (08681); p.166:19-24 (08681); p.169:20-170:10 (08682); p.171:13-17 (08683); p.173:8-12 (08683); p.177:7-16 (08684); p.179:1-5 (08685); p.184:19-25 (08686).

Furthermore, the purported expert did not perform any validating or verifying procedures to confirm the validity of Michael Laethem's opinions, including his opinions on the value of the assets, or even whether the assets actually existed. Ex. 3, p.117:24-118:20 (08669); p.120:2-12 (08670); p.123:8-124:1 (08671); p.127:19-128:1 (08672); p.133:13-134:5 (08673); p.138:20-139:8 (08674-75); p.142:8-13 (08675); p.154:4-16 (08678); p.155:2-9 (08679); p.155:24-156:10

---

[2] Exhibit 3 serial number references refer to "LEC-DE" documents.

| | |
|---|---|
| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

(08679); p.159:8-17 (08680); p.160:1-3 (08680); p.162:22-163:4 (08680-81); p.163:5-21 (08681); p.164:25-165:5 (08681); p.166:19-167:8 (08681-82); p.169:20-170:10 (08682); p.170:16-20 (08682); p.171:18-172:7 (08683); p.172:24-173:1 (08683); p.174:10-20 (08683); p.178:8-179:5 (08684-85); p.179:8-181:13 (08685); p.184:19-25.

Mr. Schwartzenberger's March 2006 deposition reinforces his blind reliance on opinions provided by Michael Laethem, without validation or verification. Ex. 4, Deposition of Thomas J. Schwartzenberger dated March 24, 2006, p.67:14-25; p.77:3-8; p.79:11-19; p.80:21-81:10; p.88:3-5; p.89:24-90:25; p.91:10-16; p.93:14-25; p.95:7-19; p.96:13-22; p.100:6-25; p.103:21-104:3; p.113:20-23; p.115:5-11; p.116:1-21; p.117:2-12; p.117:13-21; p.181:17-22; p.183:6-15; p.186:7-9; p.207:6-17; p.208:8-17.   Mr. Schwartzenberger also admitted that he has no experience valuing Farm Equipment Dealerships, and he has no experience with Deere Dealerships and their unique accounting system. Ex. 4, p.29:10-16; p.205:20-22; p.206:17-207:25.

As his deposition testimony illustrates time and again, Mr. Schwartzenberger relied exclusively upon Michael Laethem's opinions.   The attachments to Mr. Schwartzenberger's December 2005 Report were supplied by Michael Laethem, both the substance and the format, and Mr. Schwartzenberger accepted them at face value without alteration.

Q.   Turn with me to Exhibit 1, your December 1, 2005 report, page 9649 is the serial number. Laethem Equipment Company balance sheet. And I think that goes on to 9650. And I would like you to look at 9651 and 9652 looks like the same thing for Laethem Farm Service Company. When you are done looking at them, my question to you is going to be: How did you come up with those?

A.   On the left-hand column we have the book value, which came from the financial statements that I was provided approximately January 3.

Memorandum Brief in Support of Deere's
Motion to Bar the Testimony
of Plaintiffs' Expert Witness
Thomas J. Schwartzenberger

Laethem Equipment Company, et al.
vs.
Deere & Co.
Case No. 1:05CV10113

16

Q       Let me back up.  I take it you actually put these pages together yourself as opposed to receiving them from somebody else?

A       **These I received from Michael**.

Q       He put these together?

A       Correct.

Q       **Were the numbers already on them when you received them?**

A       **They would have been.**

Q       I notice there is a column, adjusted value, and then going down right beside that sort of a middle column is a list of letters.  **Were those already on there when you received it?**

A       **I believe they were.**

Q       And those letters are intended to refer, are they not, to the other lettered exhibits in your report, A through W?

A       Yes.

Q       **And were the sheets A through W already with these when Michael gave them to you?**

A       **They would have been.**

Q       **So these sheets were not made up on your or Conway Mackenzie Machinery, they were made up on Michael's machinery?**

A       **Correct**.

Ex. 4, p.90:6-91:16 (emphasis added).  Mr. Schwartzenberger's "report" does nothing more than

carry forward the numbers actually reported by Michael Laethem, at most performing simple

addition and subtraction of the numbers, but not altering or even verifying Michael's report.

Thus, in terms of *Daubert* factors, Mr. Schwartzenberger has unjustifiably extrapolated from an

accepted premise – of asset-based valuation – to an unfounded conclusion devoid of analysis or

support.  Advisory Committee Note to Fed. R. Evid. 702 (2000 Amendments); *see Ethan Allen,*

1233157_2.DOC

| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
|---|---|
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

17

259 F.Supp.2d at 633-34. He has also failed to adequately account for obvious alternative explanations as to the value of any of the assets he was ostensibly retained to evaluate. Advisory Committee Note to Fed. R. Evid. 702 (2000 Amendments); *see Ethan Allen,* 259 F.Supp.2d at 633-34. His opinion is not even an expert opinion, but rather a repetition of the opinion of a party. Even if the opinion of Michael Laethem, as a party and former CPA, would be admissible, the "opinion" of the additional expert is not.

In addition to failing to comply generally with the *Daubert* standards for admission of expert evidence, Mr. Schwartzenberger's opinions fail to conform with the standards of the field. Mr. Schwartzenberger stated that he followed the standards of the National Association of Certified Valuation Analysts ("NACVA"). Ex. 4, p.25:17-26:8. His adoption of numbers and calculations provided by Michael Laethem, however, does not comport with the fundamental analysis for developing a conclusion of value as prescribed by NACVA standards.[3] Ex. 4, p.28:6-77:8. In addition to failing to meet NACVA standards, Mr. Schwartzenberger's adoption of Michael Laethem's assertions is not in line with generally accepted certified public accounting standards. Ex. 4, p.11:23-23:3. Reports of certified public accountants fall within one of three

---

[3] NACVA 3.4. **Fundamental Analysis.** In developing a conclusion of value, the member must obtain and analyze information necessary to accomplish the assignment, including:

   a.    The nature of the business and the history of the enterprise;
   b.    The economic outlook in general and the condition and outlook of the specific industry in particular;
   c.    The book value of the interest to be valued and the financial condition of the business;
   d.    The earning capacity of the enterprise;
   e.    The dividend paying capacity of the enterprise;
   f.    Whether or not the enterprise has goodwill or other intangible value;
   g.    Sales of interests and the size of the block of interest to be valued;
   h.    The market price of interests of enterprises engaged in the same or a similar line of business having interests actively traded in a free and open market; and
   i.    All other information deemed by the member to be relevant.

1233157_2.DOC

| | |
|---|---|
| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

quality categories: audit, review, or compilation. Ex. 4, p.14:3-7. A compilation is the lowest level of quality. Ex. 4, p.17:18-21. Even though the data and analysis supplied by Michael Laethem and adopted by Mr. Schwartzenberger did not meet even the minimal quality standards of a compilation, Mr. Schwartzenberger did not place any less reliance of that information. Ex.4, p.68:6-17. Relying on material that does not even meet the requirements for a compilation without validating or verifying any of the data does not constitute acting as carefully as the expert would act in his regular professional work outside his paid litigation consulting, as required for reliable, admissible expert testimony. Advisory Committee Note to Fed. R. Evid. 702 (2000 Amendments); *see Ethan Allen,* 259 F.Supp.2d at 633-34.

Mr. Schwartzenberger admitted that his opinions were formed without regard to the applicable accounting standards because he was acting "in a litigation context and only for purposes of litigation." Ex. 4, p.204:3-19. Thus, his proposed testimony does not concern matters that naturally and directly stem from independent research conducted outside litigation, but instead his opinions have been formed expressly for the purpose of testifying, which flies in the face of the reliability test for expert witnesses. Advisory Committee Note to Fed. R. Evid. 702 (2000 Amendments); *see Ethan Allen,* 259 F.Supp.2d at 633-34.

Beyond questionable decisions, like his decision not to include any value reduction for known environmental contamination because the extent of the contamination could not be determined without a $40,000 study (Ex. 3, p.192:13-193:21; Ex. 4, p.59:2-64:9), Mr. Schwartzenberger's report demonstrates undeniable disregard for valuation standards. It is peppered with references that clearly show that the information he relied upon came from Plaintiff Michael Laethem, that his "calculations" and analysis were merely recitations of

1233157_2.DOC

Memorandum Brief in Support of Deere's
Motion to Bar the Testimony
of Plaintiffs' Expert Witness
Thomas J. Schwartzenberger

Laethem Equipment Company, et al.
vs.
Deere & Co.
Case No. 1:05CV10113

19

Michael Laethem's calculations and analysis, and that he incorporated all of Michael Laethem's

opinions without verification or validation.  Thus, Mr. Schwartzenberger's opinions, which fail to

comply with standards in the field and do not constitute reliable independent opinions, should be

excluded.

**CONCLUSION**

For the reasons set for above, Deere requests the entry of an order barring the proposed

testimony of Plaintiff's expert witness, Thomas J. Schwartzenberger, pursuant to Federal Rule of

Evidence 104, 402, 403, 702 and 703, together with such other relief as may be appropriate.


Varnum, Riddering, Schmidt & Howlett LLP
Attorneys for Defendant Deere


Dated:  March 30, 2006                    By:  _____
                                              John W. Allen (P10120)
                                              Richard D. Fries (P32396)
                                         BUSINESS ADDRESS:
                                              251 North Rose Street, 4th Floor
                                              Kalamazoo, MI 49007-3823
                                              Phone:  (269) 382-2300
                                              Fax:  (269) 382-2382
                                              E-mail:  jwallen@varnumlaw.com
                                              E-mail:  rdfries@varnumlaw.com


1233157_2.DOC

| Memorandum Brief in Support of Deere's | Laethem Equipment Company, et al. |
|---|---|
| Motion to Bar the Testimony | vs. |
| of Plaintiffs' Expert Witness | Deere & Co. |
| Thomas J. Schwartzenberger | Case No. 1:05CV10113 |

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LAETHEM EQUIPMENT COMPANY, a Michigan
Corporation, LAETHEM FARM SERVICE CO., a
Michigan corporation, MICHAEL T. LAETHEM, and
MARK E. LAETHEM,

                      Plaintiffs,                Case No. 1:05CV10113

vs.                                   Hon. David M. Lawson,
                                   U.S. District Judge

DEERE & CO., a Delaware corporation,

                                   Magistrate Judge Paul J. Komives

                Defendant.

---

## CERTIFICATE OF SERVICE

       John W. Allen hereby certifies that on March 30, 2006, he served **Deere's Motion to Bar the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger, and Memorandum Brief in Support of Deere's Motion to Bar the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger with attachments** by electronic mail to the following:

       Ann L. Andrews at AAndrews@honigman.com.
       Norman C. Ankers at nankers@honigman.com

       I declare that the above statements are true to the best of my knowledge, information and belief.


Dated: March 30, 2006          By:   s/John W. Allen
                               John W. Allen
                      **BUSINESS ADDRESS:**
                              251 North Rose Street, 4th Floor
                              Kalamazoo, MI 49007-3823
                              (269) 382-2300
                              jwallen@varnumlaw.com
                              rdfries@varnumlaw.com


1240217_1.DOC