UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LAETHEM EQUIPMENT COMPANY, a Michigan Corporation, LAETHEM FARM SERVICE CO., a Michigan corporation, MICHAEL T. LAETHEM, and MARK E. LAETHEM,

                Plaintiffs,

vs.

DEERE & CO., a Delaware corporation,

                Defendant.

Case No. 1:05CV10113

Hon. David M. Lawson,
U.S. District Judge

Magistrate Judge Komives

## DEERE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO BAR THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS THOMAS J. SCHWARTZENBERGER

### ORAL ARGUMENT REQUESTED

**Oral Argument Scheduled for June 15, 2006 at 2:00 p.m.**

I.   **INTRODUCTION**

Deere is mindful that the briefing in this case has been extensive, yet Deere is compelled to address new matters raised for the first time in the Certification of Witness and Errata Sheet of Thomas J. Schwartzenberger dated April 27, 2006 (mailed to Defendant on April 30, 2006), which was **after** the date of filing on April 24, 2006 of Defendant's Reply Brief (Dkt.#73) (**Tab A**).  Pursuant to Local Rule 7.1, concurrence to Deere's Motion to Allow it to Submit Supplemental Brief in Support of Motion to Bar the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger was sought from Plaintiffs, but not obtained.  (**Tab B.**) The Errata Sheet is a transparent attempt by Plaintiffs, after the fact, to manufacture the missing parts of the foundation to Mr. Schwartzenberger's opinions, directly in response to this Motion, and depriving Deere of effective examination of plaintiffs' expert.  This is impermissible.  Therefore, in deciding this motion, the Errata Sheet should be disregarded.

II.   **PROCEDURAL HISTORY**

- **December 1, 2005**: Expert Report of Thomas J. Schwartzenberger (**Dkt.#56, attached at Ex. 1**).

- **February 6, 2006**: Rebuttal Expert Report of Thomas J. Schwartzenberger (**Dkt.#56, attached at Ex. 2**).

- **Before March 24, 2006**: 12,181 Pages of documents produced by Plaintiffs.[1]

- **March 24, 2006**: 6,682 Pages of documents produced by Plaintiffs.

- **March 24, 2006**: Deposition taken of Thomas J. Schwartzenberger. All parties provided "draft" electronic transcript.

- **March 29, 2006**: FINAL Thomas J. Schwartzenberger 3/24/2006 deposition transcript provided to all parties.

---

[1] The quantities listed for documents produced by Plaintiffs are approximations based upon Plaintiffs' representations, and do not account for "gaps" in the documents which do exist. (**Tab C.**)

| Deere's Supplemental Brief in Support of Its Motion to Strike the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger | Laethem Equipment Company, et al.<br>vs.<br>Deere & Co.<br>Case No. 1:05CV10113 |
|---|---|

- **March 30, 2006**: Deere's Motion and Brief to Bar the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger (**Dkt.#56**).

- **April 17, 2006**: Plaintiffs' Response in Opposition to Deere's Motion to Bar the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger (**Dkt.#69**).

- **April 24, 2006**: Deere's Reply in Support of Deere's Motion to Bar the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger (**Dkt.#73**).

- **April 27, 2006**: Certification of Witness and Errata Sheet of Thomas J. Schwartzenberger (**Tab A**).

- **April 30, 2006**: Thomas J. Schwartzenberger Errata Sheet provided to Deere counsel.

### III. THE BLANKET STATEMENT IN MR. SCHWARTZENBERGER'S ERRATA SHEET PROVIDES ADDITIONAL SUPPORT FOR DEERE'S MOTION TO BAR HIS TESTIMONY.

Despite having a final transcript since March 29, 2006, Plaintiffs waited until April 30, 2006 to provide to Deere's counsel the Errata Sheet (**Tab A**) listing changes to Mr. Schwartzenberger's deposition testimony only **after** Deere's Motion to bar Mr. Schwartzenberger's testimony was fully briefed by the parties. Plaintiffs' Response Brief (Dkt.#69) opposing Deere's Motion to bar the testimony of Mr. Schwartzenberger (Dkt.#56) did not mention the changes that were made to Mr. Schwartzenberger's testimony. Those changes (**Tab A**) were not provided to Deere until April 30, 2006, **after** Deere's Reply brief (Dkt.#73) was submitted on April 24, 2006.

The primary substantive change in the Errata Sheet (**Tab A**) goes directly to Mr. Schwartzenberger's reliability as an expert witness, and to the admissibility of his opinions. In its first two briefs in support of its Motion to bar Mr. Schwartzenberger's testimony, Deere explained that Mr. Schwartzenberger did not utilize a verifiable valuation method and is not a reliable witness, in part because he merely adopted values provided by Plaintiff Michael Laethem without verifying or validating those values. (Dkt.#56, p.9-20; Dkt.#74, p.1-5.) Deere

1267637_1.DOC

| Deere's Supplemental Brief in Support of Its Motion to Strike the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger | Laethem Equipment Company, et al. vs. Deere & Co. Case No. 1:05CV10113 |

2

was able to reach this conclusion because, despite numerous requests by Deere that he do so, Mr. Schwartzenberger failed to identify independent documents supporting his conclusions (with the exception primarily of documents received directly from Plaintiff Michael Laethem and used without verification or alteration by Mr. Schwartzenberger).

Several times during his deposition, Deere asked Mr. Schwartzenberger to identify the documents he relied upon in making his opinions and reports. He identified only a box of documents produced at his deposition and a list of other specific documents that had been previously produced to Deere. During his deposition, Mr. Schwartzenberger testified:

BY MS. ANDREWS:

Q. In the making of your report, did you converse with either Mr. Laethem – well, did you converse with Mr. Laethem about the format and content of the documents that you were provided?

A. Yes.

Q. Did you suggest changes be made in the form and content of the documents that were provided by Mr. Laethem?

A. I don't recall changes in the formats being made. I recall initially talking about the format and the valuation process that we would perform in this case and choosing the asset method and having to restate the assets to the fair value.

Q. And did you provide guidance to Mr. Laethem about what kind of information you would need in order to complete your report?

A. **We talked about documentation that we would like to see regarding those underlying or regarding those assumptions to the extent he had them.**

Deposition of Thomas J. Schwartzenberger, March 24, 2006, p.201:21-202:13 (**Tab D**) (emphasis added).

BY MR. ALLEN:

1267637_1.DOC

Deere's Supplemental Brief in Support of Its Motion
to Strike the Testimony of Plaintiffs' Expert
Witness Thomas J. Schwartzenberger

Laethem Equipment Company, et al.
vs.
Deere & Co.
Case No. 1:05CV10113

3

> *Q.* In response to a question from Miss Andrews about was the format changed, **you said you did talk with Michael about documentation you desired regarding the underlying assumptions. What documentation did you request?**
>
> *A.* **Well, I requested any documentation he might have to support the numbers he was using.**
>
> *Q.* <u>And does the box that we received from you represent the universe of what you received?</u>
>
> *A.* <u>Yes.</u>

(**Tab D**, Dep. of Schwartzenberger, p.203:25-204:9) (emphasis added).

In his Errata Sheet (Tab A), Mr. Schwartzenberger now changes that "Yes" to a "No." This was not the only occasion on which Deere tried to nail down the documents relied upon by Mr. Schwartzenberger. (**Tab D**, p.38:3-13, p.43:13-15, p.63:12-16, p.77:3-8, p.77:16-18, p.192:11-13, p.192:19-20, p.193:1-3, p.193:25-194:10, p.196:1-7.) Mr. Schwartzenberger consistently testified that the only documents he relied upon were those in the box of documents produced at his deposition and those otherwise identified by him in a list provided to Deere at or before his deposition. (*Id.*; **Tab E.**[2])

Mr. Schwartzenberger's Errata Sheet, dated April 27, 2006 and provided to Defendant May 4, 2006, attempts to manufacture an unidentified and enlarged universe of documents relied upon by Mr. Schwartzenberger and undo Deere's concentrated efforts at nailing down the possible bases for Mr. Schwartzenberger's conclusions. Mr. Schwartzenberger's Errata Sheet does not identify some specific additional documents, but instead generically describes only "all of the back-up documents for the appendices to his report." (**Tab A.**)

---

[2] The list provided to Deere at the deposition of Mr. Schwartzenberger has serial numbers LEC-DE 11052 and LEC-DE 11479-11481. (**Tab E.**)

1267637_1

| Deere's Supplemental Brief in Support of Its Motion to Strike the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger | Laethem Equipment Company, et al. vs. Deere & Co. Case No. 1:05CV10113 |

4

"Misstatement. As noted elsewhere in Mr. Schwartzenberger's deposition, (p. 77), Mr. Schwartzenberger produced a list of documents he had reviewed, but that were not included in the box forwarded to Deere's counsel because they had been previously produced. **In addition, Mr. Schwartzenberger reviewed all of the back-up documents for the appendices to his report**, which had been produced to Deere's counsel previously, but were not reproduced in the box of the documents referenced on page 204."

(**Tab A**) (emphasis added.)

Now, only after Deere completed its Briefing on this Motion, Mr. Schwartzenberger has flip-flopped one of his most material earlier sworn answers. This is a transparent attempt by Plaintiffs, after the fact, to manufacture the missing parts of the foundation to Mr. Schwartzenberger's opinions. This is impermissible. *See Peck v. Bridgeport Machines, Inc.*, 237 F.3d 614, 619 (6th Cir.2001), where the court held that a party may not create a factual issue by filing an affidavit, after a motion has been made, which contradicts his earlier deposition testimony. *See also Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 459-460 (6th Cir.1986). A similar analysis has been applied to the late submission of expert reports and deposition changes. *Cf. Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 661-663 (N.D. Ga. 2001).

Moreover, Mr. Schwartzenberger now states that he had reviewed all the documents that back-up his conclusions but **without** identifying precisely what those documents are. These documents were requested by Deere, but still have not been produced by Plaintiffs. (Dkt.#53, Tab I, Deere's Second Request for Production of Documents, #57 [1/25/06]; **Tab F**, Deere's Second Amended Notice of Taking Deposition of Thomas J. Schwartzenberger pursuant to Fed. R. Civ. P. 30(b)(6), Exhibit A #2, 3, 4, 6, 9, 11 [3/20/06]; **Tab F**, Deere's Third Request for Production of Documents, #99 [3/22/06].) Deere still does not know what, if anything, Mr. Schwartzenberger reviewed to reach his opinions, and was effectively foreclosed from any

1267637_1.DOC

Deere's Supplemental Brief in Support of Its Motion to Strike the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger

Laethem Equipment Company, et al. vs. Deere & Co. Case No. 1:05CV10113

5

opportunity to examine Mr. Schwartzenberger about those documents and his use, if any, of them. This Errata statement is a transparent attempt at "back and fill" in response to Deere's Motion to bar his testimony (Dkt.#56).

Deere's confusion is further compounded by Plaintiffs' earlier assertions that Mr. Schwartzenberger "has no experience or expertise in reviewing Deere's internal documents," that his "expertise is in the calculation of damages – not Deere procedures," and that Mr. Schwartzenberger should not be required to sign an Acknowledgment under the First Amended Protective Order because "[Plaintiffs] do not anticipate presenting any of the [confidential] documents to Mr. Schwartzenberger because Mr. Schwartzenberger would [have] no ability to decipher the contents." (Dkt.#74, p.10; Dkt.#96, Tab F.) On the one hand, Plaintiffs assert that Mr. Schwartzenberger has reviewed "all of the back-up documents" that provided support for his calculations and opinions, yet, on the other hand, Plaintiffs state that Mr. Schwartzenberger is not capable of deciphering many of the documents that would presumably[3] provide that support.

There is no dispute that the "back- up documents" were all created under the specialized, custom Deere Accounting System, which is extensive and complex, designed to provide information which is more useful to Deere and its dealers, with several variations from AICPA Rules and Guidelines. These variations require a description extending to more than four hundred pages. (DRL 029221-029669).[4] If Mr. Schwartzenberger has "no ability to decipher the contents," then he cannot claim an understanding of any "back- up documents," whether or not

---

[3] Deere is forced to guess which documents Mr. Schwartzenberger might have used to "back-up" his opinions and the numbers and calculations in his reports and appendices because Plaintiff has not identified them.

[4] The Deere Accounting Manual is a Confidential-Counsel Only document, and will be furnished to the Court upon request.

1267637_1.DOC

| Deere's Supplemental Brief in Support of Its Motion to Strike the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger | Laethem Equipment Company, et al. vs. Deere & Co. Case No. 1:05CV10113 |

he reviewed them. He is offered as an "expert," who (under F.R.E. 702) must have "specialized knowledge" in order to offer admissible opinions. Plaintiffs admit that he does not have the specialized knowledge necessary to use the very "back-up" documents which he belatedly claims to have reviewed.

## IV. CONCLUSION

Deere respectfully requests that the Court bar the testimony of Thomas J. Schwartzenberger.

In the alternative, if the testimony is not barred, then, in fairness, the Court should require Mr. Schwartzenberger to identify and produce (or identify by serial number, or by noting them on the list attached at **Tab C**) each of the documents reviewed by him within ten (10) days, and allow an additional deposition of Mr. Schwartzenberger within thirty (30) days after that identification and production, with the deposition being limited to the identified documents, Mr. Schwartzenberger's use of those documents, and the reasons and circumstances surrounding Mr. Schwartzenberger's Errata Sheet. Plaintiffs should pay the expenses and fees of Deere associated with any additional deposition.

Respectfully submitted,

Varnum, Riddering, Schmidt & Howlett LLP
Attorneys for Defendant Deere

Dated: June 8, 2006

By: _____/s/ John W. Allen_____
John W. Allen (P10120)
BUSINESS ADDRESS:
251 North Rose Street, 4th Floor
Kalamazoo, MI 49007-3823
Phone: (269) 382-2300
Fax: (269) 382-2382
E-mail: jwallen@varnumlaw.com

1267637_1.DOC
Deere's Supplemental Brief in Support of Its Motion
to Strike the Testimony of Plaintiffs' Expert
Witness Thomas J. Schwartzenberger

Laethem Equipment Company, et al.
vs.
Deere & Co.
Case No. 1:05CV10113

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2006, I caused to be electronically filed the foregoing document(s) **Deere's Supplemental Brief in Support of Its Motion to Strike the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Ann L. Andrews at AAndrews@honigman.com.

and by electronic mail to:

> Ann L. Andrews at AAndrews@honigman.com.
> Norman C. Ankers at nankers@honigman.com.

Dated: June 8, 2006     By:   */s/ John W. Allen*
                              John W. Allen (P10120)
                              **BUSINESS ADDRESS:**
                              251 North Rose Street, 4th Floor
                              Kalamazoo, MI 49007-3823
                              Phone: (269) 382-2300
                              Fax: (269) 382-2382
                              E-mail: jwallen@varnumlaw.com

1267637_1.DOC

Deere's Supplemental Brief in Support of Its Motion to Strike the Testimony of Plaintiffs' Expert Witness Thomas J. Schwartzenberger

Laethem Equipment Company, et al.
vs.
Deere & Co.
Case No. 1:05CV10113

8