UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAETHEM EQUIPMENT COMPANY,
LAETHEM FARM SERVICE COMPANY,
MARK E. LAETHEM and
MICHAEL T. LAETHEM ,

                                        CASE NO. 05-CV-10113-BC
                    Plaintiffs,         JUDGE DAVID M. LAWSON
                                        MAGISTRATE JUDGE PAUL J. KOMIVES
v.

DEERE AND COMPANY,

                    Defendant,

_____/

**OPINION AND ORDER DENYING DEERE'S MOTION TO COMPEL RESPONSES TO 30(b)(6) REQUESTS FOR PRODUCTION OF DOCUMENTS (Doc. Ent. 57)**

**I.      OPINION**

**A.     Background and Procedural History**

On April 19, 2005, plaintiffs Laethem Equipment Company (LEC), Laethem Farm

Service Company (LFSC), Mark E. Laethem and Michael T. Laethem (hereinafter plaintiffs)

filed a complaint against defendant Deere and Company.  Plaintiffs' claims include (I) breach of

Michigan's Farm and Utility Equipment Act; (II) breach of contract; (III and IV) tortious

interference with business relationships; (V) violation of Michigan's Uniform Trade Secrets Act;

(VI) aiding and abetting violation of fiduciary duty and (VII) violation of Michigan's franchise

investment law.

On June 13, 2005, Judge Lawson entered a case management and scheduling order

setting the discovery deadline for March 10, 2006 and the dispositive motion deadline for March

31, 2006.  On February 14, 2006, Judge Lawson entered an order extending the discovery deadline to April 30, 2006.

**B.      Defendant's March 21, 2006 Second Motion to Compel Discovery**

On March 21, 2006, prior to the close of discovery, defendant filed a second motion to compel discovery.  (Doc. Ent. 53).  That motion concerned defendant's January 25, 2006 (second) requests for production of documents and cited Fed. R. Civ. P. 26(a)(1) and Fed. R. Civ. P. 33(b)(2).  Doc. Ent. 53 at 3.

Plaintiffs responded to the motion on April 7, 2006 (Doc. Ent. 61), and defendant filed a reply on April 14, 2006 (Doc. Ent. 67).  I heard oral argument regarding this motion on April 24, 2006.  On April 26, 2006, I entered an order denying defendant's second motion to compel discovery.  (Doc. Ent. 78).

**C.      The Instant Motion to Compel**

On March 30, 2006, before I entered my order regarding defendant's second motion to compel discovery, defendant filed a motion to compel responses to its January 25, 2006 Fed. R. Civ. P. 30(b)(6) requests for production of documents.  (Doc. Ent. 57).  The motion cites Fed. R. Civ. P. 30(b)(5).  Doc. Ent. 57 at 3.[1]

On April 17, 2006, plaintiffs filed a response.  (Doc. Ent. 68).  On April 20, 2006, defendant filed a reply.  (Doc. Ent. 70).[2]

---

[1]On the same date, defendant filed a motion to bar the testimony of plaintiffs' expert witness Thomas J. Schwartzenberger.  (Doc. Ent. 56).  On June 15, 2006, Judge Lawson entered an order denying without prejudice defendant's motion to bar expert testimony.  (Doc. Ent. 110).

[2]Defendant contends that (A) "LEC, LFSC and CANUSA records must be produced[;]" (B) "[t]he documents described in the Horn letter must be produced[;]" (C) "[e]vidence of environmental contamination is relevant and must be produced[;]" and (D) "Deere's motion is not frivolous and Deere is not subject to sanctions."  Doc. Ent. 70 at 2-6.  With the exception of Canusa records,

2

Judge Lawson referred this motion to me for hearing and determination.  (Doc. Ent. 63). The hearing on this motion was scheduled for May 10, 2006.  (Doc. Ent. 77).  However, on May 5, 2006, attorneys for the parties called, and the hearing was adjourned indefinitely.[3]

**D.      Analysis**

**1.      Defendant's motion is denied to the extent it seeks further responses to Fed. R. Civ. P. 30(b)(6) document request Nos. 3 and 4.**

Defendant's January 25, 2006 (second) request for production of documents No. 52 sought "[a]ll documents regarding Corporate Articles, Bylaws, Minutes, Resolutions, Stock Certificates and Stock Ledgers for" LEC, LFSC, CANUSA Equipment Company and Laethem Enterprises.  Doc. Ent. 53 Tab 1 at 4.  Request No. 53 sought "[a]ll documents regarding the following [subsections a-j] as used in the January 28, 2003 letter from Craig W. Horn to Michael H. Allen[.]" Doc. Ent. 53 Tab 1 at 5.  Request No. 59 sought "[a]ny documents relating to the expert trial testimony of Thomas J. Schwartzenberger in" seventeen listed cases.  Doc. Ent. 53 Tab 1 at 7-8.

Defendant's March 21, 2006 motion argued that "Canusa Equipment Company corporate records are relevant[,]" and "[d]ocuments regarding the issues identified in the January 28, 2003 letter from Craig W. Horn to Michael H. Allen are relevant."  Doc. Ent. 53 at 3-8.  Relatively, my April 26, 2006 order provided:

> As stated at the conclusion of [the April 24, 2006] oral argument, defendant's motion is denied in all other respects.  The materials sought have already been

defendants also raised each of these arguments in its April 14, 2006 reply.  Doc. Ent. 67 at 2-6.

[3]Among the motions currently pending before the Court are defendant's September 28, 2005 motion for dismissal and summary judgment (Doc. Ent. 9) and defendant's March 31, 2006 motion for dismissal and summary judgment (Doc. Ent. 58), as well as three discovery motions filed by plaintiffs (Doc. Entries 75, 82 and 118).

furnished.  Given plaintiffs' counsel's representation that, to the best of her
ability, she has provided responses for request Nos. 52, 53 and 59, I do not know
of any useful purpose which would be served by requiring plaintiffs' counsel to
provide supplemental responses stating the same.

Doc. Ent. 78 at 6 ¶ 2.

In the instant motion, defendant specifically takes issue with Request No. 3 ("corporate

articles, bylaws, minutes, resolutions, stock certificates and stock ledgers") as it relates to LEC

and LFSC and Request No. 4 (items referenced in the January 28, 2003 letter from Craig W.

Horn to Michael H. Allen).  Doc. Ent. 57 Tab 1 at 4-5.  Defendant argues that the corporate

records of LEC and LFSC are relevant and "[d]ocuments regarding the issues identified in the

January 28, 2003 letter from Craig W. Horn to Michael H. Allen are relevant."  Doc. Ent. 57 at

3-5.  Defendant also argues that the corporate records of Canusa Equipment Company are

relevant.  Doc. Ent. 57 at 8-13.  Defendant seeks "[a]ll corporate documents of LEC, LFSC and

Canusa[,]" Doc. Ent. 57 at 13 ¶ a, and, "[a]ll documents, including any communications with any

person NOT employed by Braun Kendrick, relating to the 'financing,' 'financing commitment,'

and 'negotiations,' as used in the Craig Horn letter dated January 28, 2003, as described in

subparagraphs a-j of Request #4."  Doc. Ent. 57 at 13 ¶ b.

Defendant's January 25, 2006 Fed. R. Civ. P. 30(b)(6) request Nos. 3 and 4 seek the

same information sought by the January 25, 2006 request Nos. 52 and 53.  Thus, consistent with

my April 26, 2006 order, the instant motion is denied to the extent it seeks further responses to

defendant's Fed. R. Civ. P. 30(b)(6) document request Nos. 3 and 4.

**2.      Defendant's motion is denied to the extent it seeks a further response to Fed. R. Civ.
P. 30(b)(6) document request No. 6 (environmental assessment information).**

4

Defendant's January 25, 2006 (second) request for production of documents No. 55 sought "[a]ll documents regarding environmental assessments of property owned or used by LEC and LFSC, including any document regarding remediation or compliance cost." Doc. Ent. 53 Tab 1 at 6. The March 21, 2006 motion argued that "[e]nvironmental assessments of property owned or used by LEC or LFSC are relevant." Doc. Ent. 53 at 8-9. Relatively, my April 26, 2006 order provided:

> First, I conclude that plaintiffs' representation that "none of the claims or defenses in this lawsuit have anything to do with the real property on which LEC and LFSC operate[,]" Doc. Ent. 61 at 6-7, is determinative regarding the relevance of environmental assessment information. This representation bars plaintiffs from seeking damages with regard to this property. Second, at the April 24, 2006 motion hearing, plaintiffs' counsel explained that real property was at issue in *Laethem v. Laethem*, Case No. 03-21644-CZ (Tuscola County Circuit Court). Therefore, the documents are also protected by the work-product privilege. As plaintiff[s] ha[ve] represented, the aforementioned expert in the state court case was retained pursuant to M.C.R. 2.302(B)(4)(b), which provides: "A party may not discover the identity of and facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, except (i) as provided in MCR 2.311, or (ii) where an order has been entered on a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." As to subsection (ii), I am not convinced that other means are not available to defendant. For example, defendant might hire its own expert.

(Doc. Ent. 78 at 5-6 ¶ 1).

In the motion at bar, defendant specifically takes issue with its January 25, 2006 Fed. R. Civ. P. 30(b)(6) request No. 6: "[e]nvironmental assessments of any property of LEC and LFSC, including any document regarding remediation or compliance cost." Doc. Ent. 57 Tab 1 at 5.[4]

---

[4]In a proposed order submitted to the Court on March 30, 2006, defendant seeks supplementation of answers to its Rule 30(b)(6) request Nos. 3, 4 and 6.

Defendant argues that "[e]nvironmental assessments of property owned or used by LEC or LFSC are relevant."  Doc. Ent. 57 at 5-7.  Defendant seeks "[a]ll documents regarding environmental assessments of property owned or used by LEC or LFSC, including documents regarding compliance or remediation costs."  Doc. Ent. 57 at 14 ¶ c.

Defendant's January 25, 2006 Rule 30(b)(6) request No. 6 seeks the same information sought by the January 25, 2006 request No. 55.  Thus, consistent with my April 26, 2006 order, the instant motion is denied to the extent it seeks a further response to Fed. R. Civ. P. 30(b)(6) document request No. 6 (environmental assessment information).

**3.      Defendant's motion is denied to the extent it seeks an additional deposition of Thomas J. Schwartzenberger.**

In the motion at bar, defendant requests that "[t]o the extent information responsive to these requests is disclosed, Defendant should be admitted an additional deposition of Plaintiffs' proposed expert, Thomas J. Schwartzenberger, regarding any materials so disclosed."  Doc. Ent. 57 at 14 ¶ d.  Consistent with my conclusion that plaintiffs need not provide further responses to defendant's Fed. R. Civ. P. 30(b)(6) document request Nos. 3, 4 and 6, defendant's request for leave to take an additional deposition of Thomas J. Schwartzenberger is denied.

**4.      Plaintiffs' request for sanctions is denied.**

Plaintiffs argue that (1) "Deere's motion to compel 'all documents regarding corporate articles, bylaws, minutes, resolutions, stock certificates, stock ledgers, and related documents' is superfluous and should be denied[;]"[5] (2) "Deere's motion to compel documents responsive to

---

[5]Plaintiffs have argued that these motions to compel are superfluous with regard to defendant's request No. 52 and defendant's Rule 30(b)(6) request No. 3.  Doc. Ent. 61 at 5, Doc. Ent. 68 at 5-6.  Specifically, plaintiffs note that their February 27, 2006 response states that "[p]laintiffs will produce the LEC's and LFSC's corporate records, to the extent such documents are

Request No. 4 is frivolous and should be sanctioned[;]" and (3) "Deere should be sanctioned for moving to compel 'environmental assessments' of the property owned or used by LEC and LFSC, because such documents are unequivocally privileged and because they are not relevant to the subject matter of this lawsuit."  Doc. Ent. 68 at 5-7.

The instant response (Doc. Ent. 68) seeks the same relief sought in plaintiff's April 7, 2006 response (Doc. Ent. 61) to defendant's second motion to compel discovery.  For example, the first three arguments in plaintiff's April 7, 2006 response are substantially similar to the arguments posed in plaintiff's April 17, 2006 response.  Doc. Ent. 61 at 5-7; Doc. Ent. 68 at 5-7. Furthermore, the responses' conclusions each request that "Deere be sanctioned for bringing such a frivolous motion before this Court."  Doc. Ent. 61 at 8, Doc. Ent. 68 at 7.

In my April 26, 2006 order, I denied plaintiffs' requests for expenses and/or sanctions. Citing Fed. R. Civ. P. 37(a)(4)(B), I found that the arguments presented by defendants with regard to the environmental assessments, while not successful, were substantial and justified the filing of the motion.  For that reason, I concluded that an award of expenses would be unjust. Doc. Ent. 78 at 6 ¶ 3.

Therefore, in light of the plaintiffs' responses' similarity in relief requested and consistent with my April 26, 2006 order, plaintiff's April 17, 2006 request for sanctions is denied.

## II.    ORDER

---

available."  Doc. Ent. 61 at 5, Doc. Ent. 53 Tab 5 at 3.  Also, plaintiffs note that their March 16, 2006 response states that "LEC and LFSC have their corporate records dated 1990 and before and will make those records available to Deere upon request."  Doc. Ent. 68 at 5-6; Doc. Ent. 57 Tab 4 at 4.

Consistent with my April 26, 2006 opinion and order denying defendant's second motion to compel discovery, defendant's motion to compel responses to 30(b)(6) requests for production of documents (Doc. Ent. 57) is DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

<div style="margin-left: 40%;">

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

</div>

Dated: 3/26/07

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 26, 2007.

s/Eddrey Butts
Case Manager

---