UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAETHEM EQUIPMENT COMPANY,
LAETHEM FARM SERVICE COMPANY,
MARK E. LAETHEM and
MICHAEL T. LAETHEM ,

                                        CASE NO. 05-CV-10113-BC
                    Plaintiffs,         JUDGE DAVID M. LAWSON
                                        MAGISTRATE JUDGE PAUL J. KOMIVES
v.

DEERE AND COMPANY,

                    Defendant,

_____/

**OPINION AND ORDER**
**GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL A COMPETENT 30(b)(6)**
**WITNESS, PRODUCE REQUESTED DOCUMENTS, AND FOR LEAVE TO RE-**
**DEPOSE RICKEY JOE BORMANN AND DAVID DONAHUE (Doc. Ent. 82)**

I.      OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        A.    Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        B.    The Instant Motion to Compel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        C.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
              1.    Plaintiffs' motion is granted to the extent it seeks production of "a fully prepared witness
                    capable of testifying on each of the topics identified on Plaintiff's Notice of Deposition
                    *Duces Tecum* of Deere & Co.[.]" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
              2.    Plaintiffs' motion is denied to the extent plaintiffs argue that defendant should "produce
                    all documents requested in [p]laintiffs' Notice of Deposition *Duces Tecum* of Deere &
                    Co.[.]" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
              3.    Plaintiffs motion is deemed withdrawn to the extent it argues that "Deere's counsel
                    should be ordered to cease all 'speaking objections.'" . . . . . . . . . . . . . . . . . . . . . . . . 15
              4.    Plaintiff's motion is granted to the extent it argues that "[p]laintiffs should be permitted to
                    re-depose David Donahue." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
              5.    Plaintiffs' motion is denied without prejudice to the extent it seeks payment "for all
                    depositions that are permitted to be taken pursuant to this Order[.]" . . . . . . . . . . . . . . 20
              6.    The motion is granted to the extent it argues that "[p]laintiffs should be permitted to re-
                    depose Rickey Joe Bormann." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

II.     ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

I.    **OPINION**

A.    **Background**

On April 19, 2005, plaintiffs Laethem Equipment Company (LEC), Laethem Farm

Service Company (LFSC), Mark E. Laethem and Michael T. Laethem (hereinafter plaintiffs)

filed a complaint against defendant Deere and Company.  Plaintiffs' claims include (I) breach of

Michigan's Farm and Utility Equipment Act; (II) breach of contract; (III and IV) tortious

interference with business relationships; (V) violation of Michigan's Uniform Trade Secrets Act;

(VI) aiding and abetting violation of fiduciary duty and (VII) violation of Michigan's franchise

investment law.

On April 5, 2006, I entered an order granting defendant's motion to amend the August 2,

2005 protective order.  Doc. Ent. 60.  On April 21, 2006, I entered an order granting in part and

denying in part defendant's motion for an order limiting or compensating for burdensome or

oppressive requests.  Doc. Ent. 72.  The order concluded that some of the documents listed on

the February 25, 2006 Deere Privilege Log should be produced.  Doc. Ent. 72 at 4-8.  I explained

that conclusion as follows:

> Having conducted an in camera review, I conclude that AL 04-019 documents
> Bates-stamped 17894-17899 are not entitled to protection under the
> attorney/client or work product privileges.  However, I conclude that AL 04-019
> documents Bates-stamped 17901-18167 are entitled to protection under the
> attorney/client or work product privileges.  The page Bates-stamped 17901 is a
> February 24, 2004 letter from Mary K. W. Jones (Senior Attorney in the Deere &
> Company Law Department) to Allen F. Steinbeck (Manager, John Deere
> Worldwide Security).  Therefore, this page is protected.  Furthermore, this letter
> refers to AL 04-019 and requests follow up on this matter.  Also, this "cover"
> letter establishes that the balance of the looseleaf binder contains material
> compiled or prepared specifically at counsel's request, so the rest of the book is
> protected by the attorney/client or work product privilege.  The letter also notes
> that any response by John Deere Worldwide Security regarding this matter should
> be considered counsel's work product.  In arriving at this conclusion, I am not

ruling on whether plaintiffs have the right to pursue discovery with regard to this incident, such as making a direct request for information regarding AL 04-019. I am only ruling that the material provided appears to be protected by the attorney/client or work product privilege.

Doc. Ent. 72 at 7-8. On April 26, 2006, I entered an order denying defendant's motion to compel production of documents and attendance at a deposition according to defendant's notice of taking deposition of Canusa Equipment Company. Doc. Ent. 79.

Meanwhile, on April 24, 2006, plaintiffs appealed my April 5, 2006 order. Doc. Entries 74. On May 8, 2006, plaintiffs filed objections to my April 21, 2006 order granting in part and denying in part defendant's motion for an order limiting or compensating for burdensome or oppressive requests. Doc. Ent. 88. Plaintiffs argued that (1) "[t]he Magistrate's ruling on Deere's belated claim of privilege is clearly erroneous[;]" (2) "[t]he Magistrate erred in refusing to order Deere to produce a privilege log[;]" (3) "[t]he Magistrate erred by ruling that the documents related to Deere's investigation of the Mitchell/Bormann kickback scheme are protected by the attorney-client privilege or work-product privilege[;]" (4) "[t]he Magistrate erred in finding that plaintiffs[] are only entitled to Territory 10 comparisons for the 2003 calendar year[;]" and (5) "[t]he Magistrate erred in ruling that Deere is only required to produce documents with Michael Allen's signature on it through February 28, 2003." Doc. Ent. 88 at 9-21.[1] Defendant appealed my April 26, 2006 order. Doc. Ent. 87.

On August 27, 2007, Judge Lawson entered an order sustaining in part and overruling in part objections to my discovery orders. Doc. Ent. 164. First, Judge Lawson withheld his ruling on the objections to my April 5th order granting defendant's motion for protective order,

---

[1]On June 15, 2006, Judge Lawson entered an order requiring defendant to submit documents (AL 04-019 [Bates-stamped 17901-18167]) for in camera review. Doc. Ent. 109.

requiring the parties to submit affidavits of counsel.  Doc. Ent. 164 at 3-4, 16-17.  Resolution of

these objections is pending before Judge Lawson.[2]

Second, Judge Lawson addressed plaintiff's objections to my April 21, 2006 order.  Doc.

Ent. 164 at 4-13.  Specifically, he sustained "the plaintiffs' objections to [my] order restricting

the plaintiffs' access to territory comparisons and documents signed by Michael Allen[.]"  Also,

he sustained in part and overruled in part "the plaintiffs' objections to [my] decision on the

privileged documents[.]"  In so doing, he required defendant to "produce all documents except

requested communications from counsel, witness interview summaries, and investigation

summaries[,]" and to "file a detailed privilege log that complies with Rule 26(b)(5) for all

documents withheld."  Doc. Ent. 164 at 16.[3]

Third, Judge Lawson overruled the objections to my April 26th order granting plaintiffs'

request for costs.  In so doing, he noted that "[t]he defendant has failed to convince the Court

that the plaintiffs have not turned over the requested documents.  The plaintiffs claim they were

turned over, and the magistrate judge found that the defendant already had them."  Doc. Ent. 164

at 13-16.

**B.    The Instant Motion to Compel**

Discovery in this case concluded on April 30, 2006.  Doc. Ent. 41.  On that day, plaintiffs

filed a motion to compel a competent 30(b)(6) witness, produce requested documents, and for

_____

[2]On September 4, 2007, defense counsel filed an affidavit in accordance with Judge
Lawson's August 27, 2007 order.  Doc. Ent. 165.  On September 5, 2007, defense counsel filed a
certificate of service of CD-ROM's DRL - 035664 and 035665.  Doc. Ent. 166.

[3]On September 14, 2007, defendant filed a certification regarding compliance with the
Court's August 27, 2007, order. Doc. Ent. 167.  Finally, on September 18, 2007, defendant filed
under seal a "confidential" revised privilege log.  Doc. Ent. 168.

leave to re-depose Rickey Joe Bormann and David Donahue, one of Bormann's subordinates. Doc. Ent. 82, Doc. Ent. 82-1 at 9. Plaintiffs also submitted via electronic mail a proposed order granting their motion.

On May 2, 2006, Judge Lawson referred this motion to me for hearing and determination. Doc. Ent. 83. On May 9, 2006, a hearing on this motion was scheduled for June 7, 2006. Doc. Ent. 89. Counsel for the parties conferred on May 12, 2006.[4]

Defendant responded to the motion on May 15, 2006. Doc. Ent. 92. Defendant contends that "Plaintiffs' requests for depositions should be denied where prompted not by some action of Deere, but rather by Plaintiffs' own refusal to await the Court's then-pending discovery rulings, which defined the proper scope of those depositions[,]" (2) "[i]f further testimony is ordered after the April 30, 2006 Discovery deadline, . . . it should be strictly limited to the topics identified by Plaintiffs in their February 20, 2006 Notice of Taking Deposition[;]" and (3) "any issues regarding deposition conduct should be subject to an Order applying mutually to all parties." Doc. Ent. 92 at 2.

On May 26, 2006, defense counsel provided Kathy Cathel, RPR, with supplementation to the deposition transcripts of David C. Donohue [dated May 25, 2006], Richard E. Anderson [dated May 26, 2006] and Terry L. Porter [dated May 26, 2006]. Doc. Ent. 103 Ex. A.

Plaintiffs filed a reply on May 30, 2006, in which they requested that the Court enter their proposed order. Doc. Ent. 98 at 6.[5] On that same day, defendant produced additional

---

[4]*See* defense counsel's seven-page June 2, 2006 letter to plaintiffs' counsel regarding discovery issues and counsel conference agenda topics to which Exhibits 1-9 are attached.

[5]A copy of plaintiffs' proposed order is attached to their reply as Exhibit 2. Doc. Ent. 98-5.

documents, including a response to plaintiffs' request for documents No. 3. Also, defendant stated a first supplement was likely by the hearing on the instant motion.[6]

On June 2, 2006, defendant filed a surreply. Doc. Ent. 103.[7] Also, defense counsel sent plaintiff a seven-page letter regarding discovery issues and counsel conference agenda topics to which there are several exhibits attached. With respect to the instant motion, defense counsel informed plaintiffs' counsel that "Deere expects more documents which are in the process of being retrieved from archive from other Deere offices, and will produce those as soon as possible[.]" Furthermore, defense counsel offered to put forth an additional 30(b)(6) deposition, if limited to additional documents produced. By a letter dated June 12, 2006, defense counsel provided me with a copy of his June 2, 2006 letter to plaintiffs' counsel.

The hearing on this motion was rescheduled for June 14, 2006. Doc. Ent. 108. On the date set for hearing, attorney Ann L. Andrews appeared on plaintiffs' behalf and attorney John W. Allen appeared on defendant's behalf. Also present was plaintiff Mark Laethem. During oral argument, defense counsel stated that the re-depositions should be limited to "only things that were not done then, principally because there have been numerous documents produced under the orders and pursuant to the [April 21, 2006] orders of the Court after April 19, 2006."[8]

---

[6]*See* defense counsel's seven-page June 2, 2006 letter to plaintiffs' counsel regarding discovery issues and counsel conference agenda topics to which Exhibits 1-9 are attached.

[7]Defendant sought leave to file this surreply. Doc. Ent. 102. Defendant sought permission to file a sur-reply "in order to 1) address new matters raised for the first time in Plaintiffs' Reply Brief, and 2) make the Court aware of revisions/supplementation of the depositions of Richard Anderson, Terry Porter and David Donohue." Doc. Ent. 102. On July 27, 2007, Judge Lawson granted this motion. Doc. Ent. 160.

[8]I entered the aforementioned April 21, 2006 orders (Doc. Entries 71 at 72) between the April 19, 2006 deposition and the June 14, 2006 motion hearing.

Doc. Ent. 112 at 50. He suggested that "any further testimony that's taken from any further witness, be it Mr. Bormann, Mr. Donahue or another Deere 30(b)(6) witness, should be deferred until after the Judge rules on these pending appeals of that April 21 order so we know what the ground rules are, and so that it can be conducted within the scope that the Judge intends it to be conducted." Doc. Ent. 112 at 75. At the conclusion of the hearing, I took the instant motion under advisement. Doc. Ent. 112 at 48-81.

**C.    Analysis**

**1.    Plaintiffs' motion is granted to the extent it seeks production of "a fully prepared witness capable of testifying on each of the topics identified on Plaintiff's Notice of Deposition *Duces Tecum* of Deere & Co.[.]"**

**a.**    Fed. R. Civ. P. 30(b) provides in pertinent part:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to the matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Fed. R. Civ. P. 30(b)(6).

**On April 19, 2006, Terry L. Porter [Deere's 30(b)(6) witness] was deposed.** Doc. Ent. 82 Ex. C. Plaintiffs' February 20, 2006 notice of deposition *duces tecum* sought testimony regarding nine (9) areas. Doc. Ent. 82-1 at 11-12; Doc. Ent. 82 Ex. E. At the June 14, 2006 motion hearing, plaintiffs' counsel agreed to forego further questioning on item Nos. 3, 5 and 8.

Doc. Ent. 112 at 54-55. As a result, the remaining issues relate to item Nos. 2, 4, 6, 7 and 9.

Doc. Ent. 112 at 57. These items are as follows:

> **Item No. 2** seeks: "Deere's consolidation plans as discussed by Kevin Monk during his deposition in the *Laethem v Laethem* matter, at pages 48-49, including, but not limited to, Deere representatives' discussion of consolidation plans with Michigan thumb-area dealers and/or Jeff Mitchell or other representatives of JD Equipment, Inc."
> **Item No. 4** seeks: "The underlying facts and reasons for the termination of Richard Bormann's employment with Deere and any investigation that led to Richard Bormann's termination."
> **Item Nos. 6 and 7** seek information regarding Deere's relationship with former employees Jim Morgan and Chuck Martin.
> **Item No. 9** seeks "[a]ll profits Deere & Co. earned on the business generated by J & D Implement, Inc., from January 15, 2003 through the present."

Doc. Ent. 82-1 at 11-12.

**b.** Plaintiffs argue that "[u]nder Rule 30(b)(6), plaintiffs are entitled to depose a witness who has information about the topics identified on plaintiffs' notice of deposition *duces tecum*." Doc. Ent. 82 at 11-14. In support of this argument, they argue, "Deere's 30(b)(6) witness was not prepared to testify about the termination of Bormann and any investigation that led to the termination[,]" "Deere failed [to] properly prepare its 30(b)(6) witness to discuss relationships Deere continues to have with Martin and Morgan[,]" and "Deere did nothing to prepare its 30(b)(6) witness to testify about the profits Deere & Co. earned on business generated by Mitchell's companies."[9] Doc. Ent. 82-1 at 13-14. In conclusion, plaintiffs "respectfully request that this Court enter an Order requiring Deere to: (a) produce a fully prepared witness capable of

---

[9]Plaintiffs claim that "Deere keeps sales records of all new parts and equipment each of its dealers sell[,]" and "it would be easy enough to determine Deere's margin on the products that J & D Implement has sold." They argue that "Deere should be required to produce a 30(b)(6) witness who can testify about Deere's profits earned on the business generated by J & D Implement, Inc., from January 15, 2003 to present[.]" Doc. Ent. 82-1 at 14.

testifying on each of the topics identified on Plaintiffs' Notice of Deposition *Duces Tecum* of Deere & Co.[.]" Doc. Ent. 82-1 at 20; Doc. Ent. 98-5 at 1 ¶ (a).

Defendant claims that it "produced a competent 30(b)(6) witness." Doc. Ent. 92 at 12-17. In support of this statement, defendant claims that (i) "[t]he Deere internal investigation is privileged or work product and the Protective Order consistently sought by Deere has been entered[,]" Doc. Ent. 92 at 13-15,[10] and (ii) "Mr. Porter competently testified, to the extent possible, regarding profits on business generated by J&D Implement since January 15, 2003[,]" Doc. Ent. 92 at 15-17. Defendant requests that the Court "deny [the] Motion to Compel a Competent 30(b)(6) witness [and] produce requested documents[.]" Doc. Ent. 92 at 18.

Defendant also argues that "[i]n the event the Court permits Plaintiffs to take additional deposition testimony, the scope of the deposition should be strictly limited to the topics in the Notice . . . issued before the April 30, 2006 discovery termination, and also limited to those Confidential and CCO documents disclosed after the Court's 4/21/06 Orders, and the parties should bear their own expense." Doc. Ent. 92 at 14 n.6. Defendant requests that "[a]ny further testimony . . . be strictly limited to the topics in the Notice[.]" Doc. Ent. 92 at 18.

---

[10]Within this argument, defendant points to an April 30, 2006 proposed order setting forth conditions to redepose Deere pursuant to Fed. R. Civ. P. 30(b)(6). Doc. Ent. 92-13 at 4-5; Doc. Ent. 92 at 14. Also, defendant relies upon *United States v. Nobles*, 422 U.S. 225, 238-239 (1975) ("One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.") and *American Motors Corp. v. Huffstutler*, 61 Ohio St.3d 343, 346, 575 N.E.2d 116 (1991) ("Huffstutler is subject to all the legal implications of the attorney-client and attorney work product privileges. ") (citing cases).

Plaintiffs reply that "Deere failed to produce a competent 30(b)(6) witness." Specifically, plaintiffs took issue with Porter's testimony regarding Bormann's termination, Deere's involvement with the sale of Gettel & Co., and profits. Doc. Ent. 98 at 5.

With respect to this argument, defendant makes several allegations in its surreply. First, citing my April 21, 2006 order, defendant argues, "[t]he Bormann investigation is privileged, as sustained by the Court." Furthermore, Deere claims that it "does not have first-hand knowledge of the facts underlying the snowblower incentive program; Deere's 30(b)(6) witness does not have first-hand knowledge of the facts underlying the snowblower incentive program." Doc. Ent. 103 at 3. Second, defendant argues, "Deere was not 'intimately' [or otherwise] involved with the 'Gettel' sale." Doc. Ent. 103 at 3-5. In this regard, defendant notes that "Mr. Porter's deposition testimony, cited by Plaintiffs in their Reply (Dkt.#98), was supplemented four days before the Reply was filed (mostly addressing questions that were outside the scope of the 30(b)(6) notice)." Doc. Ent. 103 at 4. Third, defendant argues, Porter "testified competently regarding profits." Deere claims that it "cannot produce documents, or testimony regarding documents, that do not exist." Doc. Ent. 103 at 5.

**c.**     During the June 14, 2006 hearing, plaintiffs' counsel presented argument with regard to plaintiffs' motion concerning Item Nos. 2, 4, 6, 7 and 9. Doc. Ent. 112 at 52-57. Defense counsel presented his response. Doc. Ent. 112 at 62-74. In sum, plaintiffs' counsel argued that she has a right to question the Rule 30(b)(6) witness about the existence of consolidation plan documents and that she did not need to "take answers that were prepared by counsel attempting to enlarge or in many cases change what the deposition testimony actually was." Doc. Ent. 112 at 76-77 [Item No. 2]. Also, plaintiffs seek to depose a Rule 30(b)(6) witness "prepared to

testify and knowledgeable about . . . the reason for Mr. Bormann's termination of employment and the investigation that led to his termination." Doc. Ent. 112 at 77 [Item No. 4].[11] Additionally, plaintiffs seek to depose a Rule 30(b)(6) witness "about . . . any employment through VOLT of Jim Morgan and Chuck Martin." Doc. Ent. 112 at 77 [Item Nos. 6 and 7]. Furthermore, plaintiffs seek to examine the Rule 30(b)(6) witness regarding profits. Doc. Ent. 112 at 77-78 [Item No. 9].[12] Plaintiffs' counsel seeks to depose a Rule 30(b)(6) witness "on any documents that relate to those points that have not previously been produced." Doc. Ent. 112 at 78.

Defense counsel mentioned a database showing that 35,400 pages of material have been produced and asserted that "any further examination of any witness should be limited to documents that were produced after April 19th of 2006[.]" Doc. Ent. 112 at 80. Plaintiffs' counsel stated that "[m]any of the documents that Deere has indicated on this list that we have, have not been produced[,]" and "the majority of the documents that Deere has produced in this case were not produced until after April 30th." Doc. Ent. 112 at 81.

**d.** Upon consideration, plaintiffs' motion is granted to the extent it seeks another Rule 30(b)(6) deposition regarding Item Nos. 2, 4, 6, 7 and 9. Instead of setting forth specific rulings

---

[11]At the motion hearing, defense counsel stated that defendant would, subject to my April 21st orders, "produce someone regarding the reasons and facts underlying the termination of Mr. Bormann in further response to number four." Doc. Ent. 112 at 50. She stated, "I am not convinced by Mr. Allen's argument that just because it has to do with an investigation that is automatically privileged, nor do I believe that that is anything that is up on appeal, because I don't believe this Court ruled in that way." Doc. Ent. 112 at 77.

[12]Plaintiffs distinguished the profit information sought by request No. 9 from damages. Doc. Ent. 112 at 77-78. Plaintiffs claim "[t]hese are funds that should be turned over to plaintiffs under the law. It has been a part of our case from day one." Plaintiffs claim that, knowing J&D's sales and Deere's margins, "it would be pretty easy to estimate." Doc. Ent. 112 at 78.

with regard to these five items, the Rule 30(b)(6) deposition shall take place in my conference room/courtroom, subject to my availability, where I will be available to rule upon any objections that may arise during the course of examination, such as the scope of deposition.[13]  I agree with defense counsel that a time limit should be set.  Doc. Ent. 112 at 80.  As plaintiffs' counsel agreed to during oral argument, any such deposition will be limited to four hours.  Doc. Ent. 112 at 81.

**2.      Plaintiffs' motion is denied to the extent plaintiffs argue that defendant should "produce all documents requested in [p]laintiffs' Notice of Deposition *Duces Tecum* of Deere & Co.[.]"**

**a.**      Fed. R. Civ. P. 30(b) provides in part that "[t]he notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition.  The procedure of Rule 34 shall apply to the request."  Fed. R. Civ. P. 30(b)(5).  Plaintiffs request that the Court order Deere to "produce all documents requested in Plaintiffs' Notice of Deposition *Duces Tecum* of Deere & Co.[.]"  Doc. Ent. 82-1 at 20; Doc. Ent. 98-5 at 1 ¶ (b).

Plaintiffs' February 20, 2006 notice of taking deposition duces tecum of defendant Deere & Co. instructs defendant "to produce at the deposition, all **documents** . . . that" (A) "[t]he deponent reviewed in preparing for his/her testimony[,]" and (B) "[a]re related to the matters on which examination is requested."  Doc. Ent. 82-1 Ex. E (emphasis added).  Plaintiffs seek "all

---

[13]For example, defendant has requested that "[a]ny further testimony should be strictly limited to the topics in the Notice[.]" Doc. Ent. 103 at 6.  Furthermore, as stated during oral argument with respect to my April 21, 2006 order, I agree with plaintiffs' counsel that "certain documents related to the investigation [are] privileged," however, that does not mean that "everything related to the investigation [is] privileged." Doc. Ent. 112 at 53.  Of course, defendant's objections with respect to the confidentiality of the investigation materials are affected by Judge Lawson's August 27, 2007, order.

documents responsive to [their] Notice of Deposition *Duces Tecum* of Deere & Co. . . . [within] ten (10) days of the date of the hearing on this motion."  Doc. Ent. 82-1 at 7.

With respect to request Nos. 2 and 3, plaintiffs claim that (1) "Deere failed to produce documents related to its consolidation plans[,]" and (2) "Deere provided no documentation with respect to its role in the sale of the Gettel dealerships to Mitchell."[14]  Doc. Ent. 82-1 at 12-13. Specifically, plaintiff mentions Porter's Excel spreadsheet, territory managers' monthly reports, a request from the Gettels for defendant's assistance in locating a buyer and a copy of the buy/sell agreement for the Gettel & Co. sale.  Doc. Ent. 82-1 at 12-13.  With respect to request Nos. 4, 6, 7 and 9, plaintiffs mention Mitchell's invoices or incentive program information, 2003 Farm Science Review records, defendant's severance agreement with Bormann, the investigation file, Volt records, and documents relevant to "Deere's profits earned on the business generated by J & D Implement, Inc., from January 15, 2003 to present[,]" such as sales records and margin records.  Doc. Ent. 82-1 at 13-14.

As to the competency of its Rule 30(b)(6) witness, defendant points to an April 13, 2006 electronic mail from Richard D. Fries to plaintiffs' counsel regarding the Rule 30(b)(6) deposition which, with respect to Request Nos. 2, 6 and 7, directs plaintiffs' counsel's attention to documents that had been produced.  Doc. Ent. 92-10 at 2; Doc. Ent. 92 at 12-13.  With regard to request No. 9, it is defendant's position that "Deere does not measure profit by dealership." Doc. Ent. 92 at 15 (referring to Porter's 4/1/06 deposition).

---

[14]As previously noted, plaintiffs have agreed to forego further questioning regarding request No. 3 of the subpoena.  Doc. Ent. 112 at 54.

**b.** At the motion hearing, plaintiffs' counsel stated that "[d]uring the deposition, the 30(b)(6) witness referenced documents that had not been produced." Doc. Ent. 112 at 52. Defense counsel responded that "[t]he documents that we were asked to produce were fully and fairly produced at the time of the April 18th and 19th, 2006 depositions in Columbus." Doc. Ent. 112 at 61. Defense counsel claimed that the Excel spreadsheet mentioned by Porter cannot be found and maintained that "it has nothing whatsoever to do with consolidation which was the topic of item number two[.]" Doc. Ent. 112 at 61-62. Also, Porter mentioned dealer reports, and defense counsel maintained that "that was not something that was asked for in item number two, Mr. Monk's monthly reports." Doc. Ent. 112 at 62-63. Nonetheless, defense counsel referenced Porter's deposition supplementation, which notes that "I now know that I have no monthly reports or emails prepared by Kevin Monk regarding conversations he may have had with dealers about consolidation. I do not know that I ever had any such reports or emails." Doc. Ent. 103-2 at 5-6; Doc. Ent. 112 at 63.

**c.** Defendant has represented to the Court that the spreadsheet cannot be found and has cited to Porter's deposition supplementation regarding the dealer reports. Furthermore, at the hearing plaintiffs' counsel stated that defense counsel represented that defendant was "unable to find" the documents referenced by Porter that had not been produced. Doc. Ent. 112 at 52. Therefore, it does not appear that the Court may order any further production of documents responsive to request Nos. 2 and 3.

With regard to request Nos. 4, 6, 7 and 9, the Court notes plaintiffs' counsel's statement that plaintiffs sought production of documents related to Item Nos. 2, 4, 6, 7 and 9, because the items produced at the deposition were not "really related to what [plaintiffs] asked for." Doc.

Ent. 112 at 57.  Upon consideration, defendants shall produce the items plaintiffs seek relative to request Nos. 4, 6, 7 and 9 (such as Mitchell's invoices or incentive program information, 2003 Farm Science Review records, defendant's severance agreement with Bormann, the investigation file, Volt records, and documents relevant to "Deere's profits earned on the business generated by J & D Implement, Inc., from January 15, 2003 to present[,]" such as sales records and margin records) to the extent such documents are available, responsive to these requests and not privileged.  Doc. Ent. 82-1 at 13-14.  Such production shall take place no later than seven (7) days prior to the Rule 30(b)(6) deposition.  It goes without saying that any such production should include documents that become responsive to the Rule 30(b)(6) document request as a result of preparing an expert witness for re-deposition.

3. **Plaintiffs motion is deemed withdrawn to the extent it argues that "Deere's counsel should be ordered to cease all 'speaking objections.'"**

Plaintiffs' motion argues that "Deere's counsel should be ordered to cease all 'speaking objections.'"  Doc. Ent. 82-1 at 15-16.  Likewise, plaintiffs' proposed order would have defendants "refrain from making speaking objections during any further depositions or evidentiary hearings[.]"  Doc. Ent. 82-1 at 20; Doc. Ent. 98-5 at 1 ¶ (c).

In response, defendant argues that "Deere has proposed that counsel for both parties refrain from speaking objections and conduct themselves civilly at deposition[,]"[15] and requests that "[a]ny Order regarding depositions should be mutual."  Doc. Ent. 92 at 17-18.

---

[15]Within this argument, defendant cites *Paparelli v. Prudential Ins. Co. of America*, 108 F.R.D. 727, 729-730 (D. Mass. 1985).  In *Paparelli*, the court stated in part, "Plaintiff's counsel's questions were improper because they went far beyond the subject matter of the deposition as listed in the 30(b)(6) notice."  *Paparelli*, 108 F.R.D. at 731.

In reply, plaintiffs argue that "Deere's counsel should be instructed to cease making speaking objections." Doc. Ent. 98 at 5. In its sur-reply, defendant argues that "[a]ny order regarding conduct at depositions should be mutual[,]" and directs the Court's attention to a proposed order regarding deposition conduct that was attached to its response. Doc. Ent. 103 at 5; Doc. Ent. 92 Tab N.

Fed. R. Civ. P. 30(d) provides, in part: "[a]ny objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d)(1). The rule further provides that "[a]t any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court . . . may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). Fed. R. Civ. P. 30(d)(4).

However, at the June 14, 2006 motion hearing, plaintiffs' counsel represented that subsection (c) of the proposed order may be stricken. Doc. Ent. 112 at 49. Therefore, plaintiffs' motion is deemed withdrawn to the extent it sought an order requiring Deere's counsel to cease all speaking objections.

**4.      Plaintiff's motion is granted to the extent it argues that "[p]laintiffs should be permitted to re-depose David Donahue."**

**a.      On April 18, 2006, David C. Donahue was deposed.** (Doc. Ent. 82 Ex. B). According to plaintiffs, Rickey Joe Bormann and David Donahue were "the targets of the investigation."

Plaintiffs claim that "both of [these] individuals were adverse to Deere during the investigation[,]" and that "neither objection [the attorney-client privilege or the work-product doctrine] is valid and those depositions will have to be repeated." Doc. Ent. 82-1 at 7.

Plaintiffs argue that they "should be permitted to re-depose David Donahue." Doc. Ent. 82-1 at 16-19. Pursuant to Fed. R. Civ. P. 30(a)(2), "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined . . . if, without the written stipulation of the parties, . . . the person to be examined already has been deposed in the case[.]" Fed. R. Civ. P. 30(a)(2)(B). In support of their request, plaintiffs claim that (1) "[t]he attorney-client privilege does not apply to the questions posed to David Donahue[;]" and (2) "Donahue's responses to the questions are not protected under work-product doctrine." Doc. Ent. 82-1 at 17-19. Plaintiffs request that defendant be required to "produce David Donahue for re-deposition[.]" Doc. Ent. 82-1 at 20; Doc. Ent. 98-5 at 2 ¶ (d).

In response, defendant argues that "it was appropriate for Deere to prohibit testimony from Mr. Donohue and Mr. Bormann regarding the DWWS investigation, which the Court has now deemed privileged and work product[,]" and "[n]o additional testimony on the topic is necessary or allowed." Doc. Ent. 92 at 14-15. Defendant requests that the Court deny the instant motion "for leave to re-depose Rickey Joe Bormann and David Donohue." Doc. Ent. 92 at 18.

**b.** During the June 14, 2006 motion hearing, counsel for the parties disputed the scope of additional testimony from Donahue. Doc. Ent. 112 at 49, 51. Specifically, defense counsel stated, "[t]he only documents I know of that concerns [Donahue] or his testimony has to do with

17

the production of the summary pursuant to the Court's April 21 order." Doc. Ent. 112 at 51. As to Donahue, defense counsel argued that "any further testimony . . . ought to be limited to those five or six summary pages that were ordered under the April 21 order." Doc. Ent. 112 at 74.

Plaintiffs' counsel noted that Donahue "was instructed not to answer any questions about the investigation." Doc. Ent. 112 at 78. Plaintiffs wish to depose Donahue "about the investigation, and of course, depose him about the additional documents that were provided to [plaintiffs] after the [April 30, 2006] close of discovery." Doc. Ent. 112 at 78-79.

c.      On August 27, 2007, Judge Lawson specifically considered the documents Bates-stamped 17901 through 18167. Doc. Ent. 164 at 4-10. He stated, "[i]t appears to the Court that the information contained in the documents and reports were produced and assembled not for litigation but as part of an internal investigation conducted by Deere based on a report of improprieties and possible illegal conduct by company employees." Doc. Ent. 164 at 7. Citing the apparent February 16, 2006, privilege log (Doc. Ent. 95-5 at 5-6) filed on May 25, 2006, Judge Lawson stated that "[t]he log does not present the plaintiff with the opportunity to challenge any of the privileges asserted." Doc. Ent. 164 at 9. After characterizing these documents, Judge Lawson concluded:

> The Court believes that the witness interview and investigation summaries are protected by the attorney-client privilege, since they parallel the type of information discussed in *Upjohn* and *In re Columbia/HCA Healthcare Corp.* The other documents were kept in the ordinary course of business, and the defendant has failed to carry its burden of showing that they were assembled in anticipation of litigation, they contain the mental impressions of legal counsel, or they contain communications for the purpose of rendering legal advice.

Doc. Ent. 164 at 10. Ultimately, Judge Lawson sustained in part and overruled in part plaintiffs' objections regarding the privileged documents. Doc. Ent. 164 at 16.

**d.** Plaintiffs' April 30, 2006, request for leave to redepose Donahue is based upon defense counsel's objections to questions regarding the internal investigation - documents which were the subject matter of my April 21, 2006 order. Doc. Ent. 82-1 at 16-19. Clearly, the bases of defendant's objections during Donahue's April 18, 2006 deposition, as well as defense counsel's request to limit Donahue's redeposition to the six pages of the DWWS summary, is affected by Judge Lawson's August 27, 2007, order.

Upon consideration, plaintiffs' motion is granted to the extent it seeks the redeposition of Donahue. However, instead of setting forth specific rulings with regard to the scope of this re-examination, Donahue's redeposition shall take place in my conference room/courtroom, subject to my availability, where I will be available to rule upon any objections that may arise during the course of examination, such as the scope of questions posed to the deponent. As plaintiffs' counsel agreed to during oral argument, any such deposition will be limited to four hours. Doc. Ent. 112 at 81.

**5.     Plaintiffs' motion is denied without prejudice to the extent it seeks payment "for all depositions that are permitted to be taken pursuant to this Order[.]"**

**a.** Plaintiffs request costs associated with retaking depositions based upon defendant's alleged unsubstantiated objections and refusal to produce documents, as well as defense counsel's "speaking objections". Doc. Ent. 82-1 at 7. In their proposed order, plaintiffs request that defendant "pay for all depositions that are permitted to be taken pursuant to this Order, including paying Plaintiffs' reasonable attorney fees, transportation costs of Plaintiffs and their counsel, and transcription costs." Doc. Ent. 82-1 at 20; Doc. Ent. 98-5 at 2 ¶ (e).

Defendant responds that, with regard to any additional deposition permitted by the Court, "the parties should bear their own expense[,]" and requests that plaintiffs "be assessed costs,

because Deere has already offered the relief requested in their Motion." Doc. Ent. 92 at 14 n.6, 18. In sur-reply, defendants contend that "[t]o the extent Plaintiffs re-depose Mr. Bormann (which re-deposition is necessary due only to Plaintiffs' refusal to wait for the Court's ruling regarding the existence and extent of privilege as to the snowblower incentive program) . . . Deere is not responsible for the costs of that deposition of an individual who is not a Deere witness, is not represented by Deere, is not employed by Deere, and is not within Deere's control." Doc. Ent. 103 at 3. Defendant also argues that "[p]laintiffs should be assessed costs because Deere has already offered the relief requested in their Motion." Doc. Ent. 103 at 6.

**b.**     At the June 14, 2006 motion hearing, counsel for the parties addressed the issue of costs. Doc. Ent. 112 at 58-61. Plaintiffs stated that they took the depositions of Donahue and Porter on April 18 and 19, 2006, respectively, in light of the approaching April 30, 2006 discovery deadline. Doc. Ent. 112 at 59. Plaintiffs "couldn't afford to wait any longer and not have an opportunity to take discovery that you find out during the deposition." Doc. Ent. 112 at 59. Plaintiffs' counsel sought an award of "costs in having to retake these depositions," citing "instructions not to answer questions[,]" and "documents that should have been produced months and months and months ago." Doc. Ent. 112 at 58-60.

In response, defense counsel claimed "[t]here was never a reason why an April 30th discovery date could not be extended[,]" and suspected that "plaintiffs insisted on heading headlong and forcefully into this thing . . . so they could plan to have a second bite at the apple on all of these witnesses[.]" Doc. Ent. 112 at 60-61. Defense counsel also stated that "a high percentage of the questions asked were well beyond the scope of the 30(b)(6) notice." Doc. Ent. 112 at 61. Defense counsel argued that "if there is any further testimony to be taken, because

plaintiffs clearly, clearly had the opportunity to avoid any additional cost that is to come up, that the addition cost incurred by Deere for any additional testimony should be charged to the plaintiffs."  Doc. Ent. 112 at 75-76.

In rebuttal, plaintiffs reiterated their request for "costs associated with retaking these depositions[.]"  Plaintiffs argued that "what Deere has done is, it managed not to produce – to produce very few relevant documents prior to the close of discovery.  And then it produced many, many documents.  It has made instructions to witnesses that obviously are not grounded in the law or in fact."  Plaintiffs' counsel contended that "[if] [Deere] had cooperated with discovery, we wouldn't be here today."  Doc Ent. 112 at 79.

**c.**     Fed. R. Civ. P. 30 provides in part that "[u]nless the court orders otherwise, [the deposition] may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording."  Fed. R. Civ. P. 30(b)(2).  Rule 30 further provides that "[i]f the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof."  Fed. R. Civ. P. 30(d)(3).

Furthermore, with respect to expenses and sanctions for the "[f]ailure to make disclosure or cooperate in discovery[,]" Rule 37 provides in part that "[i]f the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."  Fed. R. Civ. P. 37(a)(4)(C).

**d.**     I have considered the foregoing arguments by the parties, as well as defense counsel's notation that "there have been numerous documents produced under the orders and pursuant to the [April 21, 2006 orders (Doc. Entries 71 at 72)] orders of the Court after April 19, 2006." Doc. Ent. 112 at 50.  All requests for costs, including defendant's request to be reimbursed for litigating the instant motion and plaintiffs' request that defendant fund cost of further depositions that take place as a result of this order, are denied without prejudice.  The parties shall bear their own costs at deposition.

**6.      The motion is granted to the extent it argues that "[p]laintiffs should be permitted to re-depose Rickey Joe Bormann."**

**On March 28, 2006, former Deere employee Rickey Joe Bormann was deposed.**  He was represented by attorney J. Michael Fordney.  (Doc. Ent. 82 Ex. D).  Plaintiffs argue that they "should be permitted to re-depose Rickey Joe Bormann."  Doc. Ent. 82-1 at 19-20.  This request to re-depose Bormann is based upon defense counsel's objections to questions regarding the internal investigation - documents which were the subject matter of my April 21, 2006 order. Doc. Ent. 82-1 at 19-20.  Plaintiffs request that permission to do so should be contained in the Court's order regarding the instant motion.  Doc. Ent. 82-1 at 20; Doc. Ent. 98-5 at 2.  Defendant replied that Bormann, "who does have first-hand knowledge [regarding the snowblower incentive program], is not a Deere employee or witness under Deere's control who can be compelled by Deere to testify on its behalf."  Doc. Ent. 103 at 3.

During the hearing, plaintiffs' counsel stated that the redeposition of Bormann "would be basically limited to those matters that we asked him questions about that he was not permitted to answer, as well as any additional documents that we received after his deposition that should have been produced in advance."  Doc. Ent. 112 at 58.  Defense counsel noted that defense

counsel "had nothing to do with preparing" Bormann for deposition and that Bormann was represented by independent counsel (Fordney). Doc. Ent. 112 at 65. In defense counsel's opinion, "if Mr. Bormann has to testify more, his own lawyer ought to have a chance to at least respond to this." Doc. Ent. 112 at 66. In light of the fact that plaintiff had not provided Mr. Fordney [Bormann's counsel] with notice of the instant motion, plaintiffs' counsel requested that the Court rule on plaintiffs' ability to re-depose Bormann "subject to some objection by Mr. Bormann or his counsel." Doc. Ent. 112 at 79.

Upon consideration, plaintiffs may notice the redeposition of Bormann. If, in fact, Bormann and/or his counsel have an objection to the redeposition, their remedy will be to pursue a motion for protective order. Plaintiffs' and Bormann's actions in this regard should be done in accordance with Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 45.

## II.    ORDER

In accordance with the foregoing opinion, plaintiffs' motion to compel a competent 30(b)(6) witness, produce requested documents, and for leave to re-depose Rickey Joe Bormann and David Donahue (Doc. Ent. 82) is GRANTED IN PART. With respect to the depositions permitted by Sections I.C.1 and I.C.4 of this opinion, counsel shall contact my courtroom deputy regarding my availability before scheduling such examinations.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives
PAUL J. KOMIVES

Dated: 9/28/07                                       UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 28, 2007.

s/Eddrey Butts
Case Manager