UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAETHEM EQUIPMENT COMPANY,
LAETHEM FARM SERVICE COMPANY,
MARK E. LAETHEM and
MICHAEL T. LAETHEM ,

                            CASE NO. 05-CV-10113-BC
      Plaintiffs,         JUDGE DAVID M. LAWSON
                            MAGISTRATE JUDGE PAUL J. KOMIVES

v.

DEERE AND COMPANY,

      Defendant,

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DOCUMENTS IMPROPERLY DESIGNATED "CONFIDENTIAL - COUNSEL ONLY"(Doc. Ent. 118)**

**I.**     **OPINION**

**A.**     **Background and Procedural History**

On April 19, 2005, plaintiffs Laethem Equipment Company (LEC), Laethem Farm Service Company (LFSC), Mark E. Laethem and Michael T. Laethem (hereinafter plaintiffs) filed a complaint against defendant Deere and Company. Plaintiffs' claims include (I) breach of Michigan's Farm and Utility Equipment Act; (II) breach of contract; (III and IV) tortious interference with business relationships; (V) violation of Michigan's Uniform Trade Secrets Act; (VI) aiding and abetting violation of fiduciary duty and (VII) violation of Michigan's franchise investment law.

On May 10, 2005, defendant filed its answer. On August 2, 2005, Judge Lawson entered a stipulated protective order. On February 14, 2006, Judge Lawson set the discovery deadline for April 30, 2006.

**B.     My April 5, 2006 and April 21, 2006 Orders and Plaintiffs' Objections**

On April 5, 2006, I entered an order granting defendant's motion to amend the August 2, 2005 protective order. (Doc. Ent. 60). On April 21, 2006, I entered a first amended protective order (FAPO). (Doc. Ent. 71). That order permits a "CONFIDENTIAL - COUNSEL ONLY" designation. Doc. Ent. 71 ¶ 3.

On April 24, 2006, plaintiffs filed objections to my April 5, 2006 order granting defendant's motion to amend the August 2, 2005 protective order. (Doc. Ent. 74). Plaintiffs argue that "Deere bears the burden of proving the necessity for a protective order." (Doc. Ent. 74-1 at 12-13).

**D.     The Instant Motion to Compel**

On July 24, 2006, in the motion currently before this Court, plaintiffs ask that the Court compel the declassification of defendant's documents labeled as "Confidential - Counsel Only". Specifically, plaintiffs take issue with defendant's responses to certain requests to produce within plaintiffs' first (December 19, 2005) and third (April 30, 2006) requests for production of documents. Doc. Ent. 118 at 7-15. Alternatively, plaintiffs seek entry of their proposed second amended protective order (PSAPO). Doc. Ent. 118 at 15.

Judge Lawson referred this motion to me for hearing and determination. Doc. Ent. 147. The hearing on this motion was originally scheduled for August 30, 2006. Doc. Ent. 148. However, the hearing was rescheduled for August 31, 2006. Doc. Ent. 152.

On August 9, 2006, defendant filed a response. Doc. Ent. 149.[1] On August 24, 2006, plaintiffs filed a reply. Doc. Ent. 153.

On August 31, 2006, I held a hearing on the instant motion. Appearing for plaintiffs was attorney Ann L. Andrews, and appearing for defendant was attorney John W. Allen.[2] Plaintiff's counsel's first preference was to have the Court require that documents marked "CCO" be marked "Confidential"; her second preference was to have the Court amend the protective order to permit plaintiffs' counsel to have one plaintiff, if not both, sit with her and possibly an expert to review the materials marked CCO; her third resolution was to have defense counsel sit with plaintiffs' counsel and explain the documents in the presence of a court reporter and the fourth alternative is to conduct depositions at Deere's expense. Doc. Ent. 157-2 at 13-17. Following oral argument, I took the motion under advisement. Doc. Ent. 157-3 at 11.

**E.    Judge Lawson's Rulings on Plaintiffs' Objections**

On August 27, 2007, Judge Lawson entered an order sustaining in part and overruling in part objections to my discovery orders. Doc. Ent. 164. In pertinent part, Judge Lawson

---

[1]Exhibit L to the response was filed under seal. Doc. Ent. 154.

[2]During the hearing, defense counsel provided the Court with copies of six (6) exhibits: (1) a three-page August 30, 2006 letter from defense counsel to plaintiffs' counsel regarding "CCO" discrepancies in defendant's August 18, 2006 document production log, *See* Doc. Ent. 158 (second two pages filed under seal); (2) a two-page August 16, 2006 letter from defendant's paralegal to plaintiffs' counsel regarding documents missing from production and to which are attached CCO-designated Bates-numbered pages 029018-029026, Doc. Ent. 155; (3) a three-page electronic mail from defense counsel to plaintiffs' counsel regarding CCO documents, plaintiffs' counsel's August 22, 2006 message and Doc. Ent. 153; (4) a three-page August 25, 2006 cease and desist letter from J & D Implement's law firm to plaintiffs' counsel; (5) a ten-page compilation of plaintiff's discovery requests and Deere's responses as included in plaintiffs' brief in support of motion to compel documents improperly designated "CCO", Doc. Ent. 118-8; (6) a one-page January 13, 2004 electronic mail from Mike and Lynn Laethem to Jeff G. Moore stating "[c]ould you mess up the J&D Implement web site[,]" Doc. Ent. 149-8, to which is attached four pages of the April 25, 2006 deposition of Jeffrey Moore.

3

considered plaintiffs' objections to my April 5, order granting defendant's motion for protective order. Doc. Ent. 164 at 3-4. Specifically, he concluded that, "[b]efore this objection can be ruled upon, the Court must learn whether the magistrate judge viewed them. The court, therefore, will direct the parties to submit affidavits of counsel on the subject. If the magistrate judge actually reviewed the documents, then the defendant's attorney shall submit to chambers a disk containing the documents at the time he files his affidavit." Doc. Ent. 164 at 4.[3]

**F.     Plaintiffs' motion is denied to the extent it seeks declassification of responses to certain discovery requests.**

Plaintiffs take issue with defendant's responses to fourteen (14) of the twenty-one (21) December 19, 2005 requests: request Nos. 1, 17 and 18; 2, 12, and 13; 4; 5;[4] 7; 8; 11 and 16; 20; and 21. Doc. Ent. 118-1 at 7-13. Plaintiffs also take issue with defendant's responses to six (6) of the nineteen (19) April 30, 2006 requests: request Nos. 1 and 17, 14, 15, 16 and 18. Doc. Ent. 118-1 at 13-15. In light of my conclusion below, plaintiffs' motion is denied to the extent it seeks declassification of certain document production.

**G.     However, plaintiffs' motion is granted to the extent it seeks entry of the PSAPO.**

---

[3]Defense counsel John W. Allen's affidavit was filed on September 4, 2007. Doc. Ent. 165. On September 5, 2007, a certificate of service was filed. Doc. Ent. 166.

[4]Plaintiffs maintain that the Court "has already determined that Deere's investigation of Richard Bormann is not privileged[,]" and "Deere's investigation of an employee's wrongdoing (Richard Bormann) has already been deemed by this Court not to be privileged and the 'Confidential - Counsel Only' designation is equally inappropriate." Doc. Ent. 118-1 at 9-10. Defendant claims that the Court "has already ruled that Deere's investigation of Mr. Bormann is privileged, except for a five page summary that has already been provided to Plaintiffs." Doc. Ent. 149 at 11.
  Presumably, the parties are referring to Section I.C.1 of my April 21, 2006 order, wherein I stated: "In arriving at this conclusion, I am not ruling on whether plaintiffs have the right to pursue discovery with regard to this incident, such as making a direct request for information regarding AL 04-019. I am only ruling that the material provided appears to be protected by the attorney/client or work product privilege." Doc. Ent. 72 at 4-8.

Alternatively, plaintiffs propose an amendment to the FAPO "to permit Plaintiffs to have in-person access to the 'Confidential - Counsel Only' documents in the presence of their counsel, but that they not be permitted to have or make copies of any of these documents." Doc. Ent. 118-1 at 15. A copy of the PSAPO is attached to plaintiffs' motion. Doc. Ent. 118-37.

Defendant argues that "the less restrictive use language of a 'Confidential' designation under the Protective Orders will not offer adequate protection to Deere or Deere Dealers for the highly sensitive 'CCO' documents." Doc. Ent. 149 at 4. Defendant states that "Plaintiffs' personal review of the documents would be unnecessary and impractical." Doc. Ent. 149 at 19. Furthermore, defendant states that "[t]here is no provision in the First Amended Protective Order for supervision of such review. There is no practical means of enforcement, especially when Plaintiffs orally communicate the information in the marketplace." Doc. Ent. 149 at 20.

Defendant alleges that deletion of the CCO designation in its entirety is an issue that plaintiffs have appealed to Judge Lawson. Doc. Ent. 149 at 20. Defendant argues that "[b]y forcing the Court [to address this issue], Plaintiffs are intentionally increasing the opportunity of conflicting Orders, and the chance of errors, from both the District Court and the Magistrate Judge[,]" Doc. Ent. 149 at 20. Without commenting on plaintiffs' intentions for filing the instant motion, I conclude that it would be prudent to permit Judge Lawson to rule on plaintiffs' objections before I enter an order regarding declassification of documents classified in response to request Nos. 1, 17 and 18; 2; 4; 5; 7; 8; 11 and 16; 20; and 21.

It appears that the differences between the FAPO entered on April 21, 2006 (Doc. Ent. 71) and the PSAPO attached to plaintiff's motion (Doc. Ent. 118-37) are few. The primary difference is that the PSAPO provides that "the parties may have in-person access to documents

designated 'CONFIDENTIAL - COUNSEL ONLY' under the supervision of their counsel so long as the parties are not permitted to retain or make copies of any documents so designated." Doc. Ent. 118-37 at 3 ¶ 3. This sentence is not contained in the same paragraph of the FAPO filed on April 21, 2006. Doc. Ent. 71 at 2 ¶ 3.[5] Therefore, entry of the PSAPO would, to a certain extent, contradict my April 5, 2006 order granting defendant's motion to amend the August 2, 2005 protective order, and it is the CCO provision approved by my April 5, 2006 order (and embodied in the April 21, 2006 FAPO) that is the subject of plaintiffs' appeal to Judge Lawson.

Nonetheless, plaintiffs' motion is granted to the extent it seeks entry of the PSAPO. In order to respect the pendency of the confidentiality issue before Judge Lawson and to insure that the orders of this Court are consistent, a concern raised by defendant in its response to the instant motion, Doc. Ent. 149 at 20, the effect of this order is stayed pending Judge Lawson's ruling on plaintiff's April 24, 2006 objection to my April 5, 2006 order.

In arriving at this decision, I am taking into account plaintiff's May 18, 2006, reply regarding plaintiffs' motion to compel documents from the law firm of Currie Kendall. Doc. Ent. 93. Plaintiffs attach examples of items to which Deere had assigned the CCO designation, including allegedly (1) Mark and Michael Laethem's 1994 Personal Financial Statement; (2) a stock redemption agreement Paul Laethem and Francis Laethem for ownership of LFSC dated

---

[5]This new last sentence in ¶3 replaces the FAPO ¶3's last sentence: "An attorney who received information pursuant to this section may reveal it to his or her experts or consultants only for the purpose of this litigation." Doc. Ent. 71 at 2 ¶ 3. The only other difference appears to be that ¶ 4 of the PSAPO contains the sentence: "Persons who have executed Declarations under prior versions of this Protective Order need not do [so] again. Such Declarations remain effective." Doc. Ent. 118-37 at 3 ¶ 4.

February 21, 1992 and (3) personal guarantees executed by Mark and Michael Laethem." Doc. Ent. 93 at 8, Doc. Ent. 93-13, Doc. Ent. 95. I am further informed by the June 14, 2006, motion hearing on two other motions,[6] during which defense counsel stated that "we removed that designation from well over a thousand documents by taking a particular look at them and being allowed to use the lesser confidential designation." Doc. Ent. 112 at 34.[7] That this statement suggests such designation was made without thoughtful inspection is supported by plaintiffs' counsel's statement that "Deere slapped 'counsel eyes only' on 90 percent of the documents." Doc. Ent. 112 at 43. As previously noted, defendant disputes plaintiffs' claim that defendant has designated approximately 90% of its document production as CCO. Doc. Ent. 101 at 6.

I recognize defense counsel's request that "[t]he 'CCO' designation remain as is, unless and until Plaintiffs' expert and Plaintiffs' counsel file sworn statements under oath or penalty of perjury that they and their firms, after further deposition testimony of Mr. Donahue and Deere's 30(B)(6) witness, cannot assist the finder of fact to understand the evidence or to determine a fact in issue[.]" Doc. Ent. 149 at 20. Plaintiffs argue that "Deere's reports can only be interpreted by persons with Deere experience." Doc. Ent. 153 at 3. They further argue that "Honigman attorneys are bright and dedicated to the practice of law. But they cannot analyze the CCO documents without assistance from plaintiffs." Doc. Ent. 153 at 3. Also, they argue that "[t]he Sherman Anti-Trust Act is not implicated." Doc. Ent. 153 at 4.

---

[6]This hearing concerned plaintiff's April 24, 2006 motion to compel documents from Currie Kendall (Doc. Ent. 75) and plaintiff's April 30, 2006 motion to compel a competent 30(b)(6) witness, produce requested documents, and for leave to re-depose Rickey Joe Bormann and David Donahue (Doc. Ent. 82). I ruled on these motions in separate orders. Doc. Entries 169 and 170.

[7]On June 1, 2006, defendant agreed to remove the "Confidential - Counsel Only" designation from approximately 2,139 pages of documents. Doc. Ent. 149-12 Ex. J.

During the hearing on the instant motion, plaintiffs' counsel stated that she would guarantee that Mike Laethem "won't make a copy of a single document." Doc. Ent. 157-2 at 16. As I understood plaintiffs' counsel's argument during the August 31, 2006 hearing, the thrust of her argument is that she does not have meaningful discovery, she cannot determine what information in the seventeen (17) binders may be relevant to this case unless she is permitted to go over these materials with her client present in the room with her. Doc. Ent. 157-3 at 9. I conclude that this alternative strikes a proper balance between plaintiffs' need to make use of the discovery produced and defendant's request to keep the documents at issue confidential.

## II.   ORDER

In accordance with the foregoing opinion, plaintiffs' motion to compel documents improperly designated "Confidential - Counsel Only" (Doc. Ent. 118) is GRANTED IN PART and DENIED IN PART. However, the effect of this order is stayed pending Judge Lawson's ruling on plaintiff's April 24, 2006 objection to my April 5, 2006 order. Furthermore, the parties shall have seven (7) days from the date of any such order by Judge Lawson within which to move for reconsideration of the instant order. If either party does not so move, the PSAPO will enter immediately and any responses by defendant which are required by this order shall be provided within fourteen (14) days of the filing date of Judge Lawson's ruling.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
| Dated: 9/28/07 | s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 28, 2007.
>
> s/Eddrey Butts
> Case Manager