UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAETHEM EQUIPMENT COMPANY,
LAETHEM FARM SERVICE COMPANY
MICHAEL T. LAETHEM and MARK E.
LAETHEM,

                        Plaintiffs,

v.                                                   Case No: 05-10113
                                                    Honorable David M. Lawson
DEERE & COMPANY,                         Magistrate Judge Paul J. Komives

                        Defendant.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND REFERRING MOTIONS**

Presently before the Court is the report issued on August 6, 2008, by Magistrate Judge Paul J. Komives pursuant to 28 U.S.C. § 636(b) recommending that this Court deny the defendant's motion to dismiss the plaintiff's complaint for discovery misconduct. The defendant filed objections on August 25, 2008, claiming that the magistrate judge erred when he prematurely issued the report and recommendation before he had a chance to conduct a full inquiry into the defendant's allegations. The defendant specifically contends that the magistrate judge should undertake the extensive fact-finding hearing that it proposes and that the magistrate judge erred by crediting the declaration of plaintiffs' counsel.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the Report and Recommendation waives any

further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court has reviewed the report and recommendation and the defendant's objections, and after a *de novo* review finds that the magistrate judge accurately concluded that dismissal is an inappropriate sanction for the alleged misconduct.

The magistrate judge correctly considered the four factors identified by the Sixth Circuit in *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988), and summarized by the court in *United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the [disobedient] party's conduct; (3) whether the [disobedient] party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before[hand]." *Id.* at 458 (internal quotes omitted). In any event, "[d]ismissal of an action . . . is a sanction of last resort," *Regional Refuse*, 842 F.2d at 154, and due process appears to require a finding of bad faith or willfulness, *see ibid.*; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

Here, the defendant has not made the requisite showing of bad faith at this time. Bad faith is more than "mere gamesmanship or garden variety discovery abuses." *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 530 (E.D. Mich. 2008). Bad faith that warrants dismissal when the offending party "ha[s] no respect for the civil justice system, and it would be unfair to require the defendants to defend this case any further." *Ibid.* This simply is not the case here, as the magistrate judge aptly concluded. This conclusion is bolstered by the fact that the defendant's most serious

allegations are leveled against counsel – not the plaintiffs themselves – and the Sixth Circuit is "'reluctant to uphold the dismissal of a case . . . merely to discipline an errant attorney because such a sanction deprives the client of his day in court.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Buck v. United States Dep't of Agriculture*, 960 F.2d 603, 608 (6th Cir. 1992)).

The defendant urges the Court to reject the magistrate judge's conclusion on the ground that he failed to conduct "a live, in-person, on-record hearing." Def.'s Obj. at 5. Yet, just as "there is no requirement that a full evidentiary hearing be held before imposing sanctions," *see Wilson-Simmons v. Lake County Sheriff's Dept.*, 207 F.3d 818, 822 (6th Cir. 2000); *see also Cook v. American S.S. Co.*, 134 F.3d 771, 774 (6th Cir. 1998), there is no requirement that every motion for sanctions must be decided after hearing live testimony.

The defendant also observes that, since the magistrate judge issued his report and recommendation, more evidence has been established showing the importance of the disks. It cites to a hearing where the plaintiffs' sister and legal adversary Kathryn Laethem stated that the e-mails on the M&M Disks constitute "massive evidence of Mark and Mike Laethem's attempt to defraud many parties. . ." Def.'s Obj., Ex. A, Hearing Tr. Aug. 15, 2008, at 37. This statement by Kathryn Laethem does not establish bad faith on the part of the plaintiffs with regard to discovery misconduct.

Nor is the defendant sufficiently prejudiced by any misconduct. The magistrate judge concluded that the prejudice of having to redo discovery can be rectified with the assessment of expenses. The Court agrees. In its objections, the defendant appears to speculate that it may have lost the opportunity to secure certain pieces of evidence. *See* Def.'s Obj. at 10 ("Prejudice to Deere

arising from inability to secure evidence – See *Grange v. Mack*, 270 Fed.Appx. 472, 376-77 (2008). Prejudice known to date is shown in Relevancy Analyses Doc. Ent. 252, Tab S, and 284 Tab A; and in Doc. Ent. 252 ¶ 60, 79-82; Doc. Ent. 266, ¶ 13."). The Court is not convinced that the defendant has been sufficiently prejudiced by faded memories to warrant dismissal of the case. This factor also does not favor dismissal.

Nor do the final two factors favor dismissal. Plaintiffs' counsel did not have notice that the lawsuit faced dismissal for any discovery abuses short of bad faith. Finally, it is apparent that a less drastic sanction, to be determined by the magistrate judge, can remedy any misconduct and deter future misconduct. The Court finds that dismissal for discovery misconduct is not warranted at this time.

The Court also agrees that the plan proposed by the magistrate judge is a sensible one. Therefore, the Court will refer the defendant's motion and the plaintiffs' counter-motion back to the magistrate judge to allow him to decide whether sanctions short of dismissal are appropriate. See 28 U.S.C. § 636(b)(1)(A).

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation [dkt # 305] is **ADOPTED**, and the defendant's objections [#307] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt. #214] is **DENIED** to the extent that it seeks involuntary dismissal of the plaintiffs' lawsuit.

It is further **ORDERED** that the defendant's motion to dismiss with prejudice for plaintiffs' discovery misconduct [dkt. #214] and the plaintiffs' counter motion [dkt. #235] are referred to United States Magistrate Judge Paul J. Komives for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).

s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: August 26, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 26, 2008.

                              s/Felicia M. Moses
                              FELICIA M. MOSES