UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAETHEM EQUIPMENT COMPANY,
LAETHEM FARM SERVICE COMPANY,
MARK E. LAETHEM and
MICHAEL T. LAETHEM,

                                      CASE NO. 2:05-CV-10113
            Plaintiffs,          JUDGE DAVID M. LAWSON
                                      MAGISTRATE JUDGE PAUL J. KOMIVES
v.


DEERE AND COMPANY,

            Defendant,

_____/

## OPINION & ORDER REGARDING (1) DEERE'S MOTION TO DISMISS WITH PREJUDICE FOR PLAINTIFFS' DISCOVERY MISCONDUCT AND FOR OTHER RELIEF (Doc. Ent. 214); (2) DEERE'S EMERGENCY MOTION TO SECURE WITHHELD AND "MISSING" EVIDENCE, SUSPEND CMO, AND OTHER RELIEF (Doc. Ent. 223); and (3) PLAINTIFFS' COUNTER MOTION (Doc. Ent. 235)

### *Table of Contents*

I.     OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.     Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.     Pending Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    C.     Defendant's January 31, 2008 Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    D.     Defendant's February 14, 2008 Emergency Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    E.     Judge Lawson's February 21, 2008 Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    F.     Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
          1.     Defendant's January 31, 2008 motion is denied without prejudice in part and
                 granted in part to the extent it requests a Court inquiry and examination, the
                 appointment of a special master, and the assessment of expenses against plaintiff.
                 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
          2.     Defendant's emergency motion to secure withheld and 'missing' evidence, suspend
                 CMO, and other relief is denied in part, deemed resolved in part, and granted in
                 part. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
          3.     Plaintiffs' counter-motion is granted in part. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

II.    ORDER: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# I.   OPINION:

## A.   Background

Plaintiffs Laethem Equipment Company (LEC), Laethem Farm Service Company (LFSC), Mark Laethem and Michael Laethem filed this lawsuit on April 19, 2005.  This Court's jurisdiction over the instant case is based upon diversity of citizenship.  28 U.S.C. § 1332(a); Doc. Ent. 1 ¶ 8.  Plaintiffs allege (I) breach of Michigan's Farm and Utility Equipment Act (MFUEA) (in favor of LEC and LFSC); (II) breach of contract (in favor of LEC and LFSC); (III) tortious interference with business relationships (in favor of LEC and LFSC); (IV) tortious interference with business relationships (in favor of plaintiffs Mark Laethem and Michael Laethem); (V) violation of Michigan's Uniform Trade Secrets Act (in favor of LEC and LFSC); (VI) aiding and abetting violation of fiduciary duty (in favor of all plaintiffs); and (VII) violation of Michigan's Franchise Investment Law (in favor of LEC and LFSC).  Doc. Ent. 1.  Defendant answered the complaint on May 10, 2005.  Doc. Ent. 3.

Pursuant to an October 1, 2007, amended case management and scheduling order, the discovery cutoff was January 31, 2008.  Doc. Ent. 172.  However, this order was vacated on May 15, 2008.  Doc. Ent. 291.

## B.   Pending Motions

Currently pending before the Court are six (6) motions:

Doc. Ent. 214  Deere's Motion to Dismiss With Prejudice for Plaintiffs' Discovery Misconduct and for Other Relief (01/31/2008)

Doc. Ent. 223  Deere's Emergency Motion to Secure Withheld and "Missing" Evidence, suspend CMO, and Other Relief (02/14/2008)

Doc. Ent. 274  Deere's Motion to Compel (04/07/2008)

Doc. Ent. 298  Plaintiffs' Emergency Motion for Order Compelling Production of Defendant's ESI and for Status Conference with the Honorable David [M.] Lawson (07/14/2008)[1]

Doc. Ent. 311  Plaintiffs' Motion to Compel and for Sanctions (08/29/2008)

Doc. Ent. 312  Deere's Motion to Compel Plaintiffs' ESI, Documents, Re Privilege Claims and Other Relief (08/29/2008)[2]

A status conference before Judge Lawson took place on September 4, 2008.

## C.    Defendant's January 31, 2008 Motion to Dismiss

On January 31, 2008, defendant filed a motion to dismiss with prejudice for plaintiffs' discovery misconduct and for other relief. Doc. Ent. 214. Specifically, defendant requests that the Court enter an order dismissing this case with prejudice as a result of plaintiff's discovery misconduct. Doc. Ent. 214 at 1. Attached to defendant's motion are Exhibits A-I. Doc. Entries 214-3 - 214-12.[3]

On February 25, 2008, plaintiffs filed a response, as well as a counter-motion for sealing all papers Deere filed with the Court wherein defense counsel quotes privileged material and for sanctions. Doc. Ent. 235. Plaintiffs suggest that the Court "sanction defense counsel for his unethical conduct of surreptitiously taking disks from a document production, purposefully searching for inadvertently produced privileged documents, quoting from privileged material in

---

[1]Defendant's response to this motion includes the declaration of J. Buller. Doc. Ent. 304-7.

[2]The declarations of Stinebiser (316-5), Foster (316-4), Mandel (316-3), Hendricks (315-4), Kim Brown (314-8), plaintiff Mark Laethem (314-7), plaintiff Michael Laethem (314-6), and Couzens (314-5) have been attached to the motion papers regarding the parties' August 29, 2008 motions.

[3]Judge Lawson referred this motion to me on February 1, 2008. Doc. Ent. 218. A hearing on the motion was noticed for February 28, 2008. Doc. Ent. 220. It was renoticed for March 5, 2008. Doc. Ent. 239. On March 4, 2008, the hearing was cancelled. On March 25, 2008, I conducted a telephonic status conference regarding pending motions.

his pleadings with the Court, using privileged material during depositions, and refusing to return privileged material upon Plaintiffs' counsel's request[,]" and "deny defense counsel's motion because it [is] not supported by the facts or relevant law and because it was brought in bad faith[.]" Doc. Ent. 235 at 2. Attached to plaintiffs' motion are Exhibits 1-23. Doc. Entries 235-3 - 235-25. One of the exhibits is a fourteen (14) page privilege log concerning Mike's disk and Mark's disk which lists 143 documents. Doc. Ent. 235-2, 235-7.

On March 1, 2008, defendant filed a reply brief in support of Deere's motion to dismiss with prejudice for plaintiffs' discovery misconduct and for other relief and a response brief to plaintiffs' counter-motion for sealing all papers Deere filed with the Court wherein defense counsel quotes privileged material and for sanctions. Doc. Ent. 254. Attached to this filing are Exhibits A-H. Doc. Entries 254-3 - 254-10. Although Deere contends that several of its motions must be considered together, only two of those mentioned - the instant motion (Doc. Ent. 214) and the February 14, 2008 emergency motion (Doc. Ent. 223) - remain pending before the Court. It is defendant's position that "[t]he delays caused by Plaintiffs' discovery misconduct should not be used to rush the process of curing that misconduct."[4]

On April 9, 2008, defendant filed the declaration of its expert witness Richard Reahm, CPA. Doc. Entries 275, 278. On April 18, 2008, defendant filed the declaration of James Finley. Doc. Ent. 282.

On August 6, 2008, I entered a report and recommendation. Doc. Ent. 305. I specifically recommended that the Court deny defendant's motion to the extent it sought dismissal of

---

[4]On or about March 1, 2008, defendant served Interrogatory No. 26 upon plaintiffs. The interrogatory sought "the identity and location of all electronically stored information (ESI) generated by plaintiffs or within plaintiffs' control." Doc. Ent. 254-10.

plaintiffs' complaint (Section II.E.4); hold in abeyance defendant's motion to the extent it requested a Court inquiry and examination, the appointment of a special master, and the assessment of expenses against plaintiff (Section II.E.5); and hold in abeyance plaintiff's counter-motion (Section II.E.6).

Defendant filed objections to my report and recommendation. Doc. Ent. 307. However, on August 26, 2008, Judge Lawson entered an order adopting my August 6, 2008 report and recommendation; overruling defendant's August 25, 2008 objections; denying defendant's January 31, 2008 motion to dismiss to the extent it sought involuntarily dismissal of the plaintiffs' lawsuit; and referred back to me defendant's January 31, 2008 motion to dismiss and plaintiffs' February 25, 2008 counter-motion for hearing and determination. Doc. Ent. 309.

**D. Defendant's February 14, 2008 Emergency Motion**

On February 14, 2008, Deere filed an emergency motion to secure withheld and "missing" evidence, suspend CMO, and other relief. Doc. Ent. 223. Attached to the motion are exhibits A - R, some of which were filed under seal. Doc. Entries 223-3 to 223-23 (Exhibits A-R), 229 (Ex. B), 230 (Ex. D), 231 (Ex. N), 232 (Ex. C), 233 (Ex. R). Defendant avers that the Court should (A) "hold an 'in-person' hearing to order Plaintiffs to secure the three (3) 'missing' computer disks (CDs), deposit them with the Court, and provide all metadata to Deere's counsel[,]" (B) appoint a special master and empower him/her "to investigate and report Plaintiffs' discovery misconduct and unlogged privilege claims[;]" (C) suspend the CMO; and

(D) give these issues "priority for resolution over all other proceedings in this matter[.]" Doc. Ent. 223 at 3.[5]

On March 3, 2008, plaintiffs filed a brief in opposition to Deere's emergency motion to secure withheld and "missing" evidence. Doc. Ent. 255.[6] Plaintiffs argue that "Deere has failed to demonstrate that it has suffered any prejudice[;]" "Deere, Kathryn Laethem, and the Trust have known of the existence of the disks since 2003[;]" and "Deere's request for a discovery master is a thinly veiled attempt to harass plaintiffs." Doc. Ent. 255 at 9-10.

Deere filed a reply on March 13, 2008, wherein it makes the following assertions: (I) the Court should consolidate consideration of all pending motions, (II) "[p]laintiffs' discovery misconduct must be the priority in this matter[,]" (III) "[t]here is no 'scorched-earth campaign[,]'" (IV) "Deere's concerns about the 'missing' Jeff Moore disk are legitimate[;]" (V) "Deere has demonstrated prejudice, even without reviewing all the evidence[,]" and (VI) "Deere counsel acted properly in all respects, including Court filings." Doc. Ent. 260.

Several declarations have been filed in this case. To begin, there are three declarations by defense counsel (Allen) which are apparently related to defendant's emergency motion. Doc. Entries 246, 252, 266. It also appears defendant filed the declarations of Timothy J. Jordan (Doc. Ent. 252-13), Woodruff (Doc. Ent. 251), Soulier (Doc. Ent. 249), Maltbie (Doc. Ent. 248), and Fries (Doc. Ent. 247) in conjunction with defendant's emergency motion. Furthermore,

---

[5]On February 21, 2007, Judge Lawson entered an order referring this motion to me for hearing and determination. Doc. Ent. 234.

[6]The cover page of plaintiffs' March 3, 2008, filing requests oral argument. Doc. Ent. 255. I choose not to schedule oral argument at this time. The request is denied pursuant to E.D. Mich. LR 7.1(e)(2) ("Oral hearings on all other motions will be held unless the judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as required by this rule.").

defendant attached the declaration of plaintiffs' counsel (Andrews) to defendant's emergency motion. Doc. Ent. 223-20.[7] Additionally, defendant has filed six declarations by John O'Connor. Doc. Entries 250, 284 (No. 2), 304-6 (No. 3), 308 (No. 4), 315-5 (No. 5), 317 (No. 6).[8]

**E.     Judge Lawson's February 21, 2008 Order**

Defendant's February 14, 2008 emergency motion was addressed in part by Judge Lawson's February 21, 2008 order following a status conference concerning certain electronically stored information. Doc. Ent. 228. Some of the issues left open by my August 6, 2008 report and recommendation regarding defendant's January 31, 2008 motion to dismiss were addressed in Judge Lawson's order. For example, Judge Lawson's order discussed a privilege log for the M&M disks; written data logs for ESI and metadata relating to this case; and the handling of plaintiffs' inadvertently disclosed and designated as privileged information from the January 18, 2008, document copying session. Doc. Ent. 228. As previously noted, the remainder of defendant's motion was referred to me for hearing and determination. Doc. Ent. 234.

Defendant filed a certification of compliance with Judge Lawson's order. Doc. Ent. 238. The declaration of plaintiffs' counsel (O'Donnell) was filed pursuant to Judge Lawson's

---

[7]This declaration was also attached to plaintiff's response (Doc. Ent. 255-5) and defense counsel's declaration (Doc. Ent. 252-22).

[8]Declarations Nos. 3 and 5 (304-6, 315-5) were filed in conjunction with Deere's response to plaintiff's July 14, 2008 motion (Doc. Ent. 298) and Deere's response to plaintiff's August 29, 2008 motion (Doc. Ent. 311). The O'Connor declaration No. 6 was filed on September 29, 2008, and was submitted in support of all pending motions, including the two presently before the Court (Doc. Entries 214 and 223). Doc. Ent. 317 at 1 ¶ 2.

February 21, 2008 order. Doc. Ent. 265. Plaintiffs also filed a notice of filing data log pursuant to Judge Lawson's order. Doc. Ent. 271.

On May 15, 2008, Judge Lawson entered an order granting in part and denying in part defendant's motion for clarification of order concerning electronically stored information and defendant's motion for adoption of Rule 26(f) plan. Doc. Ent. 291. Among other things, the order directed plaintiffs to expand their privilege log; permitted the parties to "conduct discovery to identify and obtain the ESI in the other side's possession before July 31, 2008[;]" permitted the parties to "file motions to compel production of discovery materials for the purpose of challenging the assertion of a privilege on or before August 29, 2008[;]" and required defense counsel to "turn over to the plaintiffs' attorneys the materials referenced in the Court's order dated February 21, 2008, and the defendant and its attorneys may not use the documents for any purpose until the privilege issue is resolved." Doc. Ent. 291 at 1-2.

**F.    Analysis**

**1.    Defendant's January 31, 2008 motion is denied without prejudice in part and granted in part to the extent it requests a Court inquiry and examination, the appointment of a special master, and the assessment of expenses against plaintiff.**

Deere's January 31, 2008 *motion* seeks dismissal of this case with prejudice on the basis of plaintiffs' discovery misconduct. Doc. Ent. 214 at 1. However, in the introduction to the *motion brief*, upon which the motion is based, defendant contends that "[t]he Court should conduct an extensive inquiry and examination of all evidence in Plaintiffs' custody and control (possibly using a Special Master, at the expense of Plaintiffs) to produce a report and make preliminary determinations regarding any further tardy objections raised by Plaintiffs (as to privilege or otherwise) attempting to explain why this massive evidence was not produced long

8

ago." Doc. Ent. 214 at 2. Furthermore, Deere contends, all of its "expenses for earlier discovery and motion practice, as well as the expense of this motion, should be assessed against Plaintiffs." Doc. Ent. 214 at 3.

Additionally, in the conclusion to the *motion brief*, defendant contends that "[a]ny further investigation of the evidence on the withheld disks should be conducted by someone independent of the Plaintiffs. It is an unfair burden for Deere, or for the Court and the people of the United States to expend taxpayer's monies to do so. A special master should be appointed, at the expense of the Plaintiffs. Plaintiffs should be required to produce a detailed, document by document [privilege log] (with each part of each e-mail threat separated and listed as a separate document), and further required to meet the burden which Plaintiffs have demanded from Deere, and to which Deere has complied." Doc. Ent. 214 at 14-15.[9] Defendant contends this should be done at plaintiffs' direct expense. Furthermore, defendant contends, its expenses "in this litigation, and in regard to this motion and any process of assessing the evidence on the withheld disks, should also be assessed to Plaintiffs." Doc. Ent. 214 at 15. Defendant also contends that the Amended Case Management Order "must be abandoned, another discovery schedule established, after which Deere should be permitted again to file motions for summary judgment. Any ADR is now infeasible, and the June, 2008 trial date should be abandoned. Another Status Conference is requested." Doc .Ent. 214 at 15-16.

One of the exhibits to plaintiff's February 25, 2008 response to defendant's motion to dismiss is a fourteen (14) page privilege log concerning Mike's disk and Mark's disk which lists

---

[9]Deere sets forth the data that should be listed, such as serial numbers, dates, authors, name and contact information, document type, basis for privilege, reason for January 18, 2008 disclosure, date of obtained, etc. Doc. Ent. 214 at 15.

143 documents.  Doc. Ent. 235-2, 235-7.  As noted in O'Connor's Declaration No. 2, defense

counsel received the "missing" Jeff Moore Disk on February 22, 2008 from plaintiffs, and the

M&M disks from vendor IVize, LLC on March 7, 2008.  Doc. Ent. 284 at ¶¶ 2, 4.  Furthermore,

on April 3, 2008, plaintiffs filed a data log "outlining the data on each media . . . secured by them

that is related to the issues raised in the pleadings in this case."  Doc. Ent. 271.[10]

As I noted in my report and recommendation (Doc. Ent. 305 at 32), plaintiffs contend

that "[c]ontrary to defense counsel's insinuations, Mike's Disk does not contain mountains of

information related to the lawsuit."  Doc. Ent. 235 at 7.  Among other things, the Mike Disk

"contains a small number of privileged communications between attorney Jack Couzens and

Michael and Mark Laethem."  Doc. Ent. 235-6 at 3 ¶ 3.  According to Andrews, "[w]hile

occasional downloads from the JDIS system appear [on] Mike's Disc, the actual financial

information, including inventory records, cash accounting, accounts receivable, accounts

payable, check writing, balance sheets, fixed asset records and customer information resides on

the JDIS back-up tapes Plaintiffs produced to Deere in 2006."  Doc. Ent. 235-6 ¶ 4.  According

to Andrews, "[t]he actual number of directly relevant documents is quite limited and fit[s] within

one red-rope file."  Doc. Ent. 235-6 at 3 ¶ 5.  Plaintiffs also dispute the propriety of defendant's

January 24, 2006, discovery motion.  Doc. Ent. 235 at 8, Doc. Ent. 28.

---

[10]This log was filed pursuant to Judge Lawson's February 21, 2008 order concerning certain electronically stored information.  Doc. Ent. 228.  Among the data on the two-page chart are columns labeled "Serial Number", "Name", "Users", "Type of Data related to case", "Privileged claim", "Approximate Data dates", "Location within 245 Columbia Street, Caro," "Style", "Former Plaintiff locations", "Previous owner", "Approximate Date Acquired", "Current owner Custodian" and "Style".  Doc. Ent. 271-2.

I further noted in my report and recommendation (Doc. Ent. 305 at 33) defendant's contention that "[t]his is about Plaintiffs' discovery misconduct. To determine the appropriate resolution, the Court must conduct an in-depth inquiry, including an extensive in-person evidentiary hearing complete with witness testimony subject to cross-examination." Doc. Ent. 254 at 2. In conclusion, defendant requests that "the Court conduct an in-depth inquiry through the procedures outlined in Tab A." Doc. Ent. 254 at 20; Doc. Ent. 254-3. Defendant requests that the Court find:

(1)  Plaintiffs committed serious misconduct by withholding and hiding evidence;
(2)  Plaintiffs' misconduct has irreparably harmed Deere;
(3)  Dismissal of Plaintiff's Complaint with Prejudice is warranted; and
(4)  Deere is entitled to recovery of its reasonable expenses, including attorneys fees, expended in defending this matter.

Doc. Ent. 254 at 20-21. Defendant also contends that the Court should appoint a Fed. R. Civ. P. 53 master. Doc. Ent. 254 at 21.

I also took into consideration O'Connor's May 5, 2008 declaration. Doc. Ent. 305 at 33-34; Doc. Ent. 284. In his May 5, 2008 declaration, O'Connor explains what is slowing the initial review process of the M&M disks. Doc. Ent. 284 at 1-2 ¶ 2a. He also claims that "[f]urther delay results because Plaintiffs have refused to provide evidence or specification of which of the items on the M&M Disks have been earlier disclosed or produced." Doc. Ent. 284 at 2 ¶ 2b. O'Connor estimates that "completion of initial review of just the 5,000+ pages on the M&M Disks will require at least an additional 8- to 10 weeks, or until approximately July 15, 2008. Doc. Ent. 284 at 2 ¶ 2c. He states that further time will be required to review other items - likely multiple months. Doc. Ent. 284 at 2 ¶¶ 2d, 2e. O'Connor contends that "[t]his partial initial

review of the M&M Disks is already revealing documents relevant to the issues of this case," which were not produced before January 18, 2008. Doc. Ent. 284 at 3 ¶ 3.

O'Connor alleges deficiencies regarding the production of Jeff Moore's electronic information. Doc. Ent. 284 at 3 ¶¶ 4a, 4b. O'Connor predicts that "more 'missing' Jeff Moore emails exist." Doc. Ent. 284 at 4 ¶ 4c. O'Connor contends that, although emails to and from Moore on the M&M disks suggest the existence of an email exchange server, "[n]o email server, or its contents, has ever been produced by plaintiffs." Doc. Ent. 284 at 4 ¶ 5. He also contends that the M&M disks "do not contain any .pst files for Mark Laethem's e-mails." Doc. Ent. 284 at 4 ¶ 7. He also suggests that QuickBooks information is missing from the ESI log. Doc. Ent. 284 at 4-5 ¶ 8a.

As set forth in my previous report and recommendation (Doc. Ent. 205 at 34-35), the aforementioned filings set forth a myriad of issues raised by the instant motion, aside from defendant's request that the Court dismiss plaintiffs' claims. For example, in its reply defendant states:

> Plaintiffs' belated claims of privilege are "diversions." But they will also require a thorough inquiry into all the facts and circumstances surrounding the creation and subsequent use and distribution of all documents on the disks, because many non-privileged documents reflect on foundational facts necessary to the privilege claims. The Court must also determine whether any privilege has ben waived by disclosure of the allegedly privileged matters in other, nonprivileged communications. The Court must review everything on the disks, and any other ESI Plaintiffs produce.

Doc. Ent. 254 at 5. Defendant also contends that "[e]ach document must be reviewed, 'document-by-document,' **with all the other evidence in this case**, so these exceptions to the attorney-client privilege can be fully explored. Only by considering each document in the context of all the other evidence, can the Court conduct a complete analysis regarding claims

privileges.  The Court must consider how each document is potentially relevant to the claims and defenses in this case in order to accomplish that task."  Doc. Ent. 254 at 6.  Defendant further contends "[t]he Court must review each and every document (not just those on the logs) in a similar fashion and conduct a full evidentiary hearing with direct and cross-examination of witnesses, to explore all evidence which prevents the attorney-client privilege from applying as Plaintiffs claim."  Doc. Ent. 254 at 7.  Later, defendant states, "[a]s this Court reviews each act of misconduct and privilege claim, the Court must keep [plaintiffs'] motive in mind. . . . even if an item first appears to meet the foundation requirements for privilege, the analysis must go on in its document-by-document review of all the documents, to determine whether or not the privilege has been destroyed o[r] waived.  It has."  Doc. Ent. 254 at 8.

I agree that it would be best to tackle these issues step by step.  Judge Lawson has agreed with my conclusion that defendant's motion should be denied to the extent it seeks dismissal of plaintiff's lawsuit and, in accordance with my recommendation, he has referred the issues raised by defendant's motion (such as the need for court inquiry & examination, the propriety of appointment of a special master, and the propriety of an assessment of expenses against plaintiff) back to me for hearing and determination.  These issues are addressed in the following section.

**2.      Defendant's emergency motion to secure withheld and 'missing' evidence, suspend CMO, and other relief is denied in part, deemed resolved in part, and granted in part.**

Defendant's motion is based in part upon Fed. Rules Civ. P. 26 and 37.  Doc. Ent. 223 at 1, 4.  Specifically, defendant relies upon *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d

789 (E.D. La. 2007) (privilege was asserted as to 30,000 documents, totaling nearly 500,000 pages).[11]  Doc. Ent. 223 at 4.

Within its motion, defendant contends there has been "massive withheld and 'missing' evidence", "specious obstructions and objections", "obstruction re[garding] tax returns and underlying records", "obstructing depositions with tardy, inaccessible evidence", a "pattern of discovery misconduct", "prejudice to Deere", and a plan by plaintiffs to create diversion.  Doc. Ent. 223 at 5-20.  Defendants also contend that a "[m]aster should be appointed[.]" Doc. Ent. 223 at 20.

In the end, Deere makes seven (7) specific requests, each of which will be addressed here.  Doc. Ent. 223 at 21-24.  **First,** Deere seeks an order compelling plaintiffs to secure the M&M disks and the Jeff Moore Deposition Ex. 6 disk and deposit them with the Court, along with the Brown & Kent documents.[12]  Defendant asserts that "[s]uch preservation orders are a preferred practice, especially with a spoliation danger."  Doc. Ent. 223 at 21-22 ¶ 1.  In his February 21, 2008, order Judge Lawson provided that "on or before February 27, 2008, counsel for the plaintiffs shall make a mirror image copy of each of the two CD-ROM 'M&M disks,' lodge the originals with the Court, and keep at least one copy of each to furnish to a computer data expert[.]" Doc. Ent. 228 at 2.  Furthermore, as I stated in my August 6, 2008 report and

---

[11]The Court found that "the sample resolution process faithfully implemented by Special Master Rice and Special Counsel Barriere has provided adequate procedural protections." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d at 813-814.

[12]This order assumes the Brown & Kent documents to which defendant refers are the documents that were the subject of Deere's January 31, 2008 motion to compel deposition of Kim Brown CPA, and Brown & Kent, P.C., or strike damages claims (Doc. Ent. 215) and third-party Brown & Kent's motion for order quashing subpoena and/or granting protective order (Doc. Ent. 217).

recommendation, defense counsel received the "missing" Jeff Moore Disk on February 22, 2008 from plaintiffs, and the M&M disks from vendor IVize, LLC on March 7, 2008. Doc. Ent. 284 at ¶¶ 2, 4. As for the Brown & Kent documents, on May 5, 2008, I entered an order granting defendant's January 31, 2008 motion (to compel deposition of Kim Brown CPA, and Brown & Kent P.C., or to strike damages claims) to the extent it sought an order which compelled responses to the documents to be produced attached to the January 15, 2008, second amended notice of taking deposition of Brown & Kent, P.C., and compelled the deposition of Kim Brown, CPA. Doc. Ent. 286 at 33-34. Furthermore, on May 14, 2008 I entered a protective order regarding Brown & Kent, P.C. information (Doc. Ent. 293), and on May 15, 2008 I entered an order regarding non-party Brown & Kent's January 31, 2008 motion to quash the subpoena and/or to grant a protective order (Doc. Ent. 290). Therefore, Deere's first request appears to have been resolved.

**Second,** Deere requests that its counsel "be provided with precise identification of the disks (serial numbers, photographs) and copies of the metadata on each. This does not require revealing the content of documents, but would assist in determining foundational facts for the alleged privileges." Doc. Ent. 223 at 22 ¶ 2. In his February 21, 2008 order, Judge Lawson provided that a software expert would "identify the data on the M&M disks; separate and preserve the data[;] segregate, impound or mask the privileged data; and furnish on some common medium the non-privileged data . . . to counsel for the defendant." Doc. Ent. 228 at 2.[13]

---

[13]This apparently is being handled by IVIZE, LLC. The Court is in possession of an August 29, 2008 letter from Eric P. Mandel, Esq. (IVIZE, LLC Early Case Consultant) to Francis J. O'Donnell, Esq. (plaintiffs' counsel) regarding the status of Laethem ESI Production. At the time of the letter, the process of "making a preservation copy of all ESI on [plaintiffs'] machines[,]" was "currently ongoing." This letter was attached to the sixth declaration of John O'Connor, filed

Along with its February 25, 2008 response to defendant's January 31, 2008 motion to dismiss, plaintiff provided a fourteen (14) page privilege log concerning Mike's disk and Mark's disk which lists 143 documents. Doc. Ent. 235-2, 235-7. Finally, as noted above, defendants received the disks on February 22, 2008 and March 7, 2008. Doc. Ent. 284 ¶¶ 2, 4. Therefore, this request appears to have been resolved.

**Third,** Deere requests that the Court "hold an in-person hearing to require counsel and Plaintiffs to account for the withheld and 'missing' disks, and to show cause why those disks have not been produced with full copies of Deere's counsel." Doc. Ent. 223 at 22 ¶ 3. Along with plaintiffs' February 25, 2008 response to defendant's January 31, 2008 motion to dismiss, plaintiffs' counsel (Ann L. Andrews) provided an affidavit (Doc. Ent. 235-6) upon which I relied in arriving at the recommendation that the Court should conclude that plaintiff's failure to respond to discovery ordered by the Court was not a manifestation of "flagrant bad faith" and "callous disregard" as set forth in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-643 (1976). Doc. Ent. 305 at 26-29. The disks have now been produced to defendants. Therefore, defendant's request for an in-person hearing is denied.

**Fourth,** Deere requests that the Court "appoint a Special Master under [Fed. R. Civ. P. 53 ("Masters") and Fed. R. Evid. 706 ("Court Appointed Experts")] to investigate these facts, report on the facts and circumstances related to the withheld and 'missing' disks, and conduct any privilege review claimed by plaintiffs regarding the disks and the CPAs records, and testimony. The expense of the Special Master should be paid by Plaintiffs." Doc. Ent. 223 at 22

September 29, 2008. Doc. Ent. 317-3. Defense counsel wrote to Mandel in a letter dated September 8, 2008. Doc. Ent. 317-4. Mandel responded to defense counsel in a letter dated September 9, 2008. Doc. Ent. 317-6.

¶ 4.  In support of its request, defendant cites *Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421 (S.D.N.Y. 2002).[14]  Doc. Ent. 223 at 21.  This request is denied without prejudice to reconsideration by Judge Lawson.

**Fifth,** Deere requests that the Amended Case Management Order should be suspended until the above steps 1-4 are completed, and the Court makes final rulings."  Doc. Ent. 223 at 22 ¶ 5.  Judge Lawson entered an amended case management and scheduling order on October 1, 2007.  Doc. Ent. 172.  In his February 21, 2008 order, entered one week after Deere filed the instant motion, Judge Lawson ordered that the October 1, 2007 amended case management and scheduling order "remain in full force and effect.  However, any party may move to modify the order for good cause shown after production and examination of the electronically stored data discussed herein."  Doc. Ent. 228 at 3.  Later, on May 15, 2008, Judge Lawson entered an order which in part vacated the October 1, 2007 order.  Doc. Ent. 291.  Therefore, the Court has already addressed this issue.

**Sixth,** Deere requests that "[t]he procedure and Deere's Motion to Dismiss with Prejudice for Discovery Misconduct (Doc. Ent. 214) should be resolved before other proceedings in the case[,] [as] [a]ll other events depend on this evidence."  Doc. Ent. 223 at 23 ¶ 6.  I assume that defendant is referring to the procedure set forth in Judge Lawson's February 21, 2008 order

---

[14]*Rowe Entertainment, Inc.*, 205 F.R.D. at 432-433 (with respect to privileged and confidential documents, "the defendants retained privileged or confidential documents in electronic form but failed to designate them to specific files.  This situation is analogous to one in which a company fails to shred its confidential paper documents and instead leaves them intermingled with non-confidential, discoverable papers.  The expense of sorting such documents is properly borne by the responding party, and the same principle applies to electronic data.  Accordingly, if any defendant elects to conduct a full privilege review of its e-mails prior to production, it shall do so at its own expense.").

(Doc. Ent. 228). Also, I note the entry of my August 8, 2008 report and recommendation (Doc. Ent. 305); Judge Lawson's August 26, 2008 order (Doc. Ent. 309); and the fact that the only motion which is pending at this time and which was pending when this emergency motion was filed is Defendant's January 31, 2008 motion to dismiss (Doc. Ent. 214),[15] the remainder of which is being dealt with herein. Therefore, the Court can do no more with respect to this request.

Deere's **seventh** request is more intricate. Doc. Ent. 223 at 23-24 ¶ 7. To begin, Deere requests that "[i]f the case is not dismissed, further depositions should also await the final resolution of all issues concerning [Doc. Entries 217, 216, 214 and 215]." Doc. Ent. 223 at 23-24 ¶ 7. Pursuant to Judge Lawson's August 26, 2008 order, this case will not be involuntarily dismissed. Doc. Ent. 309 at 4. Also, Docket Entries 215, 216 and 217 have already been addressed by the Court. Doc. Entries 267[16] and 286. Furthermore, Doc. Ent. 214 is resolved by this order. Therefore, defendant's concern that further depositions should take place after these motions are resolved has been alleviated.

Next, defendant seeks permission to complete the depositions of "Brown and Kent; Thomas Schwartzenberger; the Plaintiffs; Jeff Moore, Judy Reide; lawyers Jack Couzens and David Deutsch and their employees; and any other person revealed in the "M&M Disks" and the "missing" Jeff Moore disk, as well as depositions of any other persons whose identities are revealed and who possess relevant information." Defendant may depose the individuals

---

[15]In between the February 14, 2008 filing of defendant's emergency motion (Doc. Ent. 223) and the present time, the Court has entered several orders, including Doc. Entries 227 (re: 226), 228 (re: 223), 240 (re: 194), 267 (re: 216), 286 (re: 215 & 217), 290 (re: 217), 293 (Protective Order), 291 (re: 256 and 257), 292 (re: 287), and 300(re: 297).

[16]Defendant filed an objection to this order. Doc. Ent. 277.

specifically named; however, if an agreement cannot be reached as to any other depositions which defendant considers related to the three disks, the parties should request that I hold a telephone conference call with counsel to resolve the matter.

Also, defendant contends that plaintiffs should not be permitted any further discovery. Pursuant to Judge Lawson's October 1, 2007, amended case management and scheduling order, the discovery cutoff was January 31, 2008; however, as previously mentioned, this order has been vacated. Doc. Ent. 172; Doc. Ent. 291. Currently pending are plaintiffs' July 14, 2008 emergency motion for order compelling production of defendant's ESI (Doc. Ent. 298) and plaintiffs' August 29, 2008 motion to compel and for sanctions (Doc. Ent. 311). In light of these outstanding discovery motions, defendant's request for an order providing that plaintiffs are not permitted any further discovery is denied.

Furthermore, defendant seeks provisions that "[a]t least fourteen (14) days before any such deposition, the deponent's relevant documents should be produced to counsel for Deere[,]" and "[a]ll documents should be produced by Plaintiffs with the hardware and software necessary in order to access the electronically stored information." I conclude that any depositions which take place must comply with the Federal Rules of Civil Procedure, particularly Fed. R. Civ. P. 30 ("Depositions by Oral Examination.").

Finally, defendant asserts that "Deere should be paid its fees and expenses." Defendant may seek reimbursement of reasonable costs and fees associated with these depositions if Deere is the prevailing party.

**3.      Plaintiffs' counter-motion is granted in part.**

Plaintiff's February 25, 2008 response to defendant's motion to dismiss was also a counter-motion for sealing all papers Deere filed with the Court wherein defense counsel quotes privileged material and for sanctions. Doc. Ent. 235 at 1. Plaintiffs contend that the Court should act to "remove from PACER all motions and briefs defense counsel filed wherein he quotes from privileged documents." They also ask the Court to "invoke severe sanctions for defense counsel's conduct, including a declaration that Deere is liable to Plaintiffs on all claims asserted against them, monetary sanctions to repay Plaintiffs for the legal fees defense counsel has needlessly caused Plaintiffs to incur, and the disqualification of defense counsel from this case for abuse of privileged material." Doc. Ent. 235 at 5.

Elsewhere in its filing, plaintiffs contend that "this Court should remove all of Deere's Briefs from PACER and place them under seal. This Court should sanction Deere by finding that all of Plaintiffs' allegations against Deere are true as a matter of law and require Deere and its counsel to pay the legal fees and costs Plaintiffs' have incurred in this matter as a result of Deere's conduct. Based on defense counsel's bad faith conduct, this Court should severely sanction defense counsel for his conduct, including disqualifying defense counsel from further participation in this case." Doc. Ent. 235 at 21-22. These same assertions are set forth in plaintiffs' response to defendant's February 14, 2008 motion. Doc. Ent. 255 at 11.

My August 6, 2008 report and recommendation stated that if the Court agreed with my conclusion that defendant's motion should be denied to the extent it seeks dismissal of plaintiff's lawsuit, then it should either (1) refer the issues raised by plaintiff's counter-motion back to me for hearing and determination or (2) appoint a special master under Rule 53 to address the remaining issues. Doc. Ent. 305 at 36-37 (Section II.E.6). By his August 26, 2008 order, Judge

Lawson has referred plaintiffs' counter-motion to me for hearing and determination. Doc. Ent. 309.

Upon consideration, plaintiffs' counter-motion is granted in part. Plaintiffs are to confer with defense counsel to identify those matters which plaintiffs believe should be filed under seal. If the parties cannot reach an agreement with respect to the items plaintiffs designate as matters which should be filed under seal, the parties may request that I hold a telephone conference to resolve these issues. At this time, plaintiffs' request for sanctions, including the request for sanctions related to the alleged abuse of privileged material, is denied without prejudice to renewal following the procedure I have described here.

## II.    **ORDER:**

In accordance with the foregoing, the remaining portion of defendant's January 31, 2008 motion to dismiss (Doc. Ent. 214) is DENIED WITHOUT PREJUDICE IN PART and GRANTED IN PART. The defendant's February 14, 2008 emergency motion to secure withheld and "missing" evidence, suspend CMO, and other relief (Doc. Ent. 223) is DENIED IN PART, DEEMED RESOLVED IN PART and GRANTED IN PART. The plaintiffs' February 25, 2008 counter motion (Doc. Ent. 235) is GRANTED IN PART.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives
PAUL J. KOMIVES
Dated:9/30/08        UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 30, 2008.

s/Eddrey Butts
Case Manager