UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAETHEM EQUIPMENT COMPANY,
LAETHEM FARM SERVICE COMPANY
MICHAEL T. LAETHEM and MARK E.
LAETHEM,

          Plaintiffs,

v.                                                   Case No: 05-10113
                                                 Honorable David M. Lawson

DEERE & COMPANY,

          Defendant.
_____/

**MEMORANDUM ORDER OVERRULING OBJECTIONS
TO MAGISTRATE JUDGE'S DISCOVERY ORDER [dkt. #319]**

This matter is before the Court on objections filed by defendant Deere & Company to an order entered by Magistrate Judge Paul J. Komives [dkt. #319], which addressed several discovery motions referred to him. The order, in turn, followed a re-referral of a motion filed by Deere to dismiss for certain discovery abuses, after Judge Komives had filed a report and recommendation on that motion. The Court finds that the defendant's objections lack merit, and therefore they are overruled.

I.

On January 31, 2008, defendant Deere filed a motion for sanctions, which requested dismissal of the plaintiff's lawsuit with prejudice for discovery misconduct. On February 14, 2008 Deere filed an "emergency" motion to secure withheld and "missing" evidence. Therefore, the plaintiffs filed a counter-motion requesting that the Court seal all documents in which the defendant quoted from material claimed by the plaintiffs to be privileged. In a report and recommendation adopted by the Court, the magistrate judge denied the defendant's motion for sanctions to the extent

that it sought dismissal of the lawsuit with prejudice. The Court adopted that report over the defendant's objection and referred the other issues back to the magistrate judge.

In an opinion and order dated September 30, 2008, the magistrate judge granted in part the plaintiffs' counter-motion, setting forth a procedure for identifying the documents whose image should be removed from the docket. In the order, the magistrate judge also denied the defendant's request for an in-person hearing, denied the request for appointment of a special master without prejudice to reconsideration by the Court, and allowed the defendant to depose certain individuals. The magistrate judge denied both parties' requests for additional sanctions, directing the defendant to seek reimbursement of reasonable costs and fees if the defendant ultimately is the prevailing party.

The defendant objected on several grounds. Each will be addressed in turn.

II.

Upon objection, this Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Company*, 333 U.S. 364, 395 (1948).

The defendant's objections require the Court to address eight arguments. The plaintiffs responded to the defendant's objections, raising two arguments. First, they argue that the objections are untimely because they were filed more than a week after ten days elapsed from the magistrate judge's opinion and order. This argument fails because the plaintiff did not count the days according to the allowances in the Federal Rules of Civil Procedure. Judge Komives filed his opinion and order on September 30, 2008. The ten-day period began to run on the following day. *See* Fed. R. Civ. P. 6(a)(1). Excluding the federal holiday Columbus Day and intervening weekends, *see* Fed. R. Civ. P. 6(a)(2), ten days elapsed on October 15, 2008. However, "3 days are added after the period would otherwise expire" when service is made by electronic means. *See* Fed. R. Civ. P. 6(d); *see also* Fed. R. Civ. P. 5(b)(2)(E). The addition of these three days extended the period to Saturday, October 18, 2008, which is automatically extended until the next business day, Monday, October 20, 2008. *See* Fed. R. Civ. P. 6(a)(3). The defendant's objections were filed on October 17, 2008, which is within the time for objecting.

The plaintiffs' second argument is that the defendant has already submitted the arguments raised in its objections to the Court for consideration, and the objections amount to an effort to drive up the cost of litigation. That may be true, but even if it is, the Court still must address the issues in light of the magistrate judge's recent order. If the plaintiffs believe they are entitled to affirmative relief due to bad-faith filings, they no doubt know how to ask for it.

The defendant first argues that the magistrate judge's order "continues a fundamentally flawed process" because it does not address to the defendant's satisfaction its allegation regarding discovery abuse. The defendant urges the Court to take action only after a full evidentiary hearing is held and all privilege claims are addressed. The defendant believes that its proposed procedure

should be followed. However, simply showing that another reasonable approach to an issue exists does not show the magistrate judge's decision is "clearly erroneous." *See Anderson v. City of Bessmer City*, 470 U.S. 564, 573 (1985).

The defendant also argues that the magistrate judge's order erroneously treats as resolved certain issues that remain contested. For example, the defendant argues that it has yet to receive the M&M disks, so the magistrate judge's assumption to the contrary is erroneous. That may have been true as of the date of the order. However, in a letter dated August 29, 2008, the parties' computer expert iVize predicted that the data from all of the plaintiffs' ESI would be ready for a privilege review by the plaintiffs' attorneys by the first week of October 2008. The Court expects the parties to furnish a full report as to the status of this issue at the hearing now scheduled for November 19, 2008, where the defendant's non-production of ESI will be discussed.

The defendant also argues that the order is not clear whether all privilege claims have been waived by the plaintiffs. But it is apparent in the September 30, 2008 order that the global waiver issue was not addressed. And in an order dated October 28, 2008, the Court referred that legal issue to the magistrate judge for a definitive ruling. The defendant's objection on this ground, therefore, is overruled as moot.

In its next objection, the defendant claims that the magistrate judge failed to consider all evidence submitted in connection with the motions. This objection appears to be premised on the defendant's belief that the magistrate judge would have reached a different conclusion had he reviewed the defendant's declarations as cited in its objection. There is nothing in the magistrate judge's opinion and order that disclaims reviewing the appropriate documents; in fact, contrary to the defendant's assertion, the magistrate judge cited the very declarations purportedly unreviewed,

and discussed one of them at length. Perhaps the defendant means to imply that the magistrate judge failed to review all of the *exhibits* to the various declarations. However, the defendant points to no evidence to support this claim. Moreover, it is not even clear that the magistrate judge should have reviewed these documents. Only one of the four declarations cited by the defendant in its objections were cited by the defendant in its briefing, and it was done so in a cursory fashion in a reply brief. The fact that more were not cited is not surprising, as only one of them was part of the record when the briefing was completed. There is no duty imposed on the Court to "'search the entire record'" to find evidence supporting a party's claims. *See Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir. 1989)). The defendant cannot continue to file hundreds of pages of evidence and hope that the Court, *sua sponte*, will review it and find evidence supporting the defendant's claims. This objection lacks merit.

The defendant next argues that privilege issues remain unresolved and no procedure has yet been identified by the magistrate judge for their resolution. Like its other objections, the defendant fails to establish clear error by the magistrate judge. Moreover, any complaint that the defendant has on this issue is now moot, as the Court established a procedure for resolving privilege issues raised by later-filed motions.

Next, the defendant complains that taking a deposition without resolving the privilege issues will lead to waste since it will have to take the depositions multiple times after filing a motion to compel. As a preliminary matter, the defendant has complained about the instructions not to answer in the deposition but has not actually brought a motion to compel or sought other relief addressing that issue. To the extent that this objection is premised on speculation about future directions not

to answer, it is premature. And although the magistrate judge could have ordered discovery at a different juncture or in a different order, the current plan is not clearly erroneous. Moreover, it is unknown at this time how much, if any, the deponents' testimony will involve issues of privilege. If privilege issues come up at the depositions, and those privilege issues are ultimately resolved in the defendant's favor, the defendant may file an appropriate motion to conduct discovery on those issues. In the meantime, the Court directs the parties' attention to the provisions of Federal Rule of Civil Procedure 30(c)(2).

The defendant also objects to the magistrate judge's instruction that the parties confer for the purpose of identifying items to be placed under seal. It argues that the Court previously has prohibited the parties from filing documents under seal without first obtaining leave from the Court to do so. This objection is frivolous. Although on May 15, 2008, the Court ordered the parties not to file items under seal without first obtaining permission from the Court, the defendant fails to explain how an instruction in the magistrate judge's order to identify items for sealing conflicts with the Court's prohibition. To the contrary, the Court's May 15, 2008 order does not speak to the authority of the magistrate judge to file items under seal, and expressly contemplates the Court allowing the filing of items under seal upon a proper showing. The plaintiffs allege that certain documents filed by the defendant contain information protected by the attorney-client privilege. A communication in a court filing protected by the attorney-client privilege is valid grounds for filing that document under seal. *See In re Perrigo Co.*, 128 F.3d 430, 441 (6th Cir. 1997). Moreover, the magistrate judge's order simply was prescribing a procedure to undo the harm caused by defense counsel's conduct. A document over which a party asserts a privilege should not be used and cited in public filings with the Court until the privilege issue is resolved. *See Resolution Trust Corp v.*

*First of America Bank*, 868 F. Supp. 217 (W.D. Mich. 1994); *see also Holland v. Gordy Co.*, 2003 WL 1985800, at *7 (Mich. Ct. App. Apr. 29, 2003). There is no basis for rejecting the magistrate judge's effort to mitigate the consequences of defendant's conduct, and the defendant's objection on this ground lacks merit.

Finally, the defendant contends that a Rule 53 master should be appointed. Again, the defendant fails to identify an erroneous application of law or clear error in judgment by the magistrate judge. The Court finds that appointment of a master is not warranted at this time. Appointment of a special master is a matter of discretion, but without the consent of both parties, it requires an "exceptional condition." Fed. R. Civ. P. 53; *McCormick v. Western Kentucky Nav. Inc.*, 993 F.2d 568, 570 (6th Cir. 1993). Once again, the defendant has not demonstrated error in the magistrate judge's order.

### III.

The Court does not find that the magistrate judge's order of September 30, 2008 [dkt. #319] is clearly erroneous.

Accordingly, it is **ORDERED** that the defendant's objections to the order [dkt. #322] are **OVERRULED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 3, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 3, 2008.

                         s/Felicia M. Moses
                         FELICIA M. MOSES