UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAETHEM EQUIPMENT COMPANY,
LAETHEM FARM SERVICE COMPANY,
MARK E. LAETHEM and
MICHAEL T. LAETHEM,

                                         CASE NO. 2:05-CV-10113
                    Plaintiffs,          JUDGE DAVID M. LAWSON
                                         MAGISTRATE JUDGE PAUL J. KOMIVES

v.

DEERE AND COMPANY,

                    Defendant,

_____/

### REPORT AND RECOMMENDATION REGARDING DEERE'S MOTION FOR SANCTIONS REGARDING DECEMBER 2008 DEPOSITIONS (Doc. Ent. 355)[1]

Table of Contents

I.    RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      A.   Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      B.   Summary of Conclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      C.   Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
           1.   The Court's August 27, 2009 Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
           2.   Defendant's Motion for Sanctions Regarding December 2008 Depositions . . . . . . . . . 5
           3.   The Court Should Deny Defendant's Motion for Sanctions. . . . . . . . . . . . . . . . . . . . . . . 9
                a.   Defendant has failed to establish that its defenses have been materially
                     prejudiced. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
                b.   Defendant has failed to establish that it was unable to obtain information it had a
                     right to seek during the taking of the depositions referred to in its motion. . . 12
                c.   Defendant has failed to establish its allegation that plaintiffs or their counsel
                     caused any estrangement of the joint parties' expert Ivize. . . . . . . . . . . . . . . . 14

III.  NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

_____

[1]Although Deere's motion is entitled a motion for sanctions and is filed pursuant to Fed. Rules Civ. P. 26 and 37 (Doc. Ent. 355 at 1 ¶ 2), its request for relief asserts that "[i]f Deere's defenses have been materially prejudiced by the loss of reliable and complete Plaintiffs' ESI, then Deere still believes that dismissal is the appropriate sanction[,]" Doc. Ent. 355 at 23.  Therefore, I address this motion as a dispositive one pursuant to 28 U.S.C. § 636(b)(1)(B).

I.      **RECOMMENDATION:**  The Court should deny Deere's motion for sanctions

regarding December 2008 depositions.  Doc. Ent. 355.  If the Court accepts the recommendation

that it deny the motion for sanctions, and considering the Court's August 27, 2009 order setting

ESI discovery, witness list and exhibit list deadlines, the Court should enter an order providing

that defendant may, within a period of time set by the court, take the deposition of any of

plaintiffs' trial witnesses who have not already been deposed and file a motion in limine seeking

exclusion of any of plaintiffs' proposed trial exhibits on the ground of spoliation.

II.     **REPORT**:

A.      **Introduction**

        The process of pretrial discovery in this case has seen endless disputes, many of which

are only faintly, if at all, related directly to the causes of action that have been asserted by

plaintiff.[2]  The defendant's motion for sanctions now before the court is a further example of how

discovery has become a veritable "black hole" having the potential to draw in and annihilate the

case itself.  The entitlement of defendant's motion asserts that it is a motion for sanctions

regarding December 2008 depositions, but the first paragraph of the motion alleges that plaintiffs

and their counsel have engaged in misconduct involving "their non-disclosure and withholding

_____

        [2]Plaintiffs Laethem Equipment Company (LEC), Laethem Farm Service Company (LFSC),
Mark Laethem and Michael Laethem filed this lawsuit on April 19, 2005.  This Court's jurisdiction
over the instant case is based upon diversity of citizenship.  28 U.S.C. § 1332(a); Doc. Ent. 1 ¶ 8.
Plaintiffs allege (I) breach of Michigan's Farm and Utility Equipment Act (MFUEA) (in favor of
LEC and LFSC); (II) breach of contract (in favor of LEC and LFSC); (III) tortious interference with
business relationships (in favor of LEC and LFSC); (IV) tortious interference with business
relationships (in favor of plaintiffs Mark Laethem and Michael Laethem); (V) violation of
Michigan's Uniform Trade Secrets Act (in favor of LEC and LFSC); (VI) aiding and abetting
violation of fiduciary duty (in favor of all plaintiffs); and (VII) violation of Michigan's Franchise
Investment Law (in favor of LEC and LFSC).  Doc. Ent. 1.  Defendant answered the complaint on
May 10, 2005.  Doc. Ent. 3.

of ESI; destruction, deletion and corruption of ESI evidence; withholding of other evidence so as to prevent its use during depositions ordered by the Court; estrangement of the joint parties' expert Ivize; and misconduct during the December 2008 Depositions; all in violation of the Court's orders."  Doc. Ent. 355 at 1 ¶ 1.

Defendants' request for relief seeks either outright dismissal of plaintiffs' complaint or various unspecified sums of money as well as directives to plaintiff to somehow "restore" electronically stored data which allegedly has become corrupted.  Doc. Ent. 355 at 23-24.  In addition, defendant seeks an evidentiary hearing so that plaintiffs' counsel may be interrogated under oath regarding their alleged misconduct.

**B.      Summary of Conclusions**

Defendant's foregoing requests for relief are all predicated upon the equivocal assertion stated at the beginning of the request for relief, "[i]f Deere's defenses have been materially prejudiced by the loss of reliable and complete Plaintiffs' ESI . . .[.]"  Doc. Ent. 355 at 23.

After reviewing the motion papers,  I conclude that defendant has failed to establish that its defenses have been materially prejudiced.  Plaintiffs' counsel has refuted to my satisfaction the contention of defense counsel that they engaged in spoliation of material that plaintiff had been ordered to produce during pretrial discovery.  Mindful of the Court's August 27, 2009 order setting a exhibit list deadlines, I am recommending that the court enter an order providing defendant with an opportunity to file a motion in limine if counsel conclude that grounds such as spoliation exist to support such a motion.

I also conclude that defendant has failed to establish that it was unable to obtain information it had a right to seek during the taking of the depositions referred to in its motion.  I

note that defendant is free to move for leave to redepose a witness if it can show good cause as required under Fed. R. Civ. P. 30(a)(2)(A)(ii).  Mindful of the Court's August 27, 2009 order setting witness list deadlines, I note that I am recommending that the Court enter an order providing defendant with an opportunity to depose any trial witness who has not already been deposed.

Lastly, I conclude that defendant has failed to establish its allegation that plaintiffs or their counsel caused any estrangement of the joint parties' expert Ivize and that the joint expert's motion seeking to withdraw from the case was, as set forth by his attorney, caused by defendant's actions which required him to spend more in legal fees responding to discovery and defending depositions than he made serving as an expert in the case.  *See* Doc. Ent. 363 at 6, 11.

**C.     Analysis**

**1.      The Court's August 27, 2009 Order**

My analysis of defendant's pending motion for sanctions is prefaced by the Court's August 27, 2009 order.  To begin, Judge Lawson overruled the parties December 11, 2008 objections (Doc. Entries 348, 349) to my November 21, 2008 order (Doc. Ent. 341) regarding defendant's April 7, 2008 motion to compel (Doc. Ent. 274).  Doc. Ent. 387 at 32.

Furthermore, Judge Lawson ruled upon the parties' reciprocal motions to compel discovery of electronically stored information.  Specifically, he denied defendant's motion to compel compliance with the court's prior orders regarding the plaintiffs' final privilege log (Doc. Ent. 372).  Doc. Ent. 387 at 32.  Also, Judge Lawson granted in part and denied in part defendant's motion to compel production of the plaintiffs' electronically stored information and challenge to the plaintiffs' assertion of the attorney-client privilege (Doc. Ent. 312).  In so doing,

he ruled that "[t]he assertion of the attorney-client privilege as to [certain] documents stored on the J.D. Vision server, and as to other documents listed in Tab D of the defendant's challenges to the privilege log sent before June 2, 2002 and not otherwise discussed herein, is deemed waived." Doc. Ent. 387 at 33.[3]

Additionally, the Court set case management dates. Specifically, Judge Lawson provided that discovery of ESI shall be completed on or before October 31, 2009; a list in the form required by Fed. R. Civ. P. 26(a)(3) of the witnesses (both lay and expert) whom a party may call to testify, and exhibits, shall be filed with the Clerk of the Court and served on opposing counsel on or before November 18, 2009; motions *in limine* must be filed by December 8, 2009; the final pretrial conference shall take place on January 5, 2010; the proposed joint final pretrial order must be submitted to chambers (and not e-filed) before the close of business on December 29, 2009; and the trial shall commence on January 19, 2010. Doc. Ent. 387 at 33-34.

**2.     Defendant's Motion for Sanctions Regarding December 2008 Depositions**

**a.**     Currently pending before the Court is Deere's December 29, 2008 motion for sanctions regarding December 2008 depositions. Doc. Ent. 355.[4] Defendant argues that (A) "Plaintiffs have been hiding their incomplete ESI log[;]"[5] (B) "[t]ardy production of chain of custody

---

[3]Within this order, Judge Lawson discussed review of privilege log claims and challenges. Doc. Ent. 387 at 18-30. He specifically address documents not designated as sent "to" or received "from" anyone (Doc. Ent. 387 at 19-22); documents found on the authored by J.D. Vision server (Doc. Ent. 387 at 22-24); documents sent from one plaintiff to the other (Doc. Ent. 387 at 24-25); documents sent before June 6, 2002 (Doc. Ent. 387 at 25-28); the crime-fraud exception (Doc. Ent. 387 at 28-29); and waiver by communication to third parties (Doc. Ent. 387 at 29-30).

[4]Judge Lawson has referred this motion to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Doc. Ent. 365.

[5]Attached to defendant's motion is Plaintiffs' ESI Log. Doc. Ent. 355-15.

evidence shows intentional delays and more misrepresentations – only nine (9) computers in

August 2008[;]" (C) "[m]ore delays and destruction of evidence – 22 CDs in October 2008[;]"[6]

(D) "Ivize Returns only 10 disks - no documentation[;]" (E) "[m]ore undisclosed ESI never put

on plaintiffs' ESI log[;]" (F) "[e]ffect on ESI evidence and Ivize withdrawal threat[;]" (G)

"[p]laintiffs obstructed the depositions with excessive objections, speaking objections,

suggesting responses and directions not to answer[;]" and (H) "AFTER a witness's testimony

has become material in a case, Plaintiffs' counsel have formed an 'attorney-client' relationship

with the witness, and then used 'privilege' or 'work product' to withhold material evidence."

Doc. Ent. 335 at 4, 9-23.

Specifically, defendant's motion seeks multiple forms of relief:

> If Deere's defenses have been materially prejudiced by the loss of reliable
> and complete Plaintiffs ESI, then Deere still believes that dismissal is the
> appropriate sanction.  Short of that, and Plaintiffs should be required to account
> for all contacts with Ivize to pay all expenses associated with these electronic
> discovery disputes, at least since the entry of Order Doc. 328 dated February 21,
> 2008, which required them to secure their ESI and preserve it.  Plaintiffs should
> also be required to bear the expense of the additional work which will now need
> to be done in order to locate and preserve Plaintiffs' ESI, assess its present
> condition and state of corruption and restore it in compliance with EDRM
> standards (if that can be done),[7] and to sue that evidence for further pre-trial
> preparation (repeating that which should have been completed in discovery-in-
> chief in years ago, if Plaintiffs had disclosed their evidence as required by the
> Federal Rules, the Court's earlier Case Management Orders, and the Court's
> earlier ESI Orders).  If the Court deems further investigation is necessary on
> theses issues, then Plaintiffs should also pay for that.  A live, in person, show
> cause hearing, including Honigman personnel, should be held regarding

---

[6]Attached to defendant's motion is an October 6, 2008 unsigned Ivize Chain of Custody form regarding 22 CDs.  Doc. Ent. 355-11.

[7]Attached to defendant's motion are EDRM Guidelines and Standards and Ivize Participation. Doc. Ent. 355-12.  Defendant also provides Second Principles - Electronic Document Production Excerpts.  Doc. Ent. 355-13.

Plaintiffs' misconduct. An adverse inference is also warranted. All privilege claimed regarding undisclosed ESI should be deemed waived.

Finally, the earlier finding and sanction against Deere (Doc. 78) should be vacated. It was based upon representations to the Court back in April 1, 2006, that Plaintiffs had produced 'everything in existence' (Doc. 79, p. 4; 'to the best of her ability.' (Doc. 78, p. 6). It is now abundantly clear that representation is not, and never was true.

Doc. Ent. 355 at 23-24.

**b.**    In their January 15, 2009 response, plaintiffs allege that the ESI in their possession consists of (1) 22 CD Backups;[8] (2) Laethem Computers; (3) New Computers; (4) Server; (5) the 10 Working Disks Mike and Mark Used for Review; (6) M&M Disks/Missing Jeff Moore Disk; and (7) Remaining media listed on the ESI Log (Doc. Ent. 355, Exhibit M, Deposition Exhibit 290.). Doc. Ent. 369 at 3-9.

Plaintiffs respond that (A) "[d]efendant attempts to mislead the Court claiming that plaintiffs did not comply with EDRM, Sedona, and professional 'standards'[;]" (B) "[p]laintiffs' ESI log is complete and accurate[;]" (C) "[plaintiffs] did not violate the Court's order - nine-step procedure (Doc. 296) or obstruct the purported June 5, 2008 statement of work[;]" and (D) "[p]laintiffs did not cause Ivize to withdraw, did not obstruct depositions, and did not create surreptitious relationships to hide evidence[.]" Doc. Ent. 369 at 9-21.

Plaintiffs contend that "[d]efendant's [m]otion for sanctions was filed in an attempt by [d]efense [c]ounsel to divert attention from his own misconduct. The Motion is frivolous

---

[8]Attached to plaintiffs' response is the January 15, 2009 declaration of Matthew L. Tuck, Litigation Support Department Manager at the Detroit office of Honigman Miller Schwartz and Cohn LLP. Doc. Ent. 369-2.

pursuant to [Fed. R. Civ. P.] 11(1).  The Court should dismiss the Defendant's motion and grant

Plaintiffs their costs and attorney fees for having to respond to it."  Doc. Ent. 369 at 21.

**c.**      In its January 30, 2009 reply, defendant submits an ESI Time Line with Source Notes

revised on January 30, 2009.  Doc. Ent. 374-3.  According to defendant, this time line "trac[es]

what Deere **did** know and what Deere and the Court did **not** know, regarding Plaintiffs'

continued hiding of their ESI."  Doc. Ent. 374 at 2 (emphasis in original).

> Furthermore, defendant highlights certain statements:
>
> Desperate to hide their own misconduct, Plaintiffs' counsel now falsely accuse
> Deere's counsel of "preparing false spreadsheet exhibits" and "manufactured false
> evidence."
>
> The Electronic Discovery Research Model (EDRM) is admitted by Plaintiffs, in
> their Response Brief (Doc. 369), to be "an e-discovery standard[.]"
>
> Plaintiffs never deny the existence of the withheld undisclosed devices and ESI;
> they just refuse to acknowledge any duty to disclose them, or to supplement their
> discovery responses under Rule 26.[9]
>
> The Meet and Confer process in this case was sabotaged by Plaintiffs' secret
> agreement with Mr. Mandel, made without knowledge of Deere or the Court,
> back in July 2008.
>
> Plaintiffs admit that they have "hidden" and "deleted" ESI and the evidence
> regarding preservation and copying of ESI.
>
> Plaintiffs propose a unique proposition: that, by their own misconduct, they may
> corrupt the genuineness and authenticity of evidence, and then use that result of
> their own misconduct as a reason why Deere will not be able to use the evidence,
> and the Court must "*exclude it*."
>
> The Stipulated Order for ESI Production Methodology (Doc. 296) still stands.
>
> Plaintiffs admit that they did not turn over "all" of their ESI, as represented to the
> Court at the September 4 Status Conference.

---

[9]Attached to defendant's reply is Plaintiffs' ESI Log 4/3/08.  Doc. Ent. 374-4.

Plaintiffs production is not "tardy;" there has been no production of Plaintiffs' ESI.

The conduct at the December 2008 depositions w[as] proper, both in scope and in manner.

In addition, Deere's engagement of ESI expert, Rebecca Hendricks, is not misconduct.

Doc. Ent. 374 at 2-6.

Defendant concludes that plaintiff has admitted the following:

More than one year after being ordered to do so, Plaintiffs have provided no supplemental ESI production.

They have instituted no written "hold" to secure their ESI.

Plaintiffs have spoliated their ESI, by improper preservation and copying methods, and then intentionally "shredded" and "deleted" the evidence and media used by them to mix up the "originals" and the "copies" such that not even they know which is which, and who has which.

There is no Plaintiffs' updated ESI Log, under the Magistrate Judge's Order Doc. 341; there is no "Final" Privilege Log under Order Doc. 341.

The present location of Plaintiffs' ESI is unknown, and Plaintiffs are now contending that its authenticity and genuineness may have been so corrupted by their own misconduct, that its admissibility has been fatally harmed.

Doc. Ent. 374 at 6.  Defendant contends that "[s]anctions are necessary to stop this[,]" and

"Deere should be granted the relief sought in its Motion."  Doc. Ent. 374 at 6.

**3.      The Court Should Deny Defendant's Motion for Sanctions.**

**a.      Defendant has failed to establish that its defenses have been materially prejudiced.**

Some of defendant's arguments mention the spoliation of evidence.  For example,

defendant alleges "[m]ore delays and destruction of evidence – 22 CDs in October 2008."  Doc.

Ent. 355 at 12-14.  Within this argument, defendant claims that "a document created by Michael

Laethem for use by Jeff Moore, was **intentionally 'shredded'** by Michael Laethem, and not preserved." Doc. Ent. 355 at 13 (emphasis in original). In support of this statement, defendant cites to Michael Laethem's December 23, 2008 deposition testimony. Doc. Ent. 355 at 13; Doc. Ent. 355-10. Citing the Court's February 21, 2008 order pursuant to status conference concerning certain ESI (Doc. Ent. 228), defendant asserts that "[t]his violates the orders earlier entered by the Court requiring that information regarding ESI, and the ESI, be secured and preserved." Doc. Ent. 355 at 13.

Defendant also alleges "Ivize returns only 10 disks - no documentation." Doc. Ent. 355 at 14-15. Within this argument, defendant cites the December 23, 2008 deposition of Michael Laethem (Doc. Ent. 355-10) and contends that "a cavalier attitude, both toward EDRM guidelines and standards as well as those to the requirements of the existing Court orders, increases the likelihood that the ESI evidence and metadata have been permanently corrupted[.]" Doc. Ent. 355 at 15.

Additionally, defendant discusses "[m]ore undisclosed ESI never put on plaintiffs' ESI log." Doc. Ent. 355 at 15-17. Citing Michael Laethem's deposition (Doc. Ent. 355-10), as well as plaintiffs' ESI log (Doc. Ent. 355-15), defendant claims that "Michael Laethem could not have [added the Line Alpha Designations on plaintiffs' ESI chart], but is now attempting to 'fill in' untrue facts to disguise Plaintiffs' spoliations and nondisclosures." Doc. Ent. 355 at 16. Furthermore, citing Michael Laethem's deposition (Doc. Ent. 355-10), defendant claims that "after making the transfer of the ESI to the 'new' computers, the newly created ESI file was intentionally **deleted** from the server[.]" Doc. Ent. 355 at 17 (emphasis in original). Defendant argues that "[t]his spoliation is another specific violation of the earlier orders by the Court to

10

secure such ESI, to avoid any spoliation, and to disclose fully ESI related to the case. Restoration is impossible."  Doc. Ent. 355 at 17.

In response, plaintiffs argue that "[d]efendant attempts to mislead the Court claiming that plaintiffs did not comply with EDRM, Second, and professional 'standards'[.]" Doc. Ent. 369 at 9-11.  Within this argument, plaintiffs claim that "the manual copying used by Plaintiffs did not corrupt the metadata on the 22CDs."  Doc. Ent. 369 at 11.[10]

Plaintiffs also argue that their ESI log is complete and accurate.  Doc. Ent. 369 at 12-14. Within this argument, plaintiffs contend that "[d]efendant's claim that Plaintiffs have 'hidden' or 'deleted' ESI from its ESI Log is mere imagination."  Doc. Ent. 369 at 12.  According to plaintiffs, "Defendant claims that by excluding irrelevant ESI from the ESI Log, Plaintiffs have violated the Court's Order, and that Defendant is now entitled to obtain a copy of Plaintiffs' previous drafts of their ESI Log to determine those 'hidden' or 'deleted' ESI items."  Doc. Ent. 369 at 12-13.  Plaintiffs do not agree.  Doc. Ent. 369 at 13.  Plaintiffs also disagree that "Plaintiffs' failure to identify materials from Ivize (**'ten (10) or more spreadsheet Excel summaries'**), and newly purchased computers on its ESI Log [are] violations of the Court's Orders."  Doc. Ent. 369 at 14 (emphasis in original).

Plaintiffs also argue that they "did not violate the Court's order - nine-step procedure (Doc. 296) or obstruct the purported June 5, 2008 statement of work[.]"  Doc. Ent. 369 at 14-19. Plaintiffs claim that they "with the counsel of Ivize, selected the data it should forward to Ivize

---

[10]In support of this statement, plaintiffs refer to Tuck's declaration.  Doc. Ent. 369 at 11. Among other things, Tuck states, "[a]n allegation has been made by the defense that in the process of copying some backup CD-Rom disks, Plaintiffs have corrupted the disks and metadata on those disks.  This assertion is not correct."  Doc. Ent. 369-2 at 2 ¶ 2.

11

for processing that Plaintiffs could not properly perform without corrupting ESI."  Doc. Ent. 369 at 16.

In its reply, defendant argues, among other things, that "[p]laintiffs admit that they have 'hidden' and 'deleted' ESI and the evidence regarding preservation and copying of ESI."  Doc. Ent. 374 at 7 (footnote omitted).  Defendant also states that "[p]laintiffs propose a unique proposition: that, by their own misconduct, they may corrupt the genuineness and authenticity of evidence, and then use that result of their own misconduct as a reason why Deere will not be able to use the evidence, and the Court must *exclude it*."  Doc. Ent. 374 at 4.  Also, defendant contends that "Plaintiffs admit that they did not turn over 'all' of their ESI, as represented to the Court at the September 4, Status Conference."  Doc. Ent. 374 at 5.[11]

Nonetheless, I conclude that defendant has failed to establish that its defenses have been materially prejudiced.  Plaintiffs' counsel has refuted to my satisfaction the contention of defense counsel that they engaged in spoliation of material that plaintiff had been ordered to produce during pretrial discovery.  Mindful of the Court's August 27, 2009 order setting exhibit list deadlines, I am recommending that the Court enter an order providing defendant with an opportunity to file a motion in limine if counsel conclude that grounds such as spoliation exist to support such a motion.

**b.      Defendant has failed to establish that it was unable to obtain information it had a right to seek during the taking of the depositions referred to in its motion.**

---

[11]Citing its response to the motion to withdraw (Doc. Ent. 370), defendant claims that plaintiffs "delete ESI whenever they choose[.]" Doc. Ent. 374 at 5.

On November 19, 2008, Judge Lawson entered an order overruling plaintiffs' objections to my November 10, 2008 order.  Doc. Ent. 339.  The November 10th order permitted defendant to notice eleven (11) depositions.  Doc. Ent. 327.

Attached to defendant's motion are transcripts from several December 2008 depositions: Kathryn Laethem (December 2, 2008 [Doc. Ent. 355-3]); Jeff Moore (December 3, 2008 [Doc. Ent. 355-4]); Thomas Schwartzenberger (December 10, 2008 [Doc. Ent. 355-5]); Kim Brown, CPA (December 11, 2008 [Doc. Ent. 355-6]); Jack Couzens (December 15, 2008 [Doc. Ent. 355-7]); David Deutsch (December 16, 2008 [Doc. Ent. 355-8]); Mark Laethem (December 22, 2008 [Doc. Ent. 355-9]); and Michael Laethem (December 23, 2008 [Doc. Ent. 355-10]).  Also attached to defendant's motion are "Objections/Directions Not to Answer at December Depositions of Brown, Couzens, Deutsch, Pursley, Mandel and Plaintiffs[.]" Doc. Ent. 355-2; Doc. Ent. 355-14.

Defendant argues that "Plaintiffs obstructed the depositions with excessive objections, speaking objections, suggesting responses and directions not to answer."  Doc. Ent. 355 at 18-19.  According to defendant, "[d]uring the nine depositions, counsel for Plaintiffs and Ivize asserted a combined total of over 600 'objections,' directions not to answer and other interruptions[,] substantially lengthening the depositions[.]" Doc. Ent. 355 at 18; Doc. Ent. 355-14.  Defendant claims "[t]his misconduct violates the Federal Rules and [Judge Lawson's November 3, 2008 order overruling objections to my September 30, 2008 opinion and order]." Doc. Ent. 355 at 19.

Plaintiffs admit that their counsel and counsel for Pursley, Mandel, Couzens, and Deutch "lodged multiple objections during these depositions; however, they were warranted by Defense Counsel's misconduct.  Most of these objections centered on Defense Counsel's repeated

13

attempts to examine witnesses on matters of privilege, and to ask questions exceeding the scope of the Court's Ordered discovery."  Doc. Ent. 369 at 19.

In its reply, defendant refers to its January 20, 2009 response to the motion to withdraw and asserts that "[t]he conduct at the December 2008 depositions w[as] proper, both in scope and in manner."  Doc. Ent. 374 at 6.  In any event, defendant has failed to establish that it was unable to obtain information it had a right to seek during the taking of the depositions referred to in its motion.  I note that defendant is free to move for leave to redepose a witness if it can show good cause as required under Fed. R. Civ. P. 30(a)(2)(A)(ii).  Mindful of the Court's August 27, 2009 order setting witness list deadlines, I note that I am recommending that the Court enter an order providing defendant with an opportunity to depose any trial witness who has not already been deposed.

**c.     Defendant has failed to establish its allegation that plaintiffs or their counsel caused any estrangement of the joint parties' expert Ivize.**

Defendant's December 29, 2008 motion puts forth at least two arguments which bear upon its allegation that plaintiffs or their counsel caused estrangement of Ivize.  First, defendant discusses the "[e]ffect on ESI evidence and Ivize withdrawal threat."  Doc. Ent. 355 at 18. According to defendant, "[m]aterial evidence to the case has now been corrupted without documentation and lodged with a third party in Rochester, New York, making its accessibility much more difficult to Deere, and virtually impossible to Plaintiffs' other litigation opponents[.]"

Also, defendant claims that Ivize has been put "in the position of being a self-described 'agent' of Plaintiffs' withholding of evidence under manufactured claims of privilege/work-product, followed by the refusals by Ivize to provide the requested information to Deere

14

voluntarily.  As a result of this estrangement of Ivize, the December 2008 depositions had to be

taken, for which Ivize retained independent counsel, and now is threatening to withdraw in its

capacity as a technical expert to this case."  Defendant notes that, based upon Mark Laethem's

December 22, 2008 testimony that he might have known a month earlier about Ivize's desire to

withdraw,[12] Mark might have learned this information around the time of Judge Lawson's

November 19, 2008 order (Doc. Ent. 339) overruling plaintiffs' objections to my November 10,

2008 order (Doc. Ent. 327) permitting depositions.  According to defendant, "Plaintiffs and Ivize

knew [these depositions] would finally expose this misconduct."

Second, defendant contends that "AFTER a witness's testimony has become material in a

case, Plaintiffs' counsel have formed an 'attorney-client' relationship with the witness, and then

used 'privilege' or 'work product' to withhold material evidence."  Doc. Ent. 355 at 19-23.

Within this argument, defendant argues that "[t]he depositions are one of the 'effects', caused by

Plaintiffs' arranging Ivize's estrangement - unilaterally and secretly assuming a role as

'exclusive' expert for Plaintiffs, and then refusing to provide material information, including

Chain of Custody documentation[.]" It is defendant's position that "Plaintiffs did this to avoid

the supervised on-site copying in the June Statement of Work, and have now deleted or 'hidden'

any evidence necessary to detect spoliation."  Defendant further states that "[t]he 'cause' of the

present situation is the conduct of Ivize and the misconduct of Plaintiffs.  It was not caused by

Deere." Doc. Ent. 355 at 19.  Defendant contends that plaintiffs "have proceeded in violation of

[the Court's June 17, 2008 stipulated protective order], estranging Ivize without Deere's

---

[12]During his December 22, 2008 deposition, Mark Laethem testified that he understood that
Ivize had an intent to withdraw and that within the last month his brother, Michael, had informed
him (Mark) about Ivize's desire to withdraw from the case.  Doc. Ent. 355-9 at 45 (pp. 174-175).

knowledge, and without Court supervision, and then proceeding in a non-EDRM-compl[ia]nt method which does not follow the Order[.]" Doc. Ent. 355 at 23.  Defendant concludes that "[i]t may be very, very difficult to obtain any substitute technical expert willing to deal with Plaintiffs' ESI in its presently corrupted condition.  Because Plaintiffs' ESI cannot be certified as 'complete' (and under EDRM standards that may now not be possible), Deere's defenses have been irretrievably damaged and possibly destroyed.  That prejudice to Deere is a bell which cannot now be unrung." Doc. Ent. 355 at 23.

On December 30, 2008, the day after defendant filed the instant motion for sanctions, Ivize filed a motion to withdraw as electronic discovery expert and for protective order forbidding additional discovery.  Doc. Ent. 363.  Within this motion, Ivize set forth two issues for consideration:

> Issue I:      Defendant has caused non-party, e-discovery expert Ivize to incur substantial and wasteful expense responding to Defendant's discovery.  Consequently, Ivize wishes to withdraw as an e-discovery expert in this case. The 13th Amendment of the Constitution prohibits involuntary servitude, and there is no contractual agreement or other obligation requiring Ivize to continue in its role here. May Ivize withdraw?

> Issue II:     Non-party, e-discovery expert Ivize has already incurred substantial and undue expenses responding to Defendant's improper discovery that should have been sought from Plaintiffs directly, if at all. Ivize believes that Defendant will seek additional similar discovery from Ivize unless a protective order forbidding additional discovery is issued. Is Ivize entitled to a protective order?

Doc. Ent. 363 at 4.  On March 5, 2009, Judge Lawson entered an order granting Ivize's motion to withdraw and allowing Ivize to withdraw subject to conditions.  Doc. Ent. 379.

16

Plaintiffs claim "[t]he end result of Defendant's abusive discovery tactics was Ivize's motion to withdraw[.]" Doc. Ent. 369 at 20.  In making this statement, plaintiffs cite the December 19, 2008 deposition testimony of Eric P. Mandel, wherein he cited the primary reason for Ivize's desire to withdraw is "the belief that continuing ongoing participation will cost more money in legal fees in having to defend against depositions like this and like Mr. Pursley and other depositions than IVIZE will ever be able to make in continuing to provide services in connection with this case."  Mandel further explained that "[i]t is because of the actions taken by Deere's counsel."  Doc. Ent. 354-7 at 54.  It is plaintiffs' position that "Defense Counsel's conduct is the sole cause of Ivize withdrawing from this case[.]"  It is also plaintiffs' position that "Defendant's assertion that Plaintiffs caused its attorneys to form an attorney-client relationship with Brown & Kent P.C. to hide evidence by asserting 'work product' and 'privilege' is delusional."  Doc. Ent. 369 at 20.

Among defendant's arguments in reply are that "[t]he Meet and Confer process in this case was sabotaged by Plaintiffs' secret agreement with Mr. Mandel, made without knowledge of Deere or the Court, back in July 2008."  Doc. Ent. 374 at 3.  Also, referring to its January 20, 2009 response to the motion to withdraw, defendant replies that "[t]he conduct at the December 2008 depositions w[as] proper, both in scope and in manner[,]" and "[s]tatements from Mr. Mandel regarding Ivize's withdrawal should be ignored.  They are the statements of a secretly retained 'exclusive' expert, who was fired by Ivize as soon as his misconduct became known."  Doc. Ent. 374 at 6.[13]

---

[13]Mandel ceased being an Ivize employee on December 12, 2008.  Doc. Ent. 354-7 at 3.

However, I conclude that defendant has failed to establish its allegation that plaintiffs or their counsel caused any estrangement of the joint parties' expert Ivize. Furthermore, Ivize's motion to withdraw was, as set forth by Ivize's attorney, caused by defendant's actions which required him to spend more in legal fees responding to discovery and defending depositions than he made serving as an expert in the case. Doc. Ent. 363 at 6, 11.

**III.   NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

18

8/31/09                          s/Paul J. Komives
DATE                             PAUL J. KOMIVES
                                 UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on August 31, 2009.

s/Eddrey Butts
Case Manager