UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAETHEM EQUIPMENT COMPANY,
LAETHEM FARM SERVICE COMPANY
MICHAEL T. LAETHEM and MARK E.
LAETHEM,

                  Plaintiffs,

v.

DEERE & COMPANY,

                  Defendant.

                                   /

Case No: 05-10113
Honorable David M. Lawson
Magistrate Judge Paul J. Komives

## ORDER SUSTAINING IN PART PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER [dkt #399]

Presently before the Court are the objections filed by the plaintiffs to the order entered on October 28, 2009 by Magistrate Judge Paul J. Komives granting in part a motion by the defendant to compel the production of documents. The documents sought by the defendant appear to be among those I discussed in my order of August 27, 2009, which dealt with the electronically stored information (ESI) that had taken center stage in this litigation to the exclusion of the issues of substance that remain unresolved. In that order, I rejected the parties' course of action that resulted in the submission of a "sample" of the documents deemed privileged because it contravened my order of October 28, 2008, which required the plaintiffs to identify each document on its privilege log as to which the attorney-client privilege was claimed, followed by the defendant's challenge (if any) to each such claim, and concluded with the plaintiffs "furnish[ing] the disputed documents, segregated and identified by reference to the privilege log, to the Court for *in camera* review." Order [dkt. #324] at 2. Since the plaintiffs furnished only a small fraction of the documents they

claimed privileged, I deemed all claims of privileged waived as to the unsubmitted documents, and I granted in part the defendant's motion to compel production of the non-privileged documents.

Apparently, the plaintiffs produced only some of the documents that were included within the scope of my compulsion order and redacted others, so the defendant filed another motion to compel [dkt #390]. In response, the plaintiffs argued that some of the withheld documents and redacted items were privileged. I referred the motion to Magistrate Judge Paul Komives, who entered his order [dkt #399] compelling the plaintiffs to produce most of the withheld documents together with full versions of the redacted documents. Judge Komives reasoned that the plaintiffs were attempting to relitigate the substance of the previous motions and churn the privilege argument further.

The plaintiffs object to the order and assert that the magistrate judge misconstrued their argument. They explain that the withheld and redacted portions of documents are replicas of documents that I determined to be privileged, although they are identified by different numbers on the privilege log. The plaintiffs assert that the privileged texts of these documents show up at different locations within the ESI, so they are identified by discrete document numbers. However, the plaintiffs insist that they are identical to the documents I found protected by privilege.

Upon objection, this Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when,

"although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Company*, 333 U.S. 364, 395 (1948).

The magistrate judge is correct in concluding that the present motion ought to provide no opportunity for the plaintiffs to relitigate the substance of any privilege claim that had been brought before the Court previously. However, the defendant's motion to compel likewise should not open doors to documents I have already found to be privileged. Where a written communication is found to be protected by the attorney-client privilege, an identical copy of that document, when challenged, ought to yield the same result, despite a different indexing number for the copy. To treat identical copies of the same document differently based solely on the numerical designation in a data log elevates form over substance in the worst way. If the shoe were on the other foot, I have no doubt that the defendant would be making the identical copy of this argument. I believe it is clearly erroneous to permit such duplicity.

Accordingly, it **ORDERED** that the plaintiffs' objections [dkt #400] to the magistrate judge's order in docket number 399 are **SUSTAINED IN PART**.

It is further **ORDERED** that the plaintiffs' attorney must identify **on or before November 30, 2009** those withheld and redacted documents claimed to be privileged and state specifically that the document or redacted part of a document is an *exact textual duplicate* of a document determined to be privileged by the Court. All other documents ordered produced by the magistrate judge must be furnished to the defendant forthwith.

It is further **ORDERED** that if the defendant desires to challenge plaintiffs' counsel's designation, it may do so by appropriate motion filed **on or before December 7, 2009**.

2:05-cv-10113-DML-PJK   Doc # 409   Filed 11/23/09   Pg 4 of 4   Pg ID 15255

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  November 23, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 23, 2009.

                        s/Teresa Scott-Feijoo  
                        TERESA SCOTT-FEIJOO

-4-